UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-24471

RAISYL CEPERO GARCIA,

    Plaintiff,

vs.

STRATAIR AVIATION SERVICES, LLC,

    Defendant.
_____/

## **COMPLAINT**

Plaintiffs, Raisyl Cepero Garcia, through his undersigned counsel, sues Defendant, StratAir Aviation Services, LLC, as follows:

### *Introduction*

1. Plaintiff, Raisyl Cepero Garcia, worked as a "Warehouse Handler" for Defendant, StratAir Aviation Services, LLC, and filed this lawsuit to obtain recourse for the ways in which it treated him differently and ultimately fired him after he disclosed he had cancer, his treatment, and requested time off from work.

### *Parties, Jurisdiction, and Venue*

2. **Plaintiff, Raisyl Cepero Garcia**, was and is a *sui juris* resident of Miami-Dade County, Florida, at all times material.

3. Mr. Cepero Garcia worked as a "Warehouse Handler" for Defendant.

4. **Defendant, StratAir Aviation Services, LLC,** is a *sui juris* Delaware limited liability corporation that conducts business in Miami-Dade County, Florida.

5. Defendant was and is responsible for the conduct, acts, and omissions of its officers,

1

managers, supervisors, and employees at all times material to this action.

6. Defendant employed more than 50 people in Miami-Dade County for at least 20 weeks during each week relevant to the claims brought by Mr. Cepero Garcia.

7. This is an action for damages greater than $100,000, and this Court has jurisdiction over this matter.

8. This Court has original jurisdiction over Mr. Cepero Garcia's federal question claims under 28 U.S.C. §1331 and pendent/supplemental jurisdiction over Plaintiff's related Florida state law claim(s) under 28 U.S.C. §1367.

9. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant is a foreign corporation that maintains multiple offices within this District and because most of the actions complained of occurred within this District.

### *Factual Background*

10. Defendant describes itself on its website, https://www.stratair.net/about/, as "…a Miami-based freight company specializing in scheduled air freight, charters, ground handling services, and warehousing."

11. While working for the Defendant, Mr. Cepero Garcia developed a blister on his tongue.

12. He had a biopsy performed, which revealed that he had cancer.

13. Mr. Cepero Garcia provided the results of the biopsy to the Defendant in December 2023.

14. Mr. Cepero Garcia requested that he be provided with time off from work to undergo surgery on January 15, 2024, and to then another week recover/recuperate from this procedure.

2

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

15. During a follow-up appointment with his doctor, Mr. Cepero Garcia learned that he would need another fifteen (15) days off from work to recuperate.

16. On January 22, 2025, Mr. Cepero Garcia called the Defendant to inform it of his need for an additional 15 days off from work, offering to provide written documentation from his doctor in support of his request for the additional 15 days off from work to recover from his surgery.

17. During that same call, the Defendant denied Mr. Cepero Garcia's request for time off and, during a follow-up call later that same day, terminated his employment.

18. All conditions precedent were performed by Mr. Cepero Garcia, occurred, or were waived by the Defendant, including dual-filing a Charge(s) of Discrimination with the EEOC and the FCHR.

19. More than 180 days have elapsed since he filed his Charge of Discrimination, and he has filed this Complaint within 90 days of the EEOC's issuance of the Notice of Right to Sue to Plaintiff. (Exhibit "A".)

20. Mr. Cepero Garcia agreed to pay his counsel a reasonable attorney's fee for all services rendered.

## COUNT I –DISABILITY DISCRIMINATION
## IN VIOLATION OF TITLE I OF THE ADA

Plaintiff, Raisyl Cepero Garcia, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

21. The Americans with Disabilities Act of 1990, *see* 42 U.S.C. §12101, *et seq.*, as well as the 2009 amendments thereto ("ADA"), prohibit employers from discriminating against qualified individuals because of an actual or perceived disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job

3

training, and other terms, conditions, and privileges of employment." 42 U.S.C. §12112.

22. Defendant was an "employer", as the term is defined by the ADA, at all times material to this action.

23. Title I of the ADA prohibits an employer from discriminating against "a qualified individual on the basis of disability." 42 U.S.C. § 12112(a).

24. The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; ... or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1)

25. By definition, a "major life activity" includes the following activities:

(1) In general. Major life activities include, but are not limited to:

(i) Caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, interacting with others, and working; and

(ii) The operation of a major bodily function, including functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions. The operation of a major bodily function includes the operation of an individual organ within a body system.

(2) In determining other examples of major life activities, the term "major" shall not be interpreted strictly to create a demanding standard for disability. ADAAA section 2(b)(4) (Findings and Purposes). Whether an activity is a "major life activity" is not determined by reference to whether it is of "central importance to daily life."

29 C.F.R. §1630.2(i).

26. Mr. Cepero Garcia has, nonetheless, always been a "qualified individual" and able to perform the essential functions of his job – either with or without a reasonable accommodation.

