**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 1:25-cv-24471-KMW**

RAISYL CEPERO GARCIA,

      Plaintiff,

v.

STRATAIR AVIATION SERVICES, LLC,

      Defendant.

_____/

**<u>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT</u>**

      Defendant, StratAir Aviation Services, LLC ("StratAir"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses and states as follows:

*Introduction*

      1.     Plaintiff, Raisyl Cepero Garcia, worked as a "Warehouse Handler" for Defendant, StratAir Aviation Services, LLC, and filed this lawsuit to obtain recourse for the ways in which it treated him differently and ultimately fired him after he disclosed he had cancer, his treatment, and requested time off from work.

      **ANSWER: Defendant denies Paragraph 1 of the Complaint, except to admit that Plaintiff, Raisyl Cepero Garcia worked as a Warehouse Handler for StratAir.**

*Parties, Jurisdiction, and Venue*

      2.     **Plaintiff, Raisyl Cepero Garcia,** was and is a *sui juris* resident of Miami-Dade County, Florida, at all times material.

**ANSWER: Defendant is without knowledge of the allegations contained in Paragraph 2 of the Complaint and therefore denies same.**

3.    Mr. Cepero Garcia worked as a "Warehouse Handler" for Defendant.

**ANSWER: Admitted.**

4.    **Defendant, StratAir Aviation Services, LLC,** is a *sui juris* Delaware limited liability corporation that conducts business in Miami-Dade County.

**ANSWER: Admitted.**

5.    Defendant was and is responsible for the conduct, acts and omissions of its officers, managers, supervisors, and employees at all times material to this action.

**ANSWER: The allegations of paragraph 5 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5 of the Complaint.**

6.    Defendant employed more than 50 people in Miami-Dade County for at least 20 weeks during each week relevant to the claims brought by Mr. Cepero Garcia.

**ANSWER: Admitted.**

7.    This is an action for damages greater than $100,000, and this Court has jurisdiction over this matter.

**ANSWER: Denied, except to admit that this Court has jurisdiction and Plaintiff purports to bring an action for damages greater than $100,000.**

8.    This Court has original jurisdiction over Mr. Cepero Garcia's federal question claims under 28 U.S.C. §1331 and pendent/supplemental jurisdiction over Plaintiff's related Florida state law claim(s) under 28 U.S.C. §1367.

> **ANSWER: Denied, except to admit that Plaintiff purports to bring certain federal claims and the Court may have jurisdiction over some of Plaintiff's purported state law claims.**

9.      Venue is proper pursuant to 28 U.S.C. §13 9 l(b)(ii) because Defendant is a foreign corporation that maintains multiple offices within this District and because most of the actions complained of occurred within this District.

> **ANSWER: Denied, except to admit that venue is proper.**

*Factual Background*

10.     Defendant describes itself on its website, https://www.stratair.net/about/, as " ... a Miami-based freight company specializing in scheduled air freight, charters, ground handling services, and warehousing."

> **ANSWER: Admitted.**

11.     While working for the Defendant, Mr. Cepero Garcia developed a blister on his tongue.

> **ANSWER: Defendant is without knowledge of the allegations contained in Paragraph 11 of Plaintiff's Complaint and therefore denies same.**

12.     He had a biopsy performed, which revealed that he had cancer.

> **ANSWER: Defendant is without knowledge of the allegations contained in Paragraph 12 of Plaintiff's Complaint and therefore denies same.**

13.     Mr. Cepero Garcia provided the results of the biopsy to the Defendant in December 2023.

> **ANSWER: Defendant denies the allegations contained in Paragraph 13 of the Complaint**

14.     Mr. Cepero Garcia requested that he be provided with time off from work to undergo surgery on January 15, 2024, and to then another week recover/recuperate from this procedure.

**ANSWER: Defendant denies the allegations contained in Paragraph 14 of the Complaint**

15.     During a follow-up appointment with his doctor, Mr. Cepero Garcia learned that he would need another fifteen (15) days off from work to recuperate.

**ANSWER: Defendant is without knowledge of the allegations contained in Paragraph 15 of Plaintiff's Complaint and, therefore, denies same.**

16.     On January 22, 2025, Mr. Cepero Garcia called the Defendant to inform it of his need for an additional 15 days off from work, offering to provide written documentation from his doctor in support of his request for the additional 15 days off from work to recover from his surgery.

