UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-24471-WILLIAMS/LETT

RAISYL CEPERO GARCIA,

    Plaintiff,

vs.

STRATAIR AVIATION SERVICES, LLC,

    Defendant.
_____/

## PLAINTIFF'S MOTION TO CONSOLIDATE RELATED CASES FOR DISCOVERY AND PRETRIAL PURPOSES

Plaintiff Raisyl Cepero Garcia, by and through undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 42(a) for an order consolidating this action with the related case of *Ivan Grant, et al. v. StratAir Aviation Services, LLC*, S.D. Fla. Case No. 1:25-cv-24505-KMM (the "*Grant*" case), solely for purposes of discovery and pretrial management, while maintaining separate trials for each action. As set forth below, limited consolidation will promote judicial economy and avoid duplicative discovery. However, consolidation for trial would pose a substantial risk of unfair prejudice and jury confusion given the materially different plaintiffs, claims, potential witnesses, statutory frameworks, and individualized factual circumstances at issue in the two cases.

### I. FACTUAL BACKGROUND

Plaintiff filed this action against Defendant StratAir Aviation Services, LLC ("StratAir") alleging disability discrimination under the Americans with Disabilities Act ("ADA"), interference and retaliation in violation of the Family and Medical Leave Act ("FMLA"), and related claims under the Florida Civil Rights Act ("FCRA"). [ECF No. 1]. Plaintiff was employed by StratAir as a

1

Warehouse Handler and was terminated in January 2024 shortly after disclosing a cancer diagnosis and requesting medical leave.

Separately, six former StratAir employees—Ivan Grant, Alex Laffita Ortiz, Henry Pinto Sumoza, Eyonny Prado Duran, Luis Rodriguez Ceruto, and Luis Same Gonzalo—filed the *Grant* case. The *Grant* plaintiffs primarily assert claims for age discrimination under the Age Discrimination in Employment Act ("ADEA") and the FCRA. Certain *Grant* plaintiffs also assert additional claims under Title VII, 42 U.S.C. § 1981, the ADA, and the FMLA.

All plaintiffs in both cases worked at StratAir's Miami airport location and were terminated within a narrow time frame in January 2024. As a result, the cases involve overlapping factual circumstances, witnesses, and documentary evidence related to StratAir's employment policies, decision-making processes, and termination practices.

## II. MEMORANDUM OF LAW

### A. Legal Standard for Consolidation

Federal Rule of Civil Procedure 42(a) permits consolidation of actions involving common questions of law or fact. Consolidation, however, is discretionary and must not result in prejudice to any party. *Hall v. Hall*, 584 U.S. 59, 65 (2018); *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985).

Critically, even where consolidation is appropriate for some purposes, Rule 42(b) expressly authorizes courts to order separate trials "for convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). The Eleventh Circuit has repeatedly emphasized that courts must balance efficiency against the risk of jury confusion or unfair prejudice. *Eghnayem v. Boston Sci. Corp.*, 873 F.3d 1304, 1314 (11th Cir. 2017); *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 727 F. App'x 562, 564-65 (11th Cir. 2018).

B. <u>Consolidation for Discovery and Pretrial Purposes Is Appropriate</u>

Limited consolidation of these cases for discovery and pretrial proceedings is appropriate and will promote judicial economy. Both cases arise from employment decisions by the same defendant, at the same workplace, during the same brief time period. Discovery in both actions will necessarily involve: (i) StratAir's employment policies and procedures; (ii) many of the same management and human resources personnel; (iii) overlapping documentary evidence concerning terminations in January 2024; and (iv) similar discovery disputes and pretrial issues.

Absent consolidation, the parties would be required to conduct duplicative depositions, document productions, and motion practice. The Eleventh Circuit has recognized that consolidation is particularly appropriate where it will avoid redundant discovery and streamline case management. *Peden v. Stephens*, 50 F.4th 972, 977 (11th Cir. 2022); *Blitz Telecom*, 727 F. App'x at 564. Consolidation for discovery and pretrial purposes will also promote consistent rulings on discovery disputes and pretrial motions, reduce the burden on witnesses, and conserve judicial resources— especially where, as here, the cases are in their early stages.

C. <u>Consolidation for Trial Would Be Prejudicial and Create a Substantial Risk of Jury Confusion</u>

While Plaintiff supports consolidation for discovery and pretrial purposes, consolidation for trial would be improper and unfair. The two cases involve different plaintiffs, different statutory schemes, and materially different factual narratives. Plaintiff Cepero Garcia's case centers on disability discrimination and FMLA interference arising from his own cancer diagnosis and request for medical leave. By contrast, the *Grant* case primarily involves age discrimination claims asserted by each of the six separate plaintiffs, along with additional and distinct race, national origin, and associational disability claims.

Courts routinely decline to consolidate cases for trial where a single jury would be required to evaluate multiple plaintiffs asserting different legal theories based on individualized facts. In *Grayson v. K Mart Corp.*, 849 F. Supp. 785, 789-92 (N.D. Ga. 1994), the court severed multiple ADEA plaintiffs for trial, holding that a joint trial would create an intolerable risk that evidence relating to one plaintiff would improperly influence the jury's consideration of others. Similarly, in *Bailey v. Northern Trust Co.*, 196 F.R.D. 513, 518–19 (N.D. Ill. 2000), the court found that trying multiple discrimination claims together would force the jury into a "hopeless task" of segregating evidence and would result in spillover prejudice.

The Eleventh Circuit has cautioned that consolidation should not be ordered where jury confusion or prejudice cannot be adequately cured through instructions alone. *Eghnayem*, 873 F.3d at 1314. Here, asking a jury to simultaneously evaluate ADA, FMLA, ADEA, Title VII, and § 1981 claims across seven different plaintiffs would create a substantial risk that the jury would conflate evidence, misapply legal standards, or improperly infer liability based on the number or variety of claims rather than their individual merits. Moreover, witnesses offering testimony related to Plaintiff Cepero Garcia's cancer treatment would be wholly inapplicable to plaintiffs in the *Grant* case.

Separate trials will ensure that each plaintiff's claims are evaluated independently, based solely on the evidence and legal standards applicable to that plaintiff. Any marginal efficiency gained by a consolidated trial would be substantially outweighed by the risk of unfair prejudice and jury confusion.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order consolidating this action with *Ivan Grant, et al. v. StratAir Aviation Services, LLC*, S.D. Fla. Case No. 1:25-cv-24505-KMM, for discovery and pretrial purposes only, and that each case proceed to separate trials.

5

## LOCAL RULE 7.1 CERTIFICATION

I HEREBY CERTIFY that, pursuant to Local Rule 7.1(a)(3), the undersigned has conferred with counsel for Defendant regarding the relief sought in this motion prior to its filing. Defendant does not object to consolidation of this action with *Ivan Grant, et al. v. StratAir Aviation Services, LLC*, S.D. Fla. Case No. 1:25-cv-24505-KMM, for purposes of discovery and pretrial proceedings. However, Defendant objects to Plaintiff's request that the cases proceed to separate trials, and instead seeks consolidation of the cases for trial as well. Accordingly, the parties were unable to resolve all issues raised in this motion.

Respectfully submitted this 21st day of January 2026,

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff*