UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-24471-WILLIAMS/LETT
(Consolidated with Case No. 1:25-cv-24505-Moore/Elfenbein)

RAISYL CEPERO GARCIA,

     Plaintiff,

vs.

STRATAIR AVIATION SERVICES, LLC,

     Defendant.

_____/

### PLAINTIFF'S MOTION FOR EXTENSION OF PRETRIAL DEADLINES

Plaintiff, Raisyl Cepero Garcia, through undersigned counsel and pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rule 7.1, respectfully requests a 30-day extension of the expert disclosure, rebuttal expert disclosure, and discovery deadlines set in the Court's Scheduling Order [ECF No. 16], as follows:

### I. Relevant Procedural History

1. On September 29, 2025, Plaintiff Raisyl Cepero Garcia filed his Complaint against Defendant StratAir Aviation Services, LLC, asserting claims for disability discrimination under the Americans with Disabilities Act, interference and retaliation under the Family and Medical Leave Act, and violations of the Florida Civil Rights Act. [ECF No. 1].

2. On October 1, 2025, the Court entered its Order of Referral and Notice of Court Practices and Procedures in ADA Cases [ECF No. 4], referring all discovery disputes and non-dispositive pretrial motions to Magistrate Judge Enjolique Lett.

1

3.     On October 3, 2025, the Court entered its Order Setting Discovery Procedures [ECF No. 5], establishing procedures for resolving discovery disputes and requiring joint motions for discovery hearings.

4.     Defendant filed an Unopposed Motion for Extension of Time to Respond to Plaintiff's Complaint on October 22, 2025 [ECF No. 12], which the Court granted on October 23, 2025, extending Defendant's deadline to respond until November 5, 2025 [ECF No. 13].

5.     On November 24, 2025, the Parties filed their Joint Scheduling Report [ECF No. 15] and Proposed Scheduling Order [ECF No. 15-1], proposing deadlines for discovery, expert disclosures, mediation, and dispositive motions. Recognizing the extensive discovery required in this employment discrimination action, the Parties jointly proposed expert disclosure deadlines of August 7, 2026 for Plaintiff, September 7, 2026 for Defendant, and October 7, 2026 for rebuttal experts, with a discovery completion date of October 23, 2026 and trial date of May 3, 2027.

6.     On December 30, 2025, the Court entered its Scheduling Order [ECF No. 16] (the "Scheduling Order"), setting trial for the two-week calendar beginning November 30, 2026, with calendar call on November 24, 2026. The Scheduling Order established the following relevant deadlines, which shortened the Parties' jointly proposed timeline by approximately four to five months:

    a.     March 30, 2026: Plaintiff shall disclose experts, expert witness summaries and reports;

    b.     April 13, 2026: Defendant shall disclose experts, expert witness summaries and reports;

    c.     April 27, 2026: the Parties shall exchange rebuttal expert witness summaries and reports; and

    d.     May 18, 2026: the Parties shall complete all discovery, including expert discovery.

7.     On January 21, 2026, Plaintiff filed a Motion to Consolidate Related Cases [ECF No. 17], seeking to consolidate this action with the related case of *Ivan Grant, et al. v. StratAir Aviation Services, LLC*, Case No. 1:25-cv-24505-KMM, for discovery and pretrial purposes only.

8.     On January 22, 2026, the Court granted Plaintiff's Motion to Consolidate, consolidating this case with *Ivan Grant, et al. v. StratAir Aviation Services, LLC*, Case No. 1:25-cv-24505-KMM, which involves six additional plaintiffs pursuing substantially similar employment discrimination claims against Defendant arising from the same policies and practices.

## II. Good Cause for Extension

Good cause exists to extend the expert disclosure and discovery deadlines in this case. When the Parties submitted their Joint Scheduling Report and Proposed Scheduling Order, they jointly recognized the extensive discovery required in this complex employment discrimination action and proposed expert disclosure and discovery deadlines extending through October 2026. The Court's Scheduling Order shortened those deadlines by approximately four to five months. While the Parties have worked diligently to meet the accelerated schedule, the subsequent consolidation of this action with *Ivan Grant, et al. v. StratAir Aviation Services, LLC*, which involves six additional plaintiffs, has substantially increased the scope and complexity of discovery and expert coordination beyond what either party anticipated when the compressed deadlines were set. The consolidation, while promoting judicial efficiency, requires counsel to coordinate expert retention and disclosures across seven plaintiffs with varying claims, damages, and medical conditions, all while managing voluminous discovery applicable to the consolidated matters.

