UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 1:25-cv-24471-KMW
(Consolidated with Case No. 1:25-cv-24505-Moore/Elfenbein)

RAISYL CEPERO GARCIA,

      Plaintiff,

v.

STRATAIR AVIATION SERVICES, LLC,

      Defendant.

_____/

**DEFENDANT'S MOTION FOR EXTENSION OF TIME TO
RESPOND TO PLAINTIFFS' DISCOVERY REQUESTS**

Defendant, StratAir Aviation Services, LLC ("StratAir"), hereby files this Motion for Extension of Time to Respond to Plaintiffs' Discovery Requests. In support, Defendant states:

**Procedural Background and Prior Motions for Extension of Time**

1. Pursuant to Judge Williams' Practices and Procedures, StratAir identifies the following prior motions for extension of time in this case:

    a. On March 30, 2026, the Court granted Plaintiffs' Motion for Extension of Time of Pretrial Deadlines [DE 21], which extended the original discovery and pretrial deadlines in this consolidated action.

    b. On April 17, 2026, StratAir filed its Motion for Extension of Time [DE 22], requesting a two-week extension—through and including May 1, 2026—to respond to twelve sets of discovery requests served by Plaintiffs on March 18, 2026. This was StratAir's first request for an extension of any deadline in this case. No other motions for extension of time have been filed by StratAir.

    c. On April 20, 2026, the Court entered a Paperless Order [DE 23] granting

the motion in part, extending StratAir's deadline to respond to Plaintiffs' Discovery Requests through April 24, 2026. StratAir is grateful for the relief granted and respectfully submits this motion to request the remaining portion of its original request (an extension through May 1, 2026), which the Court's April 20 Order did not reach.

### Apology and Explanation for Untimely Filing

2. At the outset, undersigned counsel acknowledges and sincerely apologizes to the Court for filing Defendant's Motion for Extension of Time [DE 22] on April 17, 2026, the same day Defendant's discovery responses were due, in contravention of Judge Williams' Practices and Procedures requiring extension requests to be presented no later than 48 hours prior to the applicable deadline. Counsel takes full responsibility for this procedural deficiency and assures the Court it will not recur.

3. Counsel respectfully represents that no motion to the Court was believed to be required for the discovery response extension, because undersigned counsel reasonably understood that the parties had reached a stipulation under Federal Rule of Civil Procedure 29, which provides that parties may stipulate to modify discovery procedures without court approval so long as the stipulation does not "interfere with the time set for completing discovery, for hearing a motion, or for trial." *See* Fed. R. Civ. P. 29(b).

4. On April 13, 2026, undersigned counsel contacted Plaintiffs' counsel to request a professional courtesy extension of two weeks—through May 1, 2026—citing the volume of requests and number of Plaintiffs as support for the request. On April 14, 2026, undersigned counsel followed up, asking whether Plaintiffs opposed the extension. That same day, Plaintiffs' counsel expressly represented that "Plaintiffs are amenable to a two-week extension." Because the trial is not set until November 30, 2026—over seven months away—no motion hearing was

implicated, and the two-week extension would not interfere with the time set for completing discovery under the Scheduling Order as modified by [DE 21], undersigned counsel reasonably believed this stipulation was self-executing under Rule 29(b) and did not require court approval. Counsel therefore did not seek leave of Court within the 48-hour window because no Court Order was believed to be needed for the discovery response deadline itself.

5.     Plaintiffs' counsel's April 14 email also referenced a companion request for extensions of remaining pretrial deadlines "and, if necessary, a continuance of trial," and invited counsel to "circulate a draft of the Joint MET reflecting the approximate deadlines we discussed"—further reinforcing counsel's understanding that the discovery response extension itself was not in dispute. Because pretrial deadlines set by the Court's Scheduling Order could not be modified by stipulation alone, and following a call with Plaintiffs' counsel, undersigned counsel prepared and circulated a draft joint motion and proposed agreed order on the evening of April 16, 2026, for Plaintiffs' counsel's review, requesting confirmation to file the following morning and inviting redline edits. While the joint motion included the agreed extended discovery response deadline, the purpose of joint motion was to obtain the pretrial deadline modifications. The parties had discussed only the need for extending expert discovery and the discovery deadline during the telephone conference—the same deadlines which were originally extended by the Court in [DE 21].

