UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-24471-WILLIAMS/LETT
(Consolidated with Case No. 1:25-cv-24505-Moore/Elfenbein)

RAISYL CEPERO GARCIA,

     Plaintiff,

vs.

STRATAIR AVIATION SERVICES, LLC,

     Defendant.

                               /

## PLAINTIFFS' MOTION FOR EXTENSION OF PRETRIAL DEADLINES AND CONTINUANCE OF TRIAL

Plaintiffs, Raisyl Cepero Garcia, Ivan Grant, Alex Laffita Ortiz, Henry Pinto Sumoza, Eyonny Prado Duran, Luis Rodriguez Ceruto, and Luis Same Gonzalo, through undersigned counsel and pursuant to Federal Rule of Civil Procedure 16(b)(4), Local Rule 7.1, and other applicable Rules and laws, respectfully request that the Court extend the current pretrial deadlines and continue the trial date of these consolidated cases, as follows:

### I.  Relevant Procedural History

1.      On September 29, 2025, Plaintiff Raisyl Cepero Garcia filed his Complaint [ECF No. 1] against Defendant StratAir Aviation Services, LLC, asserting claims for disability discrimination under the Americans with Disabilities Act ("ADA"), interference and retaliation under the Family and Medical Leave Act ("FMLA"), failure to notify of FMLA rights, and discrimination under the Florida Civil Rights Act ("FCRA").

2.      On November 24, 2025, the Parties filed their Joint Scheduling Report [ECF No. 15] and Proposed Scheduling Order [ECF No. 15-1], proposing deadlines for discovery, expert

Coral Gables, Florida | Detroit, Michigan
FairLaw Firm

disclosures, mediation, and dispositive motions. The Parties jointly proposed expert disclosure deadlines of August 7, 2026 for Plaintiff, September 7, 2026 for Defendant, and October 7, 2026 for rebuttal experts, with a discovery completion date of October 23, 2026, and trial date of May 3, 2027.

3.     On December 30, 2025, the Court entered its Scheduling Order [ECF No. 16], setting trial for the two-week calendar beginning November 30, 2026—approximately five months earlier than the Parties' requested trial period—with calendar call on November 24, 2026. The Scheduling Order established the following relevant deadlines, which also shortened the Parties' jointly proposed litigation timeline by approximately four to five months: (i) March 30, 2026 for Plaintiff's expert disclosures; (ii) April 13, 2026 for Defendant's expert disclosures; (iii) April 27, 2026 for rebuttal expert disclosures; and (iv) May 18, 2026 to complete all discovery, including expert discovery.

4.     On January 21, 2026, Plaintiff filed a Motion to Consolidate Related Cases [ECF No. 17], seeking to consolidate this action with the related case of *Ivan Grant, et al. v. StratAir Aviation Services, LLC*, Case No. 1:25-cv-24505-KMM (the "*Grant* case"), for discovery and pretrial purposes only.

5.     On January 22, 2026, the Court granted Plaintiff's Motion to Consolidate [ECF No. 18], consolidating this case with the *Grant* case, which involves six additional plaintiffs pursuing substantially similar claims under the Age Discrimination in Employment Act, the FMLA, and the FCRA against Defendant arising from the same policies and practices. This consolidation brought the total number of plaintiffs to seven.

Coral Gables, Florida | Detroit, Michigan
FairLaw Firm

6. On March 27, 2026, Plaintiff filed a Motion for Extension of Pretrial Deadlines [ECF No. 20], seeking a 30-day extension of the expert disclosure and discovery deadlines based on the increased complexity resulting from the consolidation.

7. On March 30, 2026, the Court granted Plaintiff's Motion [ECF No. 21], extending: (i) Plaintiff's expert disclosure deadline to April 29, 2026; (ii) Defendant's expert disclosure deadline to May 13, 2026; (iii) the rebuttal expert disclosure deadline to May 27, 2026; and (iv) the discovery completion deadline to June 17, 2026.

8. Plaintiffs have served Defendant with extensive written discovery requests, including twelve separate sets of interrogatories, requests for production, and requests for admissions from the seven consolidated plaintiffs.

9. Beginning on April 13, 2026, Defendant's counsel contacted the undersigned to request additional time to serve responses to Plaintiffs' written discovery requests. [ECF No. 24 at ¶ 4]. In the course of those discussions, the Parties conferred regarding a potential Joint Motion for Extension that would modify the current pretrial schedule and, if necessary, continue the trial date. [*See* Exhibit "A"; *see also* ECF No. 24, ¶ 5]. Those discussions ultimately broke down.

10. On April 16, 2026, Plaintiffs learned for the first time during the Parties' conferrals that Defendant will not produce comparator evidence central to Plaintiffs' claims — a disclosure that fundamentally altered the scope of relief required and prevented the Parties from reaching agreement on a joint motion, as set forth in Section II(A) below.

11. On April 17, 2026, Defendant filed its own Motion for Extension of Time to Respond to Plaintiffs' Discovery Requests [ECF No. 22], requesting a two-week extension through May 1, 2026. Plaintiffs opposed this extension given that Plaintiffs' expert disclosure deadline is April 29, 2026 — two days **before** Defendant's discovery responses would be due.

3

12.     On April 20, 2026, the Court granted Defendant a one-week extension [ECF No. 23], requiring Defendant to respond to Plaintiffs' discovery requests by April 24, 2026.

13.     On April 22, 2026, Defendant filed its Second Motion for Extension of Time to Respond to Plaintiffs' Written Discovery Requests [ECF No. 24], seeking an additional one-week extension through May 1, 2026.

14.     The Court granted Defendant's Second Motion the same day it was filed [ECF No. 25], prior to any response from Plaintiffs, extending Defendant's deadline to respond to Plaintiffs' discovery requests through May 1, 2026. As a direct consequence of this Order, Defendant's discovery responses will not be due until two days **after** Plaintiffs' April 29, 2026 expert disclosure deadline—creating a structural impossibility that independently supports the relief requested herein.

## II.  Good Cause for Extension

Good cause exists to modify the Court's Scheduling Order [ECF No. 16] and its Paperless Order extending certain pretrial deadlines [ECF No. 21] due to a recently emerged discovery dispute concerning comparator evidence that is central to Plaintiffs' claims, a structural scheduling impossibility created by the current deadlines, and the substantial increase in case complexity following consolidation. Taken together, these circumstances render compliance with the current schedule impossible despite the Parties' diligence.

### A.  Breakdown of Joint Motion Conferrals

The Parties' inability to file a Joint Motion for Extension is not the result of bad faith on either side. It is the direct result of an intervening development on April 16, 2026 that fundamentally changed the scope of relief Plaintiffs needed — and which Defendant's Second Motion [ECF No. 24] does not address.

4

As noted in Defendant's Second Motion, Defendant's counsel first contacted the undersigned on April 13, 2026 to request a two-week extension to respond to Plaintiffs' discovery requests. [ECF No. 24 at ¶ 4; Exhibit "A"]. The following day, the undersigned and Defendant's counsel held a teleconference, after which the undersigned memorialized Plaintiffs' position in the email thread attached hereto as "Exhibit A." As stated in the undersigned's April 14 email to Defendant's counsel:

> Plaintiffs are amenable to a two-week extension, **conditioned on the parties jointly requesting extensions of the remaining pretrial deadlines (and, if necessary, a continuance of trial).**
>
> Our primary concern is that, if StratAir's discovery responses are not due until April 24 [a one-week extension], Plaintiffs would have only three business days (through April 29) to review the responsive documents, provide them to our expert, and have the expert review the materials and prepare his report. That timeline is not workable.

[Exhibit "A" (emphasis added)]. Consistent with that understanding, the undersigned invited Defendant's counsel to circulate a draft Joint Motion reflecting the approximate pretrial deadline extensions discussed during their teleconference earlier that day. Defendant's counsel circulated a draft at 8:52 p.m. on April 16 — the day before Defendant's discovery responses were then due. [*See* Exhibit "A"].

What Defendant's Second Motion does not disclose — and what explains why the Parties ultimately could not agree on a joint motion — is what happened earlier that same evening. At approximately 6:30 p.m. on April 16, the undersigned and Defendant's counsel held a second teleconference to discuss Defendant's requested discovery extension, the pretrial schedule modifications, and the potential need for a trial continuance. During that call, Defendant's counsel disclosed for the first time that Defendant does not intend to produce documents and information

related to workers classified as independent contractors or engaged through a staffing agency — individuals who, as described in Section II(B) below, are essential comparators for Plaintiffs' claims.

This disclosure materially changed the calculus. Prior to the April 16 call, Plaintiffs understood the extension discussion to involve modest adjustments to accommodate the volume of discovery requests served by seven consolidated plaintiffs — an arrangement for which the shorter extensions reflected in Defendant's April 16 draft would have been sufficient. After the call, it became clear that significantly more time would be needed: time for conferral on Defendant's anticipated objections, potential motion practice to request a discovery hearing before Magistrate Judge Lett, Court resolution of the dispute, Defendant's subsequent production of responsive materials, and Plaintiffs' expert's analysis and incorporation of that data into his report. A brief extension of discovery deadlines — without a continuance of the trial — would not be sufficient to allow this process to unfold without further disruption to the pretrial schedule.

The following morning, April 17, the undersigned revised Defendant's draft Joint Motion to reflect the longer extensions and trial continuance that the April 16 disclosure had made necessary, and circulated it back to Defendant's counsel. [*See* Exhibit "A"]. Defendant was not willing to agree to those modifications, which is why the Parties could not file a joint motion and why Plaintiffs now seek relief from this Court.

The Court's April 22, 2026 Order granting Defendant's Second Motion [ECF No. 25] extends Defendant's deadline to respond to Plaintiffs' discovery requests to May 1, 2026—two days **after** Plaintiffs' April 29 expert disclosure deadline. Contrary to Defendant's assertion that its second requested "seven-day extension will not prejudice Plaintiffs in any way" [ECF No. 24 at ¶ 11], this sequencing effectively precludes Plaintiffs from serving an expert report at all. As explained further in Section II(B) below, the statistical analysis central to Plaintiffs' claims cannot be

6

performed without the comparator data that Defendant's discovery responses—once produced, and litigated if necessary—must provide.

The relief Plaintiffs seek in this Motion is precisely the relief that Plaintiffs communicated, in writing on April 14, as a condition of any extension of Defendant's discovery response deadline. [*See* Exhibit "A"]. The Court's April 22 Order has confirmed what Plaintiffs' counsel warned: extending Defendant's discovery response deadline without corresponding extensions of the pretrial schedule and a continuance of trial creates a burden that cannot be remedied except through the relief requested herein.

## B.  Discovery Dispute Regarding Comparator Evidence

Good cause exists to extend the pretrial deadlines and continue the trial date in these consolidated cases due to a recently emerged discovery dispute concerning comparator evidence that is central—and potentially outcome-determinative—to Plaintiffs' claims. In employment discrimination cases, comparator evidence shows how an employer treated similarly situated individuals outside the protected class. *See, e.g., Lewis v. City of Union City*, 918 F.3d 1213, 1217-18 (11th Cir. 2019). Such evidence is essential to establishing that Plaintiffs—who allege they were terminated based on their age (over 40), disability status, associational disability status, and requests for protected leave—were treated less favorably than similarly situated individuals outside those protected classes.

Plaintiffs have served discovery requests seeking documents and information regarding independent contractors, temporary workers, and staffing agency personnel who performed substantially the same work as Plaintiffs, including demographic data, performance evaluations, disciplinary records, attendance records, job descriptions, and hiring and termination decisions. Notably, during pre-suit EEOC proceedings and throughout this litigation, Defendant has

repeatedly relied on its own statistical summaries concerning the layoff at issue while refusing to produce the underlying data necessary to evaluate those analyses. Plaintiffs have therefore retained an expert to assess the impact of the layoff on older workers and those who requested disability-related accommodations or protected medical leave.

During recent conferrals, Plaintiffs learned that Defendant's statistical summaries exclude similarly situated individuals engaged as independent contractors or through staffing agencies (although Plaintiffs have alleged these individuals worked at the same location as Plaintiffs, performing substantially similar job duties, under the direction of the same supervisors)—thereby skewing the analysis on which Defendant relies. Without this comparator data, Plaintiffs cannot meaningfully test Defendant's statistical defenses or establish disparate treatment or disparate impact—issues that go to the core of liability. It is therefore imperative that Plaintiffs obtain this information with sufficient time for expert analysis and report preparation.

Based on conferrals with Defendant's counsel on April 16, 2026, Plaintiffs further learned that Defendant will not produce this comparator evidence. This anticipated refusal will necessitate Court intervention, including a discovery hearing before Magistrate Judge Lett, which Plaintiffs intend to seek by separate motion. Even assuming Plaintiffs obtain relief through Court intervention, additional time will be required for Defendant to produce responsive materials, for Plaintiffs to review and analyze those materials, and for Plaintiffs' expert to incorporate the data into the statistical analysis central to Plaintiffs' claims.

This dispute could not have been anticipated when the current deadlines were set. Plaintiffs only recently learned, through conferrals, of Defendant's position. As a result, the current schedule renders it impossible—despite the Parties' diligence—to complete essential discovery, obtain Court

8

intervention, and provide Plaintiffs' expert with the information necessary to prepare a reliable and admissible report.

## C. Increased Case Complexity Due to Consolidation

Good cause exists to extend the pretrial deadlines and continue the trial date based on a substantial increase in case complexity resulting from the consolidation of this action with six additional plaintiffs. When the Court entered its Scheduling Order on December 30, 2025, this case involved only one plaintiff, Raisyl Cepero Garcia. The Court's deadlines were set based on the scope and complexity of a single-plaintiff employment discrimination action.

On January 22, 2026, the Court granted Plaintiff's Motion to Consolidate [ECF No. 18], consolidating this case with the *Grant* case. This consolidation added six additional plaintiffs to this action: Ivan Grant, Alex Laffita Ortiz, Henry Pinto Sumoza, Eyonny Prado Duran, Luis Rodriguez Ceruto, and Luis Same Gonzalo, bringing the total number of plaintiffs to seven. The consolidation fundamentally altered the scale of this litigation—from a single-plaintiff case to a multi-plaintiff action requiring coordinated discovery, individualized damages analyses, and complex statistical evaluation across multiple protected classes. This transformation necessarily requires additional time for both fact and expert discovery that was not contemplated at the time of the original Scheduling Order. Discovery now encompasses seven separate sets of personnel files, seven employment histories, seven termination scenarios, and seven distinct claims for damages. The expert statistical analysis required in this employment discrimination action must now evaluate Defendant's treatment of seven employees across multiple protected classes, rather than the single-plaintiff analysis contemplated when the deadlines were set.

Simply put, the increased complexity resulting from consolidation was not contemplated when the Court set the current pretrial deadlines and trial date. Proceeding under a schedule

9

designed for a single-plaintiff case would be inefficient and potentially prejudicial to all parties, as it does not provide adequate time to complete discovery, expert analysis, and trial preparation for the significantly more complex consolidated action.

### III.  Legal Basis and Requested Relief

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). District Courts have long recognized their inherent authority to manage their dockets "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997). Good cause may be found where, despite diligent efforts, a party requires additional time to complete critical discovery tasks within the existing schedule, particularly where case complexity has increased due to consolidation or where unanticipated discovery disputes arise.

The requested extensions are supported by good cause. Plaintiffs have diligently proceeded with this action, but the Court's Order granting ECF No. 25 has created a scheduling impossibility requiring immediate relief, and the recently emerged discovery dispute regarding comparator evidence will likely require resolution through a discovery hearing before Magistrate Judge Lett (as required under the Court's Order Setting Discovery Procedures [ECF No. 5]), followed by production, analysis, and expert incorporation of the disputed materials. Additionally, the consolidation with six additional plaintiffs has substantially increased the scope and complexity of discovery and expert coordination beyond what was anticipated when the current deadlines were set. The requested extensions and continuance are narrowly tailored to account for: (i) the structural impossibility created by ECF No. 25; (ii) anticipated motion practice, hearing, and Court

10

resolution of the discovery dispute; (iii) production of responsive materials; and (iv) expert analysis of those materials; and are not sought for purposes of delay.

Denial of the requested relief would materially prejudice Plaintiffs by forcing them to proceed without essential comparator evidence and without a meaningful opportunity to present complete expert analysis. Conversely, the requested extension will not unduly prejudice Defendant but will instead ensure that this case is resolved on a full and fair evidentiary record.

Accordingly, Plaintiffs respectfully request that this honorable Court continue the trials of these consolidated cases from November 30, 2026 to March 1, 2027, with calendar call to be held at 11:00 a.m. on February 25, 2027, and extend the Parties' pretrial deadlines as follows:

1. Plaintiffs shall disclose experts, expert witness summaries, and reports on or before **August 1, 2026**;

2. Defendant shall disclose experts, expert witness summaries, and reports on or before **August 15, 2026**;

3. The Parties shall exchange rebuttal expert witness summaries and reports on or before **August 29, 2026**;

4. The Parties shall complete all discovery, including expert discovery, on or before **September 19, 2026**;

5. The Parties shall file all dispositive pre-trial motions, memoranda of law, and any motions to strike or exclude expert testimony on or before **October 9, 2026**;

6. The Parties shall each file one motion *in limine* on or before **January 8, 2027**; and

7. The Parties shall file a joint pre-trial stipulation, exhibit lists, and witness lists, along with proposed jury instructions, a proposed verdict form (for jury trials), or proposed findings of fact and conclusions of law (for non-jury trials), and deposition designations on or before **January 8, 2027**;

**[*Remainder of Page Intentionally Blank*]**

11

Coral Gables, Florida | Detroit, Michigan
FairLaw Firm

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel hereby certifies that counsel conferred in good faith with Defendant's counsel prior to filing this Motion, and that Defendant opposes the relief requested herein.

Respectfully submitted this 23rd day of April 2026,

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiffs*

Coral Gables, Florida | Detroit, Michigan
FairLaw Firm