UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-24471-WILLIAMS/LETT
(Consolidated with Case No. 1:25-cv-24505-Moore/Elfenbein)

RAISYL CEPERO GARCIA,

      Plaintiff,

vs.

STRATAIR AVIATION SERVICES, LLC,

      Defendant.

                                          /

## PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE A UNILATERAL MOTION FOR DISCOVERY HEARING AND IN EXCESS OF PAGE LIMIT

Plaintiffs Raisyl Cepero Garcia, Ivan Grant, Alex Laffita Ortiz, Henry Pinto Sumoza, Eyonny Prado Duran, Luis Rodriguez Ceruto, and Luis Same Gonzalo ("Plaintiffs"), through undersigned counsel and pursuant to this Court's Order denying Plaintiffs' Motion for Extension of Pretrial Deadlines [ECF No. 33], which directed that Plaintiffs' request for leave to file a unilateral motion for discovery hearing and in excess of the page limit be filed as a separate motion in strict compliance with Judge Lett's discovery procedures [ECF No. 5], respectfully move for such leave and state as follows:

## I. INTRODUCTION

This Court's Order Setting Discovery Procedures [ECF No. 5] requires the parties to file a *joint* motion for a discovery hearing that sets forth the nature of the dispute in "five (5) double-spaced pages or less." Plaintiffs seek leave to file their motion unilaterally because StratAir's complete failure to fulfill its conferral commitments has made a joint filing impracticable, and because proceeding by unilateral motion is the most efficient means of securing a hearing date.

1

Plaintiffs seek leave to exceed the five-page limit because the number and complexity of discovery disputes across the two consolidated matters — encompassing over 150 individual discovery requests across ten distinct categories, StratAir's failure to cooperate in scheduling its corporate representative deposition and identify its disputed Rule 30(b)(6) topics, and a standstill over the terms of a proposed Confidentiality Order — make it impossible to present all disputes with the parties' respective positions and governing legal authority within five pages. Consistent with the parties' agreement during conferral, Plaintiffs also request that StratAir be permitted five (5) business days from the filing of Plaintiffs' forthcoming unilateral Motion for Discovery Hearing to file a response not to exceed the same number of pages as Plaintiffs' motion. Defendant does not oppose the relief requested herein, including the proposed response period and page limitation.

## II. LEAVE TO FILE A UNILATERAL MOTION

Before requesting a discovery hearing, the parties must confer in a good-faith effort to resolve the dispute in compliance with Local Rule 7.1(a)(3), and must certify that they made good-faith efforts to confer through at least one personal communication — in person, by videoconference, or by telephone. Plaintiffs have more than satisfied this requirement.

The parties conferred by telephone on May 14, 2026 and by Microsoft Teams on May 18, 2026, totaling approximately five hours. Prior to those calls, Plaintiffs served a detailed 30-page conferral letter on May 7, 2026, identifying pervasive deficiencies in StratAir's responses across both matters — reflecting the volume and complexity of the disputes at issue. During those calls, StratAir agreed to withdraw numerous improper objections across both matters and serve supplemental/amended responses, produce categories of documents, and provide a privilege log, among other commitments. StratAir also committed to provide a written list of its specific objections to Plaintiffs' proposed Rule 30(b)(6) deposition topics, but never did. Despite repeated

Coral Gables, Florida | Detroit, Michigan
FairLaw Firm

follow-up requests, StratAir has also failed to provide any availability for the corporate representative deposition. At the close of the May 18 call, StratAir committed to a specific timeline: amended RFA responses by the end of that week, amended RFP and INT responses the following week, and document production beginning on a "rolling basis" beginning the following week.

None of these commitments have been fulfilled. On May 22, 2026, Defendant's counsel emailed that StratAir "will need a confidentiality order in place before we can move forward with the production" of any documents whatsoever — a precondition never raised during either conferral call. As of this filing, StratAir has not served amended responses to a single RFA, RFP, or INT; has not produced a single document; has not served a privilege log; and has not provided its promised list of corporate representative deposition topic objections.

This Court has the power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) (recognizing a court's inherent authority to control the disposition of cases on its docket with economy of time and effort); *Clinton v. Jones*, 520 U.S. 681, 706-707 (1997) (recognizing a district court's broad discretion to manage its docket); *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) (recognizing district courts' "broad discretion over the management of pre-trial activities, including discovery and scheduling"). Consistent with that authority, courts routinely modify briefing procedures and page limitations where necessary to facilitate the efficient adjudication of complex disputes.

Plaintiffs seek leave to file a Motion for Discovery Hearing unilaterally primarily to avoid the additional time that would be consumed in coordinating a joint motion with a party that has wholly disregarded its conferral commitments. A joint filing process would require further back-and-forth with StratAir — the very party whose non-compliance necessitates Court intervention

3

— introducing further delay into an already compressed schedule. The Amended Scheduling Order [ECF No. 30] sets August 3, 2026 as the deadline to complete all discovery. It is imperative that the outstanding discovery disputes be fully and fairly resolved before those deadlines so that the parties may evaluate this case on a complete evidentiary record and prepare fully for trial. Every day of delay attributable to the joint-filing process is a day lost from the discovery period. Permitting Plaintiffs to proceed unilaterally is the most efficient path to securing a hearing date and ensuring that discovery disputes are resolved with sufficient time to complete production, and conduct remaining depositions.

The Court's Order expressly provides that "[i]f counsel refuses to confer, then the party seeking the hearing shall state so and outline the efforts made to confer with opposing counsel in the Motion for Discovery Hearing." The principle underlying that provision applies here with equal force: requiring Plaintiffs to jointly author a filing with a party that has wholly disregarded its conferral commitments would reward non-compliance and further delay proceedings. Given the parties' inability to resolve the outstanding disputes despite extensive conferral efforts, Court intervention to compel StratAir's compliance is warranted under Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv) to facilitate resolution of the issues.

### III. LEAVE TO EXCEED THE FIVE-PAGE LIMIT

The Court's Order requires the Joint Motion to set forth the nature of the dispute in five (5) double-spaced pages or less and to include the parties' "best supporting legal authority." Plaintiffs respectfully request leave to file their forthcoming unilateral motion not to exceed twelve (12) pages. The number of discovery disputes in this consolidated action is so substantial that there is no way to reduce Plaintiffs' presentation to five pages while including all of the Defendant's positions and the legal authority necessary for the Court to rule on each dispute. Indeed, Plaintiffs'

Coral Gables, Florida │ Detroit, Michigan
FairLaw Firm

pre-motion conferral letter identifying StratAir's discovery deficiencies alone spanned thirty (30) pages — six times the page limit imposed on the motion itself.

Across the two consolidated cases, StratAir's deficiencies encompass at least ten separate categories of objections to written discovery requests. StratAir has not produced a single document in either case despite pledging to produce dozens of categories in both matters, including personnel files, termination-related communications, RIF selection criteria, organizational charts, employee handbooks, EEOC position statements and communications related to Plaintiffs' claims, prior complaints and FMLA-related documents. Beyond this wholesale production failure, the disputed objections span: comparator and workforce information; non-answers to substantive interrogatories; third-party FMLA and medical leave records; training, compliance, and RIF procedure materials; financial records and client communications; ADA/FMLA coverage and eligibility requests; prior complaints of discrimination; custodian-limited communications; improper scope limitations on specific RFPs; "compound" objections to various Requests for Admission; StratAir's failure to provide availability for its Rule 30(b)(6) corporate representative deposition or a written list of its objections to Plaintiffs' proposed deposition topics, despite committing to both during conferral and receiving repeated follow-up requests; and the parties' standstill over the terms of a proposed Confidentiality Order.

Each of these categories involves separate discovery requests across two consolidated cases, distinct legal standards under Fed. R. Civ. P. 26(b)(1), 33(b)(3)-(b)(4), 34(b)(2)(B)-(C), 36(a)(1)(A), and 37, as well as Local Rule 26.1(g)(2) and Local Rule 26.1(d), and StratAir's specific objections and conduct as to each. The Court's Order requires the motion to include the "best supporting legal authority," and meaningfully presenting the legal authority governing each category of dispute — alongside its factual predicate and StratAir's position — cannot be accomplished in five

pages. Compressing this presentation would deprive the Court of the factual and legal context necessary to rule on any single category, likely requiring supplemental briefing or piecemeal hearings that would further delay the resolution of these disputes. The additional pages Plaintiffs seek are the minimum necessary to present all disputes efficiently and completely, and to ensure that the Court and StratAir have a full picture of each issue in advance of the hearing.

## IV. REQUEST FOR BRIEFING SCHEDULE FOR DEFENDANT'S RESPONSE

In the interest of fairness and to ensure the Court has the benefit of both parties' positions before the hearing, Plaintiffs further request that the Court permit StratAir five (5) business days from the filing of Plaintiffs' unilateral Motion for Discovery Hearing to file a response. Plaintiffs request that any such response be subject to the same page limit as Plaintiffs' forthcoming motion. This schedule will give StratAir a reasonable and equal opportunity to be heard, while still permitting the Court to set the hearing within the fourteen-day window contemplated by this Court's Order Setting Discovery Procedures [ECF No. 5].

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order: (1) granting Plaintiffs leave to file a unilateral Motion for Discovery Hearing; (2) granting Plaintiffs leave to file that motion in excess of the five-page limit set forth in this Court's Order Setting Discovery Procedures [ECF No. 5]; and (3) permitting StratAir five business days to file a response not to exceed the same number of pages as Plaintiffs' motion.

Coral Gables, Florida | Detroit, Michigan
FairLaw Firm

## **LOCAL RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel hereby certifies that counsel conferred in good faith with Defendant's counsel prior to filing this Motion, and that Defendant does not oppose the relief requested herein.

Respectfully submitted this 16th day of June 2026,

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiffs*
