**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 1:25-cv-24471-KMW
*(Consolidated with Case No. 1:25-cv-24505-Moore/Elfenbein)*

RAISYL CEPERO GARCIA, et al.,

*Plaintiffs,*

v.

STRATAIR AVIATION SERVICES, LLC,

*Defendant.*

_____/

### DEFENDANT'S RESPONSE TO ORDER TO SHOW CAUSE

Defendant StratAir Aviation Services, LLC ("StratAir" or "Defendant") respectfully responds to this Court's Order to Show Cause [DE 35] and states in support as follows:

### INTRODUCTION AND SUMMARY OF ARGUMENT

Sanctions are neither warranted nor appropriate here. Had Plaintiffs promptly engaged in discovery and provided Defendant with a reasonable time to serve revised responses to Plaintiffs' myriad of discovery requests, any discovery issues would have been resolved or substantially narrowed.

A discovery dispute exists now because Plaintiffs waited nearly six months after filing their Complaints to serve over five hundred and thirty (530) written discovery requests—and did so just one month before the original discovery deadline.

As to be expected with over five hundred separate discovery requests with varying degrees of relevance and proportionality, StratAir raised several objections in good faith. When Plaintiffs questioned some of the objections and responses, StratAir appropriately responded with a conferral discussion by telephone and Microsoft Teams conference. The fact these conferral discussions

1

lasted approximately five (5) hours proves that StratAir has taken its discovery and conferral obligations seriously.

StratAir agreed to withdraw certain defensible objections, prepare document productions, draft and send a confidentiality agreement, and coordinate depositions. Plaintiffs' counsel never once raised any concern about the pace of discovery. Contrary to Plaintiffs' suggestions, StratAir did not commit to any strict deadlines for these open issues arising out of their substantial conferral.

Instead, Plaintiffs bypassed this Court's meet-and-confer and joint-motion requirements entirely, filing a unilateral motion that presented the Court with an incomplete and one-sided picture of the parties' discovery progress, and ignoring the fact that any time sensitivity was caused by Plaintiffs' delay in serving discovery in the first place. Indeed, Plaintiffs' counsel committed during the May 18 conferral to circulate a draft joint motion on the remaining discovery disputes in compliance with this Court's procedures—but never did.

The record demonstrates that StratAir has acted in good faith at every turn. On May 22, 2026—just four days after the parties' conferral—Defendant prepared and sent the first draft of a confidentiality agreement. In that same email, undersigned counsel transparently acknowledged that, upon further review, a confidentiality order would be needed before production could proceed—a prompt course-correction that demonstrates good faith, not bad faith. Plaintiffs' counsel did not respond for nineteen (19) days. When they did respond on June 10, 2026, StratAir replied within one (1) day with additional proposed redlines. On June 22, 2026, the parties finalized the confidentiality order and filed the Joint Motion for Entry of Stipulated Confidentiality Order. As a result, the central issue raised in Plaintiffs' underlying Motion [DE 34] has been resolved amicably and is moot.   Additionally, StratAir has already produced 180 pages of documents. Plaintiffs' counsel's claim that Defendant is "stonewalling" is contradicted by their own delayed

2

response and their failure to send a single follow-up email about discovery before filing the underlying motion.

StratAir commits to clear compliance deadlines: (1) confidential documents will be produced within three (3) days after entry of the confidentiality order, with any remaining responsive ESI—limited solely to documents responsive to RFP No. 43—produced on a rolling basis as document review is completed; (2) proposed corporate representative deposition topics will be served by June 26, 2026; and (3) amended written discovery responses will be served by July 2, 2026. These proposed deadlines reflect StratAir's continued good faith—not any admission of wrongdoing.

The record here reveals a troubling pattern: Plaintiffs created their own discovery crunch by waiting until the month before the deadline to serve over 530 requests, then filed a unilateral motion in violation of this Court's procedures to manufacture grounds for the schedule extension this Court ultimately denied.

## BACKGROUND

This consolidated action involves seven Plaintiffs asserting employment-related claims against StratAir. These cases have been pending since September 2025, yet Plaintiffs chose to wait until March 18, 2026—the month before the original discovery deadline—to serve their initial discovery requests. Plaintiffs' delayed discovery requests were voluminous and contained **over 530 discrete written discovery requests** across these two consolidated cases, comprising 8 separate sets of interrogatories containing approximately 167 detailed, multi-part interrogatories, 199 requests for production, and 168 requests for admission. Each Plaintiff's requests require individualized, verified responses specific to that Plaintiff's distinct employment circumstances. Critically, the vast majority of the 199 requests for production require searches of electronically

stored information (ESI) — including requests for all communications mentioning each Plaintiff by name during specific date ranges, all communications among supervisors and managers discussing layoff decisions, all communications referencing age or national origin, and dozens of similar requests requiring targeted email and document searches across multiple custodians and date ranges. These ESI searches could not be designed or executed until StratAir received the specific requests in March 2026; once received, each search must be built, run, and then the resulting documents—thousands or more—must be reviewed for responsiveness, confidentiality, and privilege. Pursuant to the Court's Order granting an extension [DE 25], StratAir timely served its responses and objections to Plaintiffs' discovery requests on May 1, 2026.

The parties conferred by telephone on May 14, 2026, and by Microsoft Teams on May 18, 2026, for a combined total of approximately five (5) hours. During the May 18th conferral, the parties reached a number of agreements in the spirit of cooperation and to avoid unnecessary motion practice:

- StratAir agreed to narrow or withdraw certain objections and serve amended responses reflecting those changes;

- StratAir's document production would proceed on a rolling basis given the volume, beginning the week after the call;

- StratAir would prioritize production of documents over written responses; and

- Plaintiffs' counsel would send StratAir a draft joint motion for a discovery hearing on the remaining unresolved discovery items in accordance with the Court's Order Setting Discovery Procedures.

On May 22, 2026—just four days after the conferral—undersigned counsel emailed Plaintiffs' counsel a proposed confidentiality agreement and joint motion. In that email, counsel

4

transparently updated Plaintiffs: "After further review with my team, we identified that we will need a confidentiality order in place before we can move forward with the production. I appreciate your patience on this, and I apologize for getting ahead of myself on the timeline." The need for confidentiality was no surprise to Plaintiff's counsel who had requested a draft protective order the day before the first conferral call took place. Indeed, StratAir's discovery responses served on May 1, 2026, referenced the need for a confidentiality agreement prior to the production of certain specific documents. Counsel also assured Plaintiffs that "the production is ready to go on our end, and we will produce immediately upon entry of the order." This prompt, transparent communication—providing both a course-correction and a proposed solution within days of the conferral—is the opposite of stonewalling. Defendant prepared and sent the first draft. Plaintiffs' counsel did not respond until June 10, 2026—nineteen (19) days later.

On June 11, 2026—within one day of receiving Plaintiffs' revisions—undersigned counsel responded with additional redlines and offered to "hop on a call to discuss." Defendant had accepted all of Plaintiffs' proposed changes to the agreement except one provision regarding the burden to challenge confidentiality designations. Despite Defendant's prompt one-day turnaround, Plaintiffs filed their motion just days later, claiming Defendant was stonewalling. The record demonstrates the opposite.

Throughout this same period, the parties exchanged multiple communications regarding scheduling depositions of remaining Plaintiffs (Prado, Pinto, Rodriguez, and Garcia), and Defendant's counsel proactively followed up on deposition dates. The parties also engaged in confidential settlement discussions and Plaintiffs' depositions (including a deposition on the date that Plaintiffs filed their motion [DE 34]).

At no point during any of these communications—emails, phone calls, depositions, or settlement discussions—did Plaintiffs' counsel indicate that they viewed the pace of discovery as inadequate, express dissatisfaction with Defendant's compliance efforts, or provide any warning that they intended to seek Court intervention. Indeed, **Plaintiffs' counsel represented during the May 18th call that he would circulate a draft joint motion in compliance with the Court's Order Setting Discovery Procedures on the few remaining discovery items where the parties disagree—but never did.** Had Plaintiffs' counsel simply raised these concerns, they would have been addressed through the same cooperative process that had resolved every prior issue between the parties. Instead, Plaintiffs chose to file a unilateral motion, depriving Defendant of any opportunity to respond to their concerns before involving the Court.

**ARGUMENT**

**I. Defendant Has Acted in Good Faith and Taken Concrete Steps to Comply.**

StratAir has not "disregard[ed] the Court's orders and procedures." [DE 35]. To the contrary, StratAir has taken the following concrete steps demonstrating good faith compliance:

- Conferred with Plaintiffs' counsel for approximately five hours across two sessions (May 14 and May 18, 2026);

- Agreed in the spirit of cooperation to narrow or withdraw certain objections during the May 18th conferral, even though such objections were legally supportable, to avoid unnecessary motion practice and facilitate production;

- Prepared and transmitted a proposed confidentiality agreement and joint motion on May 22, 2026;

6

- Continued to negotiate the confidentiality agreement in good faith, accepting all of Plaintiffs' proposed changes except one provision and reaching agreement on June 22, 2026;

- Proactively scheduled and coordinated depositions of remaining Plaintiffs; and

- Produced 180 pages of responsive documents on June 17, 2026, with ESI searches completed and the resulting documents currently in review for responsiveness.

This is not the conduct of a party that has disregarded its obligations. StratAir has been actively working to fulfill its discovery commitments within the practical constraints of this case's extraordinary volume—a volume that Plaintiffs themselves acknowledge, having cited "the number and complexity of discovery disputes across the two consolidated matters" as justification for exceeding the page limit in their own motion. [DE 34, at 2].

**II. Plaintiffs Mischaracterized the May 18th Conferral.**

Plaintiffs' motion claims that "[a]t the close of the May 18 call, StratAir committed to a specific timeline: amended RFA responses by the end of that week, amended RFP and INT responses the following week, and document production beginning on a 'rolling basis' beginning the following week." [DE 34]. Plaintiffs further claim that "[n]one of these commitments have been fulfilled" and that the need for a confidentiality order was "a precondition never raised during either conferral call." *See id.* These characterizations require clarification.

*1. Defendant Did Not Commit to Specific Dates for Amended Written Responses.*

During the May 18th conferral, Defendant did not commit to specific dates for serving amended written responses. Given the extraordinary volume of discovery—530+ discrete requests requiring individualized, verified responses across seven plaintiffs—Defendant's counsel stated

7

that she would *try* to prioritize the amended RFAs (believing those to be the shortest documents) but expressly noted that the volume made specific commitments difficult. Each response must be drafted, reviewed for accuracy with the client, and (for the interrogatories) verified under oath. The parties agreed that Defendant would prioritize document production over written responses, precisely because the volume of written discovery made simultaneous completion impractical.

　　*2. The Need for a Confidentiality Order Was Discussed During Conferral.*

　　Contrary to Plaintiffs' assertion that the confidentiality requirement was "a precondition never raised during either conferral call," **Plaintiffs' own counsel requested a protective order before either conferral call took place.** On May 13, 2026—the day before the first conferral—Plaintiffs' counsel emailed Defendant's counsel and specifically requested that Defendant "provide a draft Protective Order addressing any discovery objections raised by StratAir that implicate confidential or protected information." Plaintiffs' counsel thus knew, before any conferral meeting even occurred, that confidentiality would be required for certain documents—because he asked for it himself.

　　During the May 18 conferral, the parties discussed rolling document production beginning the week following the conferral call. However, just four days later, on May 22, 2026, undersigned counsel reminded Plaintiffs' counsel of the need for a confidentiality order given the nature of the documents to be produced (which included confidential or sensitive personal information of various individuals). Plaintiffs never objected to this clarification or expressed any concern about the revised timeline. Defendant has also already produced 180 pages of responsive documents on June 17, 2026. StratAir has completed ESI searches for the sole remaining request for production

requiring electronic discovery (RFP No. 43) and is currently reviewing the resulting documents for responsiveness; any additional responsive documents will be produced on a rolling basis.[1]

The confidentiality order issue has now been resolved. On June 22, 2026, the parties finalized the Confidentiality Order and filed the Joint Motion for Entry of Stipulated Confidentiality Order. Throughout the negotiations, Defendant acted in good faith: StratAir accepted all of Plaintiffs' proposed revisions within one day of receipt and disagreed on only one provision—a standard provision well-established under Eleventh Circuit law. The parties' prompt resolution of this issue demonstrates that StratAir was never using the confidentiality order as a delay tactic. Defendant commits to producing confidential documents within three (3) days after entry of the order.

*3. Defendant Did Not Commit to Producing a Privilege Log by a Specific Date.*

Defendant agreed to produce a privilege log *if* documents were withheld on the basis of privilege, in accordance with the applicable rules. Defendant did not commit to serving a privilege log by any specific date. Defendant has produced documents and is not currently withholding any documents on the basis of privilege. Should any documents be withheld on privilege grounds in the future, Defendant will timely serve a privilege log in accordance with the applicable rules.

*4. Defendant Commits to Serving Proposed Corporate Representative Deposition Topics by June 26, 2026.*

---

[1] On June 12, 2026, Plaintiffs' counsel emailed Defendant acknowledging "the ongoing discovery disputes and our need to finalize the agreed confidentiality order" and filed a motion requesting a 60-day extension of the remaining pretrial deadlines the same date. *See* [DE 32]. The Court denied Plaintiffs' requested extension on June 15, 2026 [DE 33]—and only then did Plaintiffs file this discovery motion. The timing is telling: Plaintiffs' motion is not a response to genuine discovery deficiencies, but rather an attempt to manufacture grounds for the schedule extension the Court already denied. Given Plaintiffs' significant delays in even starting discovery on their claims, that ruling should not be disturbed.

Plaintiffs' counsel sent a proposed list of Rule 30(b)(6) topics that included 48 different topics (not counting many discrete subtopics), many of which were not relevant or proportional to the needs of the case. Rather than serve written objections to various topics, Defendant's counsel suggested that it could create a new list of non-objectionable topics for Plaintiffs' counsel's review.

Plaintiffs' motion asserts that StratAir "committed to provide a written list of its specific objections to Plaintiffs' proposed Rule 30(b)(6) deposition topics, but never did." Defendant has been working on its proposed list of agreed-upon corporate representative deposition topics and commits to serving them by June 26, 2026—just three days after this Response is filed. This timeline is necessary given the unreasonable number of topics initially proposed by Plaintiffs (48), the extraordinary volume of discovery, the parties' ongoing deposition schedule, and both Defendant's and counsel's other professional obligations in the interim. Once again, Defendant and Defendant's counsel have been working in good faith to resolve the issues created by Plaintiffs' last-minute and burdensome discovery requests. Had Plaintiffs promptly made this request months ago, the parties would have already resolved the scope and taken the deposition.

*5. Defendant Commits to Serving Amended Written Responses by July 2, 2026.*

Defendant commits to serving amended written discovery responses by July 2, 2026—just nine days after this Response is filed. This timeline reflects the extraordinary volume of discovery requiring individualized, verified responses across seven Plaintiffs. Each response must be drafted, reviewed with the client for accuracy, and verified under oath—a process that cannot be responsibly rushed. The timeline also accounts for the parties' ongoing deposition schedule (with the next Plaintiff's deposition scheduled for July 2, 2026).

*6. Plaintiffs Never Followed Up on These Issues Before Filing Their Motion.*

Most significantly, Plaintiffs' motion claims that StratAir failed to fulfill its commitments "[d]espite repeated follow-up requests." This is simply not true. A review of all communications between counsel from May 18, 2026, through June 16, 2026, reveals that Plaintiffs' counsel never once followed up on the status of amended written responses, never asked when documents would be produced, and never raised any concern about the pace of Defendant's compliance. The communications that did occur during this period concerned scheduling depositions (which Defendant proactively facilitated), negotiating the confidentiality agreement (which Defendant initiated), and settlement discussions. Had Plaintiffs' counsel simply sent an email asking about the status of discovery, Defendant would have responded—just as Defendant has responded cooperatively to every prior inquiry. A complete record of the email correspondence the undersigned received from Plaintiffs' counsel from May 18, 2026 (date of last conferral), through June 16, 2026 (date Plaintiffs' motion [DE 34] was filed), is attached as Exhibit 1.[2] The Court will see that no such follow-up requests exist.

**III. Plaintiffs Filed a Unilateral Motion in Violation of the Court's Discovery Procedures.**

This Court's Order Setting Discovery Procedures [DE 5] establishes a clear framework: parties must first "confer in a good-faith effort to resolve the dispute" before requesting Court intervention, and unresolved disputes must be raised through a *joint motion* for a discovery hearing. [DE 5 at 1–2]. The Order specifically cautions that "sending an email demanding a response or position on the same day is insufficient to satisfy the conferral obligations." *Id.* The Order is equally clear about the consequences: "[T]he parties shall not raise any discovery disputes

---

[2] Confidential settlement communications have been excluded from Exhibit 1.

by filing written discovery motions," and "[t]he Court will strike any motions filed in contravention of these procedures." [DE 5 at 3].

Plaintiffs' counsel did not follow these procedures. A review of all communications between counsel from May 18, 2026 (the date of the parties' last substantive conferral) through the filing of [DE 34] reveals that Plaintiffs' counsel *never raised the specific discovery issues identified in their motion* through any communication with defense counsel—no phone call, no email, no demand letter, no request for conferral. *See id*. The communications that did occur concerned depositions, the confidentiality agreement, and potential settlement—not the purported discovery failures alleged in the motion. *See id*. Plaintiffs' characterization of "repeated follow-up requests" is not supported by the actual record of communications between counsel—because no such requests exist.

Rather than contacting defense counsel to discuss these issues and, if necessary, jointly presenting the dispute to the Court, Plaintiffs' counsel filed a unilateral motion [DE 34] that included detailed, substantive arguments about specific discovery responses—precisely the type of advocacy that the Court's procedures reserve for joint motions for discovery hearing. Plaintiffs' motion for "leave" was a transparent attempt to circumvent the requirement that disputes be raised jointly and within the Court's five-page format. Moreover, Plaintiffs styled their motion as "unopposed" based on Defendant's statement that it did not oppose the *relief* Plaintiffs sought (i.e., leave to file a motion for discovery hearing and exceed the page limit)—not that Defendant agreed with Plaintiffs' characterizations or conceded any procedural violation. To be clear, StratAir does not oppose producing discovery; it has been actively working to do so. What StratAir opposes is Plaintiffs' mischaracterization of this process and their end-run around the Court's established procedures.

12

**IV. Any Discovery Timing Issues Were Caused by Plaintiffs' Own Delay.**

Plaintiffs' motion complains of the approaching discovery cutoff, but Plaintiffs ignore that they caused this situation. The cases have been pending since September 30, 2025, and October 1, 2025 respectively, yet Plaintiffs did not serve written discovery on StratAir until **March 18, 2026**— **nearly six (6) months later and a month before the original discovery deadline**. That delay is attributable to Plaintiffs' own lack of diligence—not any improper actions by Defendant.

Plaintiffs should not have been surprised that this avalanche of over 500 discovery requests would result in some legitimate objections that needed to be resolved. The timeline speaks for itself.

**V. Sanctions Are Unwarranted.**

Under this Court's Discovery Procedures, sanctions may be imposed where "discovery is being improperly sought or is being withheld in bad faith or without substantial justification." [DE 5 at 5]. Neither condition exists here.

StratAir has not withheld discovery in bad faith. The record demonstrates that StratAir has been working diligently and cooperatively to fulfill its discovery obligations within the practical constraints of a case involving 530+ discrete requests requiring individualized, verified responses for seven plaintiffs. StratAir withdrew objections to facilitate production, proposed and finalized a confidentiality agreement to enable production of sensitive documents, and has already produced 180 pages of documents. StratAir has completed ESI searches for the sole remaining request for production requiring electronic discovery (RFP No. 43) and is reviewing the resulting documents for responsiveness; any additional responsive documents will be produced as review is completed. The parties filed the Joint Motion for Entry of Stipulated Confidentiality Order on June 22, 2026,

13

and Defendant commits to producing confidential documents within three days after entry of the order.

Nor does substantial justification exist for sanctions. The complexity of this discovery is undisputed—Plaintiffs themselves acknowledged it. StratAir has participated in this Court's procedures by conferring in good faith, withdrawing objections, and working toward production. As set forth above, any delay is attributable to Plaintiffs' own decision to wait until the month before the discovery deadline to serve over 530 discovery requests—not to any disregard of this Court's Orders.

StratAir respectfully submits that imposing sanctions under these circumstances would be inequitable and contrary to this Court's expectation that "all parties [] engage in reasonable compromise to facilitate the resolution of discovery disputes." [DE 5 at 2]. StratAir has done exactly that.

Ironically, StratAir's good-faith efforts to cooperate are the very reason this dispute exists. Had StratAir simply stood on its legally defensible objections—rather than agreeing to narrow or withdraw them and working to identify agreeable corporate representative deposition topics— Plaintiffs would have been required to file a joint motion challenging those objections through this Court's established procedures. Instead, StratAir engaged in reasonable compromise, as this Court expects, and is now being penalized for doing so. Sanctioning a party for taking time to fulfill cooperative commitments—while actively producing documents, finalizing a confidentiality order, and scheduling and taking depositions—would discourage the very conduct that Rule 1 and this Court's Discovery Procedures are designed to promote.

## **CONCLUSION**

For the foregoing reasons, Defendant StratAir Aviation Services, LLC respectfully requests that this Court find that sanctions are not warranted and decline to impose any sanctions. To demonstrate Defendant's commitment to completing discovery in a timely manner, Defendant proactively commits to the following compliance deadlines: (1) Defendant will produce confidential documents within three (3) days after entry of the confidentiality order, with any additional responsive ESI (from RFP No. 43) produced on a rolling basis as document review is completed; (2) Defendant will serve proposed corporate representative deposition topics by June 26, 2026; and (3) Defendant will serve amended written discovery responses by July 2, 2026. On June 22, 2026, the parties reached agreement on the Confidentiality Order and filed the Joint Motion for Entry of Stipulated Confidentiality Order. StratAir has already produced 180 pages of responsive documents, has completed ESI searches for the sole remaining request for production (RFP No. 43), and is actively reviewing the resulting documents for responsiveness. Moreover, the parties' agreement on the Confidentiality Order renders the central dispute in Plaintiffs' motion moot.

Respectfully submitted,

*Nalani Alesia Gordon*
NALANI ALESIA GORDON
Florida Bar No. 1010976
ngordon@gunster.com; lmusco@gunster.com
ROGER W. FEICHT
Florida Bar No. 84982
rfeicht@gunster.com; lhagan@gunster.com
GUNSTER YOAKLEY & STEWART, P.A.
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone: 561-655-1980
*Counsel for Defendant, StratAir Aviation Services, LLC*

15