27. Mr. Cepero Garcia's cancer diagnosis qualifies as a "disability" under the ADA. *See, e.g.*, 29 C.F.R. § 1630.2(j)(3)(iii).

4

28. Mr. Cepero Garcia was a "qualified individual" with a disability and, accordingly, a member of a class of persons protected from discrimination in employment at all times material.

29. Mr. Cepero Garcia has one or more impairment(s) that substantially limit(s) one or more major life activities due to the nature of his cancer.

30. Mr. Cepero Garcia's cancer substantially limits multiple "major life activities" which include, but are not limited to, speaking, communicating, breathing, tasting, eating, and/or working.

31. Upon learning that Mr. Cepero Garcia had cancer, Defendant "regarded" him as disabled because it considered him to have an impairment that substantially limited his ability to work.

32. In response to Mr. Cepero Garcia's request for reasonable accommodations (of time off from work, the Defendant did not request additional information or engage in an interactive process and instead, terminated Mr. Cepero Garcia's employment.

33. Defendant discriminated against Mr. Cepero Garcia "on account of" his (perceived) disability and/or "on account of" his actual disability.

34. Defendant violated the ADA when it refused to accommodate Mr. Cepero Garcia's request for a reasonable accommodation (time off from work) and then fired him because of his disability.

35. Defendant's acts of omission and/or of commission as aforesaid violated the ADA, which prohibits discrimination against persons who are disabled, who have a record of disability, or who are regarded as disabled.

36. As a direct and proximate result of Defendant's intentional discrimination as described above, Mr. Cepero Garcia suffered economic losses, including the loss of wages and

5

benefits, seniority, pension, vacation, and sick leave benefits. In addition, his reputation was harmed and he suffered mental anguish as a direct and proximate result of Defendant's conduct.

37. Defendant's actions have caused and will continue to cause Mr. Cepero Garcia to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, all in an amount to be established at trial.

38. Defendant's actions were undertaken intentionally, willfully, and maliciously with respect to, or with reckless disregard for, Mr. Cepero Garcia's federally protected rights, and he is therefore entitled to punitive damages.

WHEREFORE Plaintiff, Raisyl Cepero Garcia, demand the entry of a judgment in her favor and against Defendant, StratAir Aviation Services, LLC, after trial by jury, for compensatory damages, including for damages to his reputation, emotional distress damages, mental anguish, to be placed in the position he would be in, but for the unlawful discrimination, through either reinstatement or lost past and future wages and employment-related benefits, the grant of injunctive relief prohibiting StratAir Aviation Services, LLC, from discriminating against him, punitive damages, his attorney's fees, costs, and all interest allowed by law, and such other relief as the Court deems just and proper.

## COUNT II – INTERFERENCE WITH FMLA RIGHTS

Plaintiff, Raisyl Cepero Garcia, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

39. Mr. Cepero Garcia worked more than 1250 hours in each relevant 12-month period, making him eligible for leave under the FMLA.

40. Mr. Cepero Garcia informed Defendant that he would need to miss work to obtain medical care resulting from his cancer diagnosis.

6

41. Mr. Cepero Garcia notified Defendant of his need to take a leave of absence either upon or shortly after learning of the need to take leave, which was unforeseeable.

42. Mr. Cepero Garcia also notified Defendant of his need to take a leave of absence for his surgery and subsequent convalescent recovery period.

43. By informing Defendant of his need to miss work due to the serious health condition(s), Mr. Cepero Garcia was entitled to receive the protected medical leave required by the FMLA.

44. Mr. Cepero Garcia's cancer qualified as a "serious health condition" under the FMLA because his injuries required continuing treatment from his health care providers, multiple treatments to receive treatment from his health care providers, and/or required him to miss work for three consecutive days. *See* 29 C.F.R. §§825.113, 825.115.

45. Defendant interfered with Mr. Cepero Garcia's ability to take intermittent and/or extended FMLA leave. *But see* 29 U.S.C. §2615.

46. By interfering with the protected leave Mr. Cepero Garcia was entitled to take under the FMLA, Defendant violated the FMLA.

47. Defendant lacked a reasonable or good faith basis for interfering with Mr. Cepero Garcia's entitlement to take FMLA leave.

48. As a direct and proximate result of Defendant's interference with the protected leave to which Mr. Cepero Garcia was entitled under the FMLA, he suffered damages, including lost wages and benefits, liquidated damages, attorney's fees, and costs.

WHEREFORE Plaintiff, Raisyl Cepero Garcia, demands the entry of a judgment in his favor and against Defendant, StratAir Aviation Services, LLC, after trial by jury, for actual compensatory damages, front pay, back pay, loss of benefits, loss of earning capacity, liquidated

7

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

damages, his attorneys' fees under the FMLA, costs, and all interest allowed by law, and such other relief as the Court deems just and proper.

## **COUNT III – FAILURE TO NOTIFY OF FMLA RIGHTS**

Plaintiff, Raisyl Cepero Garcia, reincorporates and re-alleges paragraphs 1 through 28 as though set forth fully herein and further alleges as follows:

49. Mr. Cepero Garcia worked more than 1250 hours in each relevant 12-month period, making him eligible for leave under the FMLA.

50. Mr. Cepero Garcia informed Defendant that he would need to miss work on an urgent and unexpected basis to obtain medical care resulting from his cancer diagnosis.

51. Mr. Cepero Garcia notified Defendant of his need to take a leave of absence either upon or shortly after learning of the need to take leave, which was unforeseeable.

52. Mr. Cepero Garcia also notified Defendant of his need to take a leave of absence for his surgery and subsequent convalescent recovery period.

53. By informing Defendant of his need to miss work due to the serious health condition(s), Mr. Cepero Garcia was entitled to receive notice of his rights under the FMLA.

54. Mr. Cepero Garcia's injuries qualified as a "serious health condition" under the FMLA because his injuries required continuing treatment from his health care providers, multiple treatments to receive treatment from his health care providers, and/or required him to miss work for three consecutive days. *See* 29 C.F.R. §§825.113, 825.115.

55. Despite its knowledge of Mr. Cepero Garcia's qualifying event for FMLA, Defendant failed to (a) provide him with notice that the leave he requested would qualify as protected leave under the FMLA, (b) notify him of his right to take FMLA leave, and (c) provide him with any paperwork concerning his FMLA rights. *See* 29 C.F.R. §825.300.

8

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

56. Defendant also failed to notify Mr. Cepero Garcia that he could take extended or intermittent FMLA leave FMLA. *See* 29 C.F.R. §825.300.

57. Instead of providing Mr. Cepero Garcia with written FMLA notice of his rights under the FMLA, Defendant attempted to avoid Mr. Cepero Garcia finding out that he had certain rights under the FMLA. *But see* 29 U.S.C. §2615.

58. Defendant lacked a reasonable or good faith basis for failing to notify Mr. Cepero Garcia of his rights under the FMLA leave.

59. As a direct and proximate result of Defendant's failure to notify Mr. Cepero Garcia of his rights under the FMLA, he suffered damages, including lost wages and benefits, liquidated damages, attorney's fees, and costs.

WHEREFORE Plaintiff, Raisyl Cepero Garcia, demands the entry of a judgment in his favor and against Defendant, StratAir Aviation Services, LLC, after trial by jury, for actual compensatory damages, front pay, back pay, loss of benefits, loss of earning capacity, liquidated damages, his attorneys' fees under the FMLA, costs, and all interest allowed by law, and such other relief as the Court deems just and proper.

## **COUNT IV – UNLAWFUL FMLA RETALIATION**

Plaintiff, Raisyl Cepero Garcia, reincorporates and re-alleges paragraphs 1 through 28 as though set forth fully herein and further alleges as follows:

60. Mr. Cepero Garcia worked more than 1250 hours in each relevant 12-month period, making him eligible for leave under the FMLA.

61. Mr. Cepero Garcia informed Defendant that he would need to miss work on an urgent and unexpected basis to obtain medical care resulting from his cancer diagnosis.

62. Mr. Cepero Garcia notified Defendant of his need to take a leave of absence either

9

upon or shortly after learning of the need to take leave, which was unforeseeable.

63. Mr. Cepero Garcia also notified Defendant of his need to take a leave of absence for his surgery and subsequent convalescent recovery period.

64. By informing Defendant of his need to miss work due to the serious health condition(s), Mr. Cepero Garcia was entitled to receive notice of his rights under the FMLA.

65. Mr. Cepero Garcia's cancer diagnosis qualified as a "serious health condition" under the FMLA because his injuries required continuing treatment from his health care providers, multiple treatments to receive treatment from his health care providers, and/or required him to miss work for three consecutive days. *See* 29 C.F.R. §§825.113, 825.115.

66. After Defendant provided Mr. Cepero Garcia with a brief leave to undergo surgery, Defendant retaliated against Mr. Cepero Garcia by terminating his employment by failing to provide him with additional medical leave (that did not exceed the equivalent of 12 workweeks) because he requested antoher fifteen days of medical leave. *But see* 29 U.S.C. §2615.

67. Defendant lacked a reasonable or good faith basis for retaliating against Mr. Cepero Garcia for taking a leave of absence to which he was entitled to receive under the FMLA leave.

68. As a direct and proximate result of Defendant's retaliatory conduct, Mr. Cepero Garcia suffered damages, including lost wages and benefits, liquidated damages, attorney's fees, and costs.

WHEREFORE Plaintiff, Raisyl Cepero Garcia, demands the entry of a judgment in his favor and against Defendant, StratAir Aviation Services, LLC, after trial by jury, for actual compensatory damages, front pay, back pay, loss of benefits, loss of earning capacity, to be placed in the position he would be in but for the unlawful discrimination, through either reinstatement or lost past and future wages and employment-related benefits, liquidated damages, his attorneys' fees

10

under the FMLA, costs, and all interest allowed by law, and such other relief as the Court deems just and proper.

## **COUNT V – VIOLATION OF FRCA**

Plaintiff, Raisyl Cepero Garcia, reincorporates and re-alleges paragraphs 1 through 35 as though set forth fully herein and further alleges as follows:

69. The Florida Civil Rights Act of 1992, Fla. Stat. §760.10, *et seq.*, prohibits employers from discriminating against qualified individuals because of a disability or handicap "in the areas of education, employment, housing, or public accommodations".

70. Defendant was at all times material an "employer", as the term is defined by the FCRA.

71. Mr. Cepero Garcia has, nonetheless, always been a qualified individual and able to perform the essential functions of her job – either with or without a reasonable accommodation.

72. Mr. Cepero Garcia has an impairment that substantially limits multiple "major life activities" which include, but are not limited to, speaking, communicating, breathing, tasting, eating, and/or working.

73. Defendant "regarded" Mr. Cepero Garcia as disabled as a result of its considering her to have an impairment that substantially limits one or more major life activities.

74. Defendant was a "covered entity" that discriminated against Mr. Cepero Garcia "on account of" her (perceived) disability and/or "on account of" his actual disability.

75. Upon learning that Mr. Cepero Garcia had cancer, Defendant "regarded" him as disabled because it considered him to have an impairment that substantially limited his ability to work.

76. In response to Mr. Cepero Garcia's disclosing his cancer diagnosis and request for

11

reasonable accommodations (of time off from work, the Defendant did not request additional information or engage in an interactive process and instead, terminated Mr. Cepero Garcia's employment.

77. Defendant discriminated against Mr. Cepero Garcia "on account of" his (perceived) disability and/or "on account of" his actual disability.

78. Defendant violated the ADA when it refused to accommodate Mr. Cepero Garcia's request for a reasonable accommodation (time off from work) and then fired him because of his disability.

79. Defendant's acts of omission and/or of commission as aforesaid violated the FCRA, which prohibits discrimination against persons who are disabled, who have a record of disability, or who are regarded as disabled.

80. As a direct and proximate result of Defendant's intentional discrimination as described above, Mr. Cepero Garcia suffered economic losses, including the loss of wages and benefits, seniority, pension, vacation, and sick leave benefits. In addition, his reputation was harmed, and he suffered mental anguish as a direct and proximate result of Defendant's conduct.

81. Defendant's actions have caused and will continue to cause Mr. Cepero Garcia to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, all in an amount to be established at trial.

82. Defendant's acts of omission and/or of commission violated the FCRA, which prohibits discrimination against persons who are disabled, who have a record of disability, or who are regarded as disabled.

83. As a direct and proximate result of Defendant's intentional discrimination as described above, Mr. Cepero Garcia suffered economic losses, including the loss of wages and

12

benefits, seniority, pension, vacation, and sick leave benefits. In addition, his reputation was harmed, and he suffered mental anguish as a direct and proximate result of Defendant's conduct.

84. Defendant's actions have caused and will continue to cause Mr. Cepero Garcia to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, all in an amount to be established at trial.

85. Defendant's actions were undertaken intentionally, willfully, and maliciously with respect to, or with reckless disregard for, Mr. Cepero Garcia's federally protected rights, and he is therefore entitled to punitive damages

WHEREFORE Plaintiff, Raisyl Cepero Garcia, demand the entry of a judgment in his favor and against Defendant, StratAir Aviation Services, LLC, after trial by jury, for compensatory damages, including for damages to his reputation, emotional distress damages, mental anguish, to be placed in the position he would be in, but for the unlawful discrimination, through either reinstatement or lost past and future wages and employment-related benefits, the grant of injunctive relief prohibiting StratAir Aviation Services, LLC, from discriminating against him, punitive damages, his attorneys' fees, costs, and all interest allowed by law, and such other relief as the Court deems just and proper.

13

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

**DEMAND FOR JURY TRIAL**

Plaintiff, Raisyl Cepero Garcia, demands a trial by jury of all issues so triable.

Dated this 29[h] day of September 2025.

                                              s/Brian H. Pollock, Esq.
                                              Brian H. Pollock, Esq. (174742)
                                              brian@fairlawattorney.com
                                              FAIRLAW FIRM
                                              135 San Lorenzo Avenue
                                              Suite 770
                                              Coral Gables, FL 33146
                                              Tel:    305.230.4884
                                              *Counsel for Plaintiff*

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*