**ANSWER: Defendant denies the allegations contained in Paragraph 16 of the Complaint.**

17.     During that same call, the Defendant denied Mr. Cepero Garcia's request for time off and, during a follow-up call later that same day, terminated his employment.

**ANSWER: Defendant denies the allegations contained in Paragraph 17 of the Complaint.**

18.     All conditions precedent were performed by l\1r. Cepero Garcia, occurred, or were waived by the Defendant, including dual filing a Charge (s) of Discrimination with the EEOC and the FCHR.

> **ANSWER: Defendant denies the allegations contained in Paragraph 18 of the Complaint.**

19.     More than 180 days have elapsed since he filed his Charge of Discrimination, and he has filed this Complaint within 90 days of the EEOC's issuance of the Notice of Right to Sue to Plaintiff. (Exhibit "A".)

> **ANSWER: Denied, except to admit that Plaintiff filed a Charge with the EEOC, which the EEOC received on August 14, 2024. Plaintiff filed this action within 90 days of the Determination and Notice of Rights Letter dated July 9, 2025.**

20.     Mr. Cepero Garcia agreed to pay his counsel a reasonable attorney's fee for all services rendered.

> **ANSWER: Defendant is without knowledge of the allegations contained in Paragraph 20 of Plaintiff's Complaint and therefore denies same.**

### COUNT I -DISABILITY DISCRIMINATION <br> IN VIOLATION OF TITLE I OF THE ADA

Plaintiff, Raisyl Cepero Garcia, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

21.     The Americans with Disabilities Act of 1990, *see* 42 U.S.C. §12101, *et seq.,* as well as the 2009 amendments thereto ("ADA")**,** prohibits employers from discriminating against qualified individuals because of an actual or perceived disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. §12112.

> **ANSWER: StratAir incorporates its responses to all preceding paragraphs as if fully set forth herein. Paragraph 21 of Plaintiff's Complaint is a legal**

5

**conclusion to which no response is required. To the extent a response is required, Defendant denies the allegation.**

22.     Defendant was an "employer", as the term is defined by the ADA**,** at all times material to this action.

>  **ANSWER: Paragraph 22 of Plaintiff's Complaint is a legal conclusion to which no response is required. To the extent a response is required, Paragraph 22 is denied.**

23.     Title I of the ADA prohibits an employer from discriminating against "a qualified individual on the basis of disability." 42 U.S.C. § 1 2 11 2(a).

>  **ANSWER: Paragraph 23 of Plaintiff's Complaint is a legal conclusion to which no response is required. To the extent a response is required, Paragraph 23 is denied.**

24.     The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; ... or (C) being regarded as having such an impairment." 42 U.S.C. § 121 02(1).

>  **ANSWER: Paragraph 24 of Plaintiff's Complaint is a legal conclusion to which no response is required. To the extent a response is required, Paragraph 23 is denied.**

25.     By definition, a "major life activity" includes the following activities: (l) In general. Major life activities include, but are not limited to:

>  (i)     Caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, interacting with others, and working; and

(ii)   The operation of a major bodily function, including functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions. The operation of a major bodily function includes the operation of an individual organ within a body system.

(2) In determining other examples of major life activities, the term "major" shall not be interpreted strictly to create a demanding standard for disability, ADAAA Section 2(6)(4) (Findings and Purposes). Whether an activity is a "major life activity" is not determined by reference to whether it is of "central importance to daily life."

F.R. §l 630.2(i).

**ANSWER: Paragraph 25 of Plaintiff's Complaint is a legal conclusion to which no response is required. To the extent a response is required, Paragraph 25 is denied.**

26.     Mr. Cepero Garcia has, nonetheless, always been a "qualified individual" and able to perform the essential functions of his job - either with or without a reasonable accommodation.

**ANSWER: Paragraph 26 of Plaintiff's Complaint is a legal conclusion to which no response is required. To the extent a response is required, Paragraph 26 is denied.**

27.     Mr. Cepero Garcia's cancer diagnosis qualifies as a "disability" under the ADA. *See, e.g.*, 29 C.F.R. § 163 0.2u)(3)(iii).

**ANSWER: Paragraph 27 of Plaintiff's Complaint is a legal conclusion to which no response is required. To the extent a response is required, Paragraph 27 is denied.**

28.     Mr. Cepero Garcia was a "qualified individual" with a disability and, accordingly, a member of a class of persons protected from discrimination in employment at all times material.

>  **ANSWER: Paragraph 28 of Plaintiff's Complaint is a legal conclusion to which no response is required. To the extent a response is required, Paragraph 28 is denied.**

29.     Mr. Cepero Garcia has one or more impairment(s) that substantially limit(s) one or more major life activities due to the nature of his cancer.

>  **ANSWER: Defendant is without knowledge of the allegations contained in Paragraph 29 of Plaintiff's Complaint and therefore denies same.**

30.     Mr. Cepero Garcia's cancer substantially limits multiple "major life activities" which include, but are not limited to, speaking, communicating, breathing, tasting, eating, and/or working.

>  **ANSWER: Defendant is without knowledge of the allegations contained in Paragraph 30 of Plaintiff's Complaint and therefore denies same.**

31.     Upon learning that Mr. Cepero Garcia had cancer, Defendant "regarded" him as disabled because it considered him to have an impairment that substantially limited his ability to work.

>  **ANSWER: Defendant denies the allegations contained in Paragraph 31 of the Complaint.**

32.     In response to Mr. Cepero Garcia's request for reasonable accommodations (of time off from work, the Defendant did not request additional information or engage m an interactive process and instead, terminated Mr. Cepero Garcia's employment.

>  **ANSWER: Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.**

33.     Defendant discriminated against Mr. Cepero Garcia "on account *of*" his (perceived) disability and/or "on account of" his actual disability.

>   **ANSWER: Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.**

34.     Defendant violated the ADA when it refused to accommodate Mr. Cepero Garcia's request for a reasonable accommodation (time off from work) and then fired him because of his disability.

>   **ANSWER: Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.**

35.     Defendant's acts of omission and/or of commission as aforesaid violated the ADA, which prohibits discrimination against persons who are disabled, who have a record of disability, or who are regarded as disabled.

>   **ANSWER: Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.**

36.     As a direct and proximate result of Defendant's intentional discrimination as described above, Mr. Cepero Garcia suffered economic losses, including the loss of wages and benefits, seniority, pension, vacation, and sick leave benefits. In addition, his reputation was harmed and he suffered mental anguish as a direct and proximate result of Defendant's conduct.

>   **ANSWER: Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.**

37.     Defendant's actions have caused and will continue to cause Mr. Cepero Garcia to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, all in an amount to be established at trial.

> **ANSWER: Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.**

38.     Defendant's actions were undertaken intentionally, willfully, and maliciously with respect to, or with reckless disregard for, Mr. Cepero Garcia's federally protected rights, and he is therefore entitled to punitive damages.

> **ANSWER: Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 38 of the Complaint.**

**WHEREFORE** Plaintiff, Raisyl Cepero Garcia, demand the entry of a judgment in her favor and against Defendant, StratAir Aviation Services, LLC, after trial by jury, for compensatory damages, including for damages to his reputation, emotional distress damages, mental anguish, to be placed in the position he would be in, but for the unlawful discrimination, through either reinstatement or lost past and future wages and employment-related benefits, the grant of injunctive relief prohibiting StratAir Aviation Services, LLC, from discriminating against him, punitive damages, his attorney's fees, costs, and all interest allowed by law, and such other relief as the Court deems just and proper.

> **ANSWER: In response to the unnumbered "WHEREFORE" clause following Paragraph 38 of the Complaint, Defendant denies that any case or controversy exists so as to entitle Plaintiff to any relief sought in this clause. Defendant respectfully request that this Court: (a) dismiss Plaintiff's Complaint with prejudice; (b) deny the demands and prayer for relief; (c) award Defendant its costs and attorneys' fees incurred in defense of this action; and (d) grant such other and further relief as the Court deems just and proper.**

## COUNT II - INTERFERENCE WITH FMLA RIGHTS

Plaintiff, Raisyl Cepero Garcia, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

39.     Mr. Cepero Garcia worked more than 1250 hours in each relevant 12-month period, making him eligible for leave under the FMLA.

> **ANSWER: Defendant incorporates its response to all preceding paragraphs as if fully set forth herein. Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.**

40.     Mr. Cepero Garcia informed Defendant that he would need to miss work to obtain medical care resulting from his cancer diagnosis.

> **ANSWER: Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.**

41.     Mr. Cepero Garcia notified Defendant of his need to take a leave of absence either upon or shortly after learning of the need to take leave, which was unforeseeable.

> **ANSWER: Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.**

42.     Mr. Cepero Garcia also notified Defendant of his need to take a leave of absence for his surgery and subsequent convalescent recovery period.

> **ANSWER: Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.**

43.     By informing Defendant of his need to miss work due to the serious health condition(s), Mr. Cepero Garcia was entitled to receive the protected medical leave required by the FMLA.

**ANSWER: Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.**

44.     Mr. Cepero Garcia's cancer qualified as a "serious health condition" under the FMLA because his injuries required continuing treatment from his health care providers, multiple treatments to receive treatment from his health care providers, and/or required him to miss work for three consecutive days. *See* 29 C.F.R. §§825.113, 825.115.

**ANSWER: Defendant is without knowledge of the allegations contained in Paragraph 44 of Plaintiff's Complaint and therefore denies same.**

45.     Defendant interfered with Mr. Cepero Garcia's ability to take intermittent and/or extended FMLA leave. *But see* 29 U.S.C. §2615.

**ANSWER: Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.**

46.     By interfering with the protected leave Mr. Cepero Garcia was entitled to take under the FMLA, Defendant violated the FMLA.

**ANSWER: Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.**

47.     Defendant lacked a reasonable or good faith basis for interfering with Mr. Cepero Garcia's entitlement to take FMLA leave.

**ANSWER: Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.**

48.     As a direct and proximate result of Defendant's interference with the protected leave to which Mr. Cepero Garcia was entitled under the FMLA, he suffered damages, including lost wages and benefits, liquidated damages, attorney's fees, and costs.

**ANSWER: Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.**

WHEREFORE Plaintiff, Raisyl Cepero Garcia, demands the entry of a judgment in his favor and against Defendant, StratAir Aviation Services, LLC, after trial by jury, for actual compensatory damages, front pay, back pay, loss of benefits, loss of earning capacity, liquidated damages, his attorneys' fees under the FMLA, costs, and all interest allowed by law, and such other relief as the Court deems just and proper.

**ANSWER: In response to the unnumbered "WHEREFORE" clause following Paragraph 48 of the Plaintiff's Complaint, Defendant denies that any case or controversy exists so as to entitle Plaintiff to any relief sought in this clause. Defendant respectfully request that this Court: (a) dismiss Plaintiff's Complaint with prejudice; (b) deny the demands and prayer for relief; (c) award Defendant its costs and attorneys' fees incurred in defense of this action; and (d) grant such other and further relief as the Court deems just and proper.**

## COUNT III - FAILURE TO NOTIFY OF FMLA RIGHTS

Plaintiff, Raisyl Cepero Garcia, reincorporates and re-alleges paragraphs 1 through 28 as though set forth fully herein and further alleges as follows:

49.     Mr. Cepero Garcia worked more than 1250 hours in each relevant 12-month period, making him eligible for leave under the FMLA.

**ANSWER: Defendant denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.**

50.     Mr. Cepero Garcia informed Defendant that he would need to miss work on an urgent and unexpected basis to obtain medical care resulting from his cancer diagnosis.

>**ANSWER: Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.**

51.     Mr. Cepero Garcia notified Defendant of his need to take a leave of absence either upon or shortly after learning of the need to take leave, which was unforeseeable.

>**ANSWER: Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.**

52.     Mr. Cepero Garcia also notified Defendant of his need to take a leave of absence for his surgery and subsequent convalescent recovery period.

>**ANSWER: Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.**

53.     By informing Defendant of his need to miss work due to the serious health condition(s), Mr. Cepero Garcia was entitled to receive notice of his rights under the FMLA.

>**ANSWER: Defendant denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.**

54.     Mr. Cepero Garcia's injuries qualified as a "serious health condition" under the FMLA because his injuries required continuing treatment from his health care providers, multiple treatments to receive treatment from his health care providers, and/or required him to miss work for three consecutive days. *See* 29 C.F.R. §§825.113, 825.115.

>**ANSWER: Defendant denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.**

55.     Despite its knowledge of Mr. Cepero Garcia's qualifying event for FMLA, Defendant failed to (a) provide him with notice that the leave he requested would qualify as

protected leave under the FMLA, (b) notify him of his right to take FMLA leave, and (c) provide him with any paperwork concerning his FMLA rights. *See* 29 C.F.R. §825.300.

> **ANSWER: Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.**

56.     Defendant also failed to notify Mr. Cepero Garcia that he could take extended or intermittent FMLA leave FMLA. *See* 29 C.F.R. §825.300.

> **ANSWER: Defendant denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.**

57.     Instead of providing Mr. Cepero Garcia with written FMLA notice of his rights under the FMLA, Defendant attempted to avoid Mr. Cepero Garcia finding out that he had certain rights under the FMLA. *But see* 29 U.S.C. §2615.

> **ANSWER: Defendant denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.**

58.     Defendant lacked a reasonable or good faith basis for failing to notify Mr. Cepero Garcia of his rights under the FMLA leave.

> **ANSWER: Defendant denies the allegations contained in Paragraph 58 of Plaintiff's Complaint.**

59.     As a direct and proximate result of Defendant's failure to notify Mr. Cepero Garcia of his rights under the FMLA, he suffered damages, including lost wages and benefits, liquidated damages, attorney's fees, and costs.

> **ANSWER: Defendant denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.**

**In response to the unnumbered "WHEREFORE" clause following Paragraph 59 of the Plaintiff's Complaint, Defendant denies that any case or controversy exists so as to entitle Plaintiff to any relief sought in this clause. Defendant respectfully request that this Court: (a) dismiss Plaintiff's Complaint with prejudice; (b) deny the demands and prayer for relief; (c) award Defendant its costs and attorneys' fees incurred in defense of this action; and (d) grant such other and further relief as the Court deems just and proper.**

WHEREFORE Plaintiff, Raisyl Cepero Garcia, demands the entry of a judgment in his favor and against Defendant, StratAir Aviation Se1vices, LLC, after trial by jury, for actual compensatory damages, front pay, back pay, loss of benefits, loss of earning capacity, liquidated damages, his attorneys' fees under the FMLA, costs, and all interest allowed by law, and such other relief as the Court deems just and proper.

## COUNT IV - UNLAWFUL FMLA RETALIATION

Plaintiff, Raisyl Cepero Garcia, reincorporates and re-alleges paragraphs 1 through 28 as though set forth fully herein and further alleges as follows:

60.     Mr. Cepero Garcia worked more than 1250 hours in each relevant 12-month period, making him eligible for leave under the FMLA.

**ANSWER: Defendant denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.**

61.     Mr. Cepero Garcia informed Defendant that he would need to miss work on an urgent and unexpected basis to obtain medical care resulting from his cancer diagnosis.

**ANSWER: Defendant denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.**

62.     Mr. Cepero Garcia notified Defendant of his need to take a leave of absence either upon or shortly after learning of the need to take leave, which was unforeseeable.

**ANSWER: Defendant denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.**

63.     Mr. Cepero Garcia also notified Defendant of his need to take a leave of absence for his surgery and subsequent convalescent recovery period.

**ANSWER: Defendant denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.**

64.     By informing Defendant of his need to miss work due to the serious health condition(s), Mr. Cepero Garcia was entitled to receive notice of his rights under the FMLA.

**ANSWER: Defendant denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.**

65.     Mr. Cepero Garcia's cancer diagnosis qualified as a "serious health condition" under the FMLA because his injuries required continuing treatment from his health care providers, multiple treatments to receive treatment from his health care providers, and/or required him to miss work for three consecutive days. *See* 29 C.F.R. §§825.113, 825.115.

**ANSWER: Defendant denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.**

66.     After Defendant provided Mr. Cepero Garcia with a brief leave to undergo surgery, Defendant retaliated against Mr. Cepero Garcia by terminating his employment by failing to provide him with additional medical leave (that did not exceed the equivalent of 12 workweeks ) because he requested another fifteen days of medical leave. *But see* 29 U.S.C. §2615.

**ANSWER: Defendant denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.**

67.     Defendant lacked a reasonable or good faith basis for retaliating against Mr. Cepero Garcia for taking a leave of absence to which he was entitled to receive under the FMLA leave.

**ANSWER: Defendant denies the allegations contained in Paragraph 67 of Plaintiff's Complaint.**

68.     As a direct and proximate result of Defendant's retaliatory conduct, Mr. Cepero Garcia suffered damages, including lost wages and benefits, liquidated damages, attorney's fees, and costs.

**ANSWER: Defendant denies the allegations contained in Paragraph 68 of Plaintiff's Complaint.**

**WHEREFORE** Plaintiff, Raisyl Cepero Garcia, demands the entry of a judgment in his favor and against Defendant, StratAir Aviation Services, LLC, after trial by jury, for actual compensatory damages, front pay, back pay, loss of benefits, loss of earning capacity, to be placed in the position he would be in but for the unlawful discrimination, through either reinstatement or lost past and future wages and employment-related benefits, liquidated damages, his attorneys' fees under the FMLA**,** costs, and all interest allowed by law, and such other relief as the Court deems just and proper.

**ANSWER: In response to the unnumbered "WHEREFORE" clause following Paragraph 68 of the Plaintiff's Complaint, Defendant denies that any case or controversy exists so as to entitle Plaintiff to any relief sought in this clause. Defendant respectfully request that this Court: (a) dismiss Plaintiff's Complaint with prejudice; (b) deny the demands and prayer for relief; (c)**

award Defendant its costs and attorneys' fees incurred in defense of this action; and (d) grant such other and further relief as the Court deems just and proper.

<u>**COUNT V - VIOLATION OF FRCA**</u>

Plaintiff, Raisyl Cepero Garcia, reincorporates and re-alleges paragraphs 1 through 35 as though set forth fully herein and further alleges as follows:

69.     The Florida Civil Rights Act of 1992, Fla. Stat. §760.10, *et seq. ,* prohibits employers from discriminating against qualified individuals because of a disability or handicap "in the areas of education, employment, housing, or public accommodations".

> **ANSWER: Paragraph 69 of Plaintiff's Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 69.**

70.     Defendant was at all times material an "employer", as the term is defined by the FCRA.

> **ANSWER: Paragraph 70 of Plaintiff's Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 70.**

71.     Mr. Cepero Garcia has, nonetheless, always been a qualified individual and able to perform the essential functions of her job - either with or without a reasonable accommodation.

> **ANSWER: Paragraph 71 of Plaintiff's Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegation.**

72.     Mr. Cepero Garcia has an impairment that substantially limits multiple "major life activities" which include, but are not limited to, speaking, communicating, breathing, tasting, eating, and/or working.

      **ANSWER: Defendant is without knowledge of the allegations in Paragraph 72 of Plaintiff's; and therefore, denies the allegations.**

73.     Defendant "regarded" Mr. Cepero Garcia as disabled as a result of its considering her to have an impairment that substantially limits one or more major life activities.

      **ANSWER: Defendant denies the allegations contained in Paragraph 73 of the Complaint.**

74.     Defendant was a "covered entity" that discriminated against Mr**.** Cepero Garcia "on account of" her (perceived) disability and/or "on account of" his actual disability.

      **ANSWER: Defendant denies the allegations contained in Paragraph 74 of the Complaint.**

75.     Upon learning that Mr. Cepero Garcia had cancer, Defendant "regarded" him as disabled because it considered him to have an impairment that substantially limited his ability to work.

      **ANSWER: Defendant denies the allegations contained in Paragraph 75 of the Complaint.**

76.     In response to Mr. Cepero Garcia's disclosing his cancer diagnosis and request for reasonable accommodations (of time off from work, the Defendant did not request additional information or engage in an interactive process and instead, terminated Mr. Cepero Garcia's employment.

**ANSWER: Defendant denies the allegations contained in Paragraph 76 of the Complaint.**

77.     Defendant discriminated against Mr. Cepero Garcia "on account of" his (perceived) disability and/or "on account of" his actual disability.

**ANSWER: Defendant denies the allegations contained in Paragraph 77 of the Complaint.**

78.     Defendant violated the ADA when it refused to accommodate Mr. Cepero Garcia's request for a reasonable accommodation (time off from work) and then fired him because of his disability.

**ANSWER: Defendant denies the allegations contained in Paragraph 78 of the Complaint.**

79.     Defendant's acts of omission and/or of commission as aforesaid violated the FCRA, which prohibits discrimination against persons who are disabled, who have a record of disability, or who are regarded as disabled.

**ANSWER: Defendant denies the allegations contained in Paragraph 79 of the Complaint.**

80.     As a direct and proximate result of Defendant's intentional discrimination as described above, Mr. Cepero Garcia suffered economic losses, including the loss of wages and benefits, seniority, pension, vacation, and sick leave benefits. In addition, his reputation was harmed, and he suffered mental anguish as a direct and proximate result of Defendant's conduct.

**ANSWER: Defendant denies the allegations contained in Paragraph 80 of the Complaint.**

81.     Defendant's actions have caused and will continue to cause Mr. Cepero Garcia to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, all in an amount to be established at trial.

> **ANSWER: Defendant denies the allegations contained in Paragraph 81 of the Complaint.**

82.     Defendant's acts of omission and/or of commission violated the FCRA, which prohibits discrimination against persons who are disabled, who have a record of disability, or who are regarded as disabled.

> **ANSWER: Defendant denies the allegations contained in Paragraph 82 of the Complaint.**

83.     As a direct and proximate result of Defendant's intentional discrimination as described above, Mr. Cepero Garcia suffered economic losses, including the loss of wages and benefits, seniority, pension, vacation, and sick leave benefits. In addition, his reputation was harmed, and he suffered mental anguish as a direct and proximate result of Defendant's conduct.

> **ANSWER: Defendant denies the allegations contained in Paragraph 83 of the Complaint.**

84.     Defendant's actions have caused and will continue to cause Mr. Cepero Garcia to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, all in an amount to be established at trial.

> **ANSWER: Defendant denies the allegations contained in Paragraph 84 of the Complaint.**

85.     Defendant's actions were undertaken intentionally, willfully, and maliciously with respect to, or with reckless disregard for, Mr. Cepero Garcia's federally protected rights, and he is therefore entitled to punitive damages.

**ANSWER: Defendant denies the allegations contained in Paragraph 85 of the Complaint.**

WHEREFORE Plaintiff, Raisyl Cepero Garcia, demand the entry of a judgment in his favor and against Defendant, StratAir Aviation Services, LLC, after trial by jury, for compensatory damages, including for damages to his reputation, emotional distress damages, mental anguish, to be placed in the position he would be in, but for the unlawful discrimination, through either reinstatement or lost past and future wages and employment-related benefits, the grant of injunctive relief prohibiting StratAir Aviation Services, LLC, from discriminating against him, punitive damages, his attorneys' fees, costs, and all interest allowed by law, and such other relief as the Court deems just and proper.

**ANSWER: In response to the unnumbered "WHEREFORE" clause following Paragraph 85 of the Plaintiff's Complaint, Defendant denies that any case or controversy exists so as to entitle Plaintiff to any relief sought in this clause. Defendant respectfully request that this Court: (a) dismiss Plaintiff's Complaint with prejudice; (b) deny the demands and prayer for relief; (c) award Defendant its costs and attorneys' fees incurred in defense of this action; and (d) grant such other and further relief as the Court deems just and proper.**

## DEMAND FOR JURY TRIAL

Defendant denies that any case or controversy exists as it pertains to it so as to entitle Plaintiff to a trial by jury.

## GENERAL DENIAL

Defendant denies each and every allegation of fact, conclusion of law, or other matter contained in the Complaint that has not been expressly admitted in this pleading.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Complaint, in whole or in part, fails to state a claim against Defendant upon which relief can be granted.

2.      Plaintiff's claims, in whole or in part, may be barred by the applicable statute of limitations.

3.      Plaintiff's claims are barred, in whole or in part, to the extent that he failed to satisfy jurisdictional prerequisites, and other conditions precedent, to bringing this suit.

4.      Plaintiff's claims for monetary relief and damages are barred to the extent that Plaintiff failed to mitigate his damages. Defendant is entitled to a set-off against Plaintiff's claim for damages in the amount(s) that Plaintiff did or could have earned through reasonable efforts.

5.      Plaintiff's claims are barred and/or limited to the extent his damages result from his own actions.

6.      Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

7.      Plaintiff's claims are barred, in whole or in part, by the doctrine of setoff to the extent that Plaintiff received any compensation from third parties, including (but not limited to) unemployment benefits or subsequent employers.

8.     Plaintiff's claims are barred to the extent Defendant has, at all times, engaged in good faith efforts to comply with applicable law, and with reasonable belief that it was so complying, and any action by Defendant was not willful, malicious, or reckless and, consequently, Defendant is not liable for liquidated or punitive damages.

9.     Plaintiff is not entitled to relief because Defendant can demonstrate that it would have taken the same action(s) with regard to the Plaintiff in the absence of any impermissible motivating factor (the existence of which Defendant denies).

10.    Plaintiff's claims fail to the extent he failed to exhaust his administrative remedies.

11.    Plaintiff's claims are barred and/or limited by the after-acquired evidence doctrine to the extent that discovery shows Plaintiff engaged in misconduct prior to, during, after or in connection with his employment, that otherwise would have resulted in his discharge, if such conduct was then known to Defendant.

12.    Plaintiff's claims fail, in whole or in part, to the extent that he was not replaced by any person outside of his purported protected classes.

13.    To the extent that Plaintiff is entitled to recover any damages (which Defendant denies), the remedies available for recovery are limited to only the remedies set forth in the applicable laws.

14.    Plaintiff's retaliation and discrimination claims fail because any actions undertaken with regard to Plaintiff and his employment, including his termination, were taken for lawful and legitimate, non-retaliatory and non-discriminatory business reasons. Defendant was required, due to financial reasons, to eliminate certain positions. Plaintiff's employment was separated as part of a reduction in force. Plaintiff was not terminated because of any alleged need for leave or Plaintiff's purported status in any protected class under Florida or federal law.

15.     Plaintiff's claims are barred because, at all relevant times: (i) Defendant published, disseminated, and enforced an internal policy against discrimination, harassment, and other forms of unlawful behavior; (ii) Defendant exercised reasonable care to prevent and promptly correct any alleged discriminatory, retaliatory, or other unlawful behavior; and (iii) Plaintiff unreasonably failed to follow Defendant's procedures, and unreasonably failed to take advantage of the preventive and corrective opportunities provided by Defendant to otherwise avoid harm.

16.     Plaintiff's claims are barred to the extent they exceed the scope of his charge of discrimination.

17.     Even if Plaintiff could prove the matters or things he alleges, all of which are denied, his damages for alleged emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, are barred in their entirety or subject to apportionment to the extent such damages were caused, in whole or in part, by sources other than the alleged actions of Defendant.

18.     Plaintiff's claims for discrimination fail because he cannot establish that he was treated less favorably than any similarly situated employee.

19.     Plaintiff's claims fail, either in whole or in part, because, to the extent Plaintiff's supervisor discriminated or retaliated against him based on any protected characteristic (which Defendant denies), the supervisor would have been acting outside the scope and course of his/her agency and was not operating pursuant to his/her duties to the company. StratAir prohibits discrimination and retaliation against employees.

20.     Plaintiff's alleged disability discrimination claims fail to the extent that Defendant could not have discriminated against Plaintiff for any alleged disability of which Defendant was

not aware. Defendant was not aware of Plaintiff's cancer diagnosis at the time that Plaintiff was terminated.

21.     Plaintiff's disability discrimination claims fail to the extent that Plaintiff cannot establish that he was subjected to unlawful discrimination because of his disability.

22.     To the extent that Plaintiff's medical condition(s) fail to constitute a disability, Plaintiff's claims fail.

23.     Plaintiff's FMLA claims fail because he was not eligible for FMLA leave and to the extent that Plaintiff was eligible for FMLA leave (which Defendant denies), he did not comply with the FMLA's employee notice requirements. To the extent that Plaintiff did not notify Defendant of his need for FMLA leave or request FMLA leave from Defendant, his FMLA claims are barred.

24.     Plaintiff received all benefits to which he was entitled, and any alleged adverse action was unrelated to FMLA rights.

25.     Even if a technical FMLA violation occurred (which Defendant denies), Plaintiff suffered no prejudice or compensable harm proximately caused by any alleged FMLA violation. Any claim for relief is barred for lack of actual damages, as required for interference and notice claims.

26.     Plaintiff's FMLA retaliation claim is barred to the extent that Defendant could not have retaliated against Plaintiff for any alleged exercise of FMLA rights of which Defendant was not aware. Plaintiff did not notify Defendant of any need for FMLA leave due to any purported cancer diagnosis. In addition, when Plaintiff requested time off, he received all requested time off.

27.     Plaintiff's retaliation claim fails to the extent that Plaintiff engaged in intervening misconduct following his exercise of any protected rights.

28. Plaintiff's alleged claim for retaliation fails because Plaintiff cannot establish that his purported protected status or his alleged request or need for FMLA leave were the "but for" cause of his termination.

29. Plaintiff fails to state a claim for retaliation upon which relief may be granted to the extent that Plaintiff did not engage in any protected activity under the FMLA. Plaintiff never requested or took FMLA leave.

Defendant reserves the right to amend any current affirmative defenses or add additional defenses which become known during the course of discovery. By raising the above affirmative defenses, Defendant is not conceding or admitting that Defendant bears the burden of proof regarding these particular issues at trial.

WHEREFORE, Defendant, StratAir Aviation Services, LLC, respectfully requests entry of judgment on its affirmative defenses in its favor against Plaintiff, an award of attorneys' fees, costs, and expenses, and such other relief that this Court deems just and equitable.

Dated: November 4, 2025

**Roger W. Feicht**
Roger W. Feicht (Florida Bar No. 84982)
rfeicht@gunster.com and lhagan@gunster.com
Nalani Alesia Gordon (Florida Bar No. 1010976)
ngordon@gunster.com and lmusco@gunster.com
GUNSTER YOAKLEY & STEWART, P.A.
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone: 561-655-1980
*Counsel for Defendant*