This consolidated action involves complex and fact-intensive employment discrimination claims arising under the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), and the Florida Civil Rights Act ("FCRA"), as well as related discrimination claims

under the Age Discrimination in Employment Act ("ADEA") asserted in the companion action. In this action, Plaintiff Raisyl Cepero Garcia alleges that he was terminated immediately after disclosing his cancer diagnosis and requesting medical leave and reasonable accommodations. In the consolidated action, the Plaintiffs assert additional age-based discrimination claims arising from Defendant's employment practices, further expanding the factual and legal scope of this case. Together, these claims implicate multiple overlapping statutory frameworks and statistical analyses which will require expert development to fairly present the claims and anticipated defenses in these actions.

Plaintiff anticipates retaining an expert to perform a statistical analysis of Defendant's layoff and/or reduction-in-force decisions, including the selection process and resulting impact on protected employees. This analysis will be critical to evaluating whether Defendant's employment decisions reflect patterns of discrimination, including those alleged in the consolidated action involving multiple plaintiffs and a broader set of employment practices. Defendant has likewise indicated that it intends to retain an expert on these issues, further underscoring the importance of a complete and reliable dataset for expert analysis. The Parties are currently engaged in ongoing discovery to identify, collect, and produce the personnel, demographic, and decision-making data necessary for such an analysis. Because the relevant data has not yet been fully produced or analyzed, Plaintiff cannot complete the expert evaluation or prepare expert disclosures without additional time.

The Parties have acted diligently in prosecuting and defending this action. The Parties have exchanged their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). Both Parties have served written discovery, including interrogatories, requests for production of documents, and requests for admission, as well as preliminary pretrial witness lists. Plaintiff timely filed his Complaint and

Coral Gables, Florida | Detroit, Michigan
FairLaw Firm

moved to consolidate this case with a related action for discovery efficiency. Defendant has also served third-party subpoenas on multiple entities seeking relevant employment and wage records. Depositions have been noticed and are scheduled to proceed. Discovery is proceeding actively as the expert deadlines approach.

However, the coordination required between counsel for multiple plaintiffs and expert witnesses, combined with the need to gather, review, and provide voluminous employment records and documentation, and discovery materials from the consolidated case to these experts, cannot reasonably be completed within the current timeframe, particularly given that the existing deadlines are already approximately four to five months shorter than the timeline the Parties jointly proposed as necessary to complete this work.

The requested 30-day extension is the minimum time necessary to complete expert retention, allow experts adequate time to review case materials from the consolidated matters, prepare comprehensive expert disclosures and reports that comply with Federal Rule of Civil Procedure 26(a)(2), and complete all depositions in this case.

The extension is modest, will not affect the trial date or any other pretrial deadlines, and will not interfere with the orderly progress of this case.

### III. Legal Basis and Requested Relief

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Courts routinely find good cause where, despite diligent efforts, a party requires additional time to complete critical discovery tasks within the existing schedule, particularly where case complexity has increased due to consolidation. Federal Rule of Civil Procedure 6(b)(1) further provides that "[w]hen an act may or must be done

within a specified time, the court may, for good cause, extend the time ... if a request is made before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1).

The requested extension is supported by good cause. The Parties have diligently proceeded with this action, but the consolidation with six additional plaintiffs and the coordination required between counsel and expert witnesses, combined with the need to gather, review, and provide voluminous employment records and documentation from the consolidated matters to these experts, cannot reasonably be completed within the current timeframe.

Courts have long recognized their inherent authority to manage their dockets "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997).

Accordingly, Plaintiff respectfully requests that this Court extend: (1) the deadline for Plaintiff's initial expert disclosures from March 30, 2026 to April 29, 2026; (2) the deadline for Defendant's expert disclosures from April 13, 2026 to May 13, 2026; (3) the deadline to exchange rebuttal expert disclosures from April 27, 2026 to May 27, 2026; and (4) the deadline to complete all discovery from May 18, 2026 to June 17, 2026, and grant such other and further relief as the Court deems just and proper.

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that counsel conferred in good faith with Defendant's counsel regarding the relief requested in this Motion by telephone on March 26, 2026, and by email on March 27, 2026. Defendant's counsel indicated that they must confer with their client regarding their position on this Motion and would not be able to provide Defendant's position until at least March 30, 2026. Because the Court's Scheduling Order requires that motions for extension of deadlines be filed at least 48 hours in advance of the deadline at issue,

Coral Gables, Florida | Detroit, Michigan
FairLaw Firm

and because Plaintiff's expert disclosure deadline is March 30, 2026, Plaintiff files this Motion without Defendant's stated position.

Respectfully submitted this 27th day of March 2026,

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiffs*

Coral Gables, Florida │ Detroit, Michigan
FairLaw Firm