6.     It was not until April 17, 2026—the very day Defendant's discovery responses were due—that Plaintiffs' counsel responded at 11:50 a.m. with substantially revised drafts seeking relief far beyond the scope of the parties' prior discussions, including a continuance of the trial date from November 30, 2026, to March 1, 2027, motions in limine deadlines, revised pretrial stipulation, exhibit list, and witness list deadlines, and other significant scheduling changes that

Defendant had not agreed to and could not reasonably evaluate on the same day responses were due. Plaintiffs' counsel's email stated: "In the alternative, if StratAir is unwilling to agree to the proposed revisions, feel free to file the motion unilaterally—but please note Plaintiffs' objections and proposed deadlines/continuance." This was the first time undersigned counsel received notice that opposing counsel was conditioning agreement to the discovery response extension on Defendant's acceptance of a trial continuance and the significantly expanded pretrial deadline modifications—effectively revoking the Rule 29(b) stipulation counsel had relied upon.

7.       At that point, court approval for the response extension became necessary for the first time, and undersigned counsel filed the motion as expeditiously as possible. In short, counsel did not delay or neglect to seek timely relief. Counsel reasonably believed no court filing was required because a valid Rule 29(b) stipulation was in place. Court involvement became necessary only when Plaintiffs' counsel revoked that stipulation on the response deadline itself—at which point the 48-hour advance filing window had already closed.

### Good Cause for Extension through May 1, 2026

8.       Plaintiffs' Discovery Requests encompass twelve separate sets of written discovery, including individualized interrogatories from each of the seven Plaintiffs across two consolidated actions, as well as multiple sets of requests for admissions and requests for production. Responding to these requests requires StratAir to undertake a separate, plaintiff-specific inquiry for each individual claimant, as each request calls for facts or documents unique to that Plaintiff's particular employment history, termination, and alleged bases for discrimination.

9.       Specifically, Plaintiffs simultaneously served StratAir with **over 530 discrete written discovery requests** across these two consolidated cases—comprising **8 separate sets of interrogatories containing approximately 167 detailed, multi-part interrogatories**, **168**

4

**requests for admission**, and **199 requests for production**—each requiring individualized, verified responses addressing the distinct employment circumstances of seven different plaintiffs and spanning claims of age discrimination, race discrimination, FMLA interference, disability discrimination, and retaliation.

10.     StratAir cannot prepare a single uniform set of responses; rather, it must conduct individualized factual investigations, consult with relevant personnel, and gather and review documents pertaining to each Plaintiff's distinct claims and employment. The additional seven calendar days—from April 24 through May 1, 2026—are necessary to ensure that StratAir's responses are accurate, complete, and fully compliant with its obligations under the Federal Rules of Civil Procedure.

11.     An additional seven-day extension will not prejudice Plaintiffs in any way and is necessary to ensure that Defendant can prepare thorough, accurate, and verified responses to this extraordinary volume of discovery.

12.     The Court's Practices and Procedures provide that, once a Scheduling Order has been entered, "motions for extensions of time are disfavored and will not be granted absent compelling circumstances." Compelling circumstances exist here. This case was originally filed by a single Plaintiff but following consolidation with Case No. 1:25-cv-24505 on January 22, 2026, the number of Plaintiffs increased to seven, each asserting individualized employment discrimination claims requiring separate factual investigation and discovery responses. The twelve sets of discovery requests served simultaneously on March 18, 2026, reflect the full scope of this consolidated action—a scope that could not have been anticipated at the time the original Scheduling Order was entered. Defendant has diligently pursued responsive information since service but requires the additional seven days through May 1, 2026, to ensure that its responses to

5

each Plaintiff's individualized discovery are accurate, complete, and compliant with the Federal Rules of Civil Procedure.

13. At all times, this request has been made in good faith and not for purposes of delay. Defendant's counsel has been diligently working to compile responsive information since the discovery requests were served.

14. Pursuant to Local Rule 7.1(a)(2), a proposed order is attached as Exhibit "1" and will be submitted to the Court. *See* Exhibit 1, at pp. 8-9 below.

WHEREFORE, Defendant, StratAir Aviation Services, LLC, respectfully requests that this Court enter an Order granting Defendant an extension up through and including May 1, 2026, to respond to Plaintiffs' Discovery Requests, and grant such other and further relief as the Court deems just and appropriate.

## LOCAL RULE 7.1 CERTIFICATE

Pursuant to Local Rule 7.1(a)(3)(A) and Judge Williams' Practices and Procedures, undersigned counsel certifies that counsel conferred with Plaintiffs' counsel in a good-faith effort to resolve the issues raised in this motion as set forth in Paragraphs 4 through 6 of the Motion above. In addition, on April 21, 2026, the undersigned emailed Plaintiffs' counsel to request confirmation regarding Plaintiffs' objection to the response extension. The undersigned called Plaintiffs' counsel on April 22, 2026, and sent an email confirming the undersigned's intention to seek an extension from the Court through May 1, 2026. Plaintiff's counsel confirmed via email that "Plaintiffs oppose the requested extension unless StratAir is willing to jointly request an extension of the remaining pretrial deadlines and a continuance of the trial, as detailed in the last draft of the Joint MET I previously circulated." The parties remain at an impasse, and Defendant files this motion without Plaintiffs' consent.

Dated: April 22, 2026

**Nalani Gordon**
Roger W. Feicht (Florida Bar No. 84982)
rfeicht@gunster.com and
lhagan@gunster.com
Nalani Alesia Gordon (Florida Bar No. 1010976)
ngordon@gunster.com and
lmusco@gunster.com
GUNSTER YOAKLEY & STEWART, P.A.
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone:  561-655-1980
*Counsel for Defendant*

7

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 1:25-cv-24471-KMW
(Consolidated with Case No. 1:25-cv-24505-Moore/Elfenbein)

RAISYL CEPERO GARCIA,

      Plaintiff,

v.

STRATAIR AVIATION SERVICES, LLC,

      Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR EXTENSION OF TIME TO
RESPOND TO PLAINTIFFS' DISCOVERY REQUESTS**

THIS CAUSE having come before the Court upon Defendant's Motion for Extension of

Time to Respond to Plaintiffs' Discovery Requests (the "Motion"), and the Court, having reviewed

the Motion and being advised in its premises, it is hereby:

**ORDERED AND ADJUDGED** that:

1.      The Motion is **GRANTED**.

2.      Defendant StratAir Aviation Services, LLC, shall have up through and including

**May 1, 2026**, to respond to the Discovery Requests described in the Motion.

DONE AND ORDERED in Chambers on this _____ day of _____, 2026.

_____
HONORABLE KATHLEEN M. WILLIAMS
United States District Court Judge

cc:    All Counsel of Record on Attached Service List

8

## SERVICE LIST

**BRIAN H. POLLOCK, ESQ.**
Florida Bar No. 174742
brian@fairlawattorney.com
**PATRICK BROOKS LAROU, ESQ.**
Florida Bar No.: 1039018
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, FL  33146
Telephone: 305-230-4884

**ROGER W. FEICHT, ESQ.**
Florida Bar No. 84982
rfeicht@gunster.com
**NALANI ALESIA GORDON, ESQ.**
Florida Bar No. 1010976
ngordon@gunster.com
GUNSTER YOAKLEY & STEWART, P.A.
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone:  561-655-1980
*Counsel for Defendant*
ACTIVE:39633255.1