UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-24471-WILLIAMS/LETT
(Consolidated with Case No. 1:25-cv-24505-Moore/Elfenbein)

RAISYL CEPERO GARCIA,

      Plaintiff,

vs.

STRATAIR AVIATION SERVICES, LLC,

      Defendant.

_____/

## PLAINTFFS' MOTION FOR DISCOVERY HEARING

Plaintiffs Ivan Grant, Alex Laffita Ortiz, Henry Pinto Sumoza, Eyonny Prado Duran, Luis Rodriguez Ceruto, and Luis Same Gonzalo (collectively, "Plaintiffs"), through undersigned counsel and pursuant to this Court's Order Setting Discovery Procedures [ECF No. 5] and the Court's Order granting leave to file unilaterally [ECF No. 36], move for a Discovery Hearing.

## I. BACKGROUND AND CONFERRAL

Plaintiffs served written discovery in both consolidated actions, and StratAir served responses and objections on May 1, 2026. On May 6, 2026, Plaintiffs served a detailed conferral letter identifying numerous deficiencies, including the complete absence of document production. Counsel thereafter conferred by telephone and videoconference for approximately five hours. (*See* Plaintiffs' Discovery Conferral Letter, attached hereto as Exhibit "J"). During those conferences, StratAir agreed to withdraw certain objections, supplement responses, produce documents, provide a privilege log, and identify any Rule 30(b)(6) topic objections.

Those commitments largely remain unfulfilled. StratAir produced no documents until June 17, 2026—after entry of the Court's Order to Show Cause [ECF No. 35] and Order granting leave to file

1

unilaterally [ECF No. 36]—and the production remains materially incomplete. StratAir has not served amended responses, produced a privilege log, identified its Rule 30(b)(6) objections, or provided deposition availability.

## II. DISPUTES REQUIRING COURT RESOLUTION

**(A) Financial Records and RIF Justification.** StratAir refuses to produce financial records and documents supporting its asserted reduction-in-force justification, affecting the requests identified in Proposed Order ¶ 1(a) (attached hereto as Exhibit "A"). Because StratAir relies on decreased workload and revenue as a central defense, and because "Defendant's financial condition is certainly relevant to [a] Plaintiff's claim for punitive damages[,]" documents bearing on that justification are clearly discoverable. *Williams v. Asplundh Tree Expert Co.*, 2006 U.S. Dist. LEXIS 44995, at *10-11 (M.D. Fla. Jan. 9, 2006) (citing Fed. R. Civ. P. 26(b)); *Gottwald v. Producers Group I, LLC*, 2013 U.S. Dist. LEXIS 59452, at *3 (S.D. Fla. Apr. 25, 2013) ("[I]t is clear that financial worth is relevant to a claim of punitive damages.").

**(B) Comparator and Workforce Information.** StratAir refuses to produce comparator staffing-agency, contractor, and workforce information, affecting the requests identified in Proposed Order ¶¶ 1(b), 2(c), and 3(b). Comparator evidence and information concerning workers performing Plaintiffs' duties (whether classified by StratAir as employees or non-employees) are directly relevant to Plaintiffs' discrimination claims and StratAir's RIF defense. *Daughtrey v. Honeywell, Inc.*, 3 F.3d 1488, 1495-96 (11th Cir. 1993); *Peppers v. Cobb Cnty.*, 835 F.3d 1289, 1298 (11th Cir. 2016); *Knitter v. Corvias Military Living, LLC*, 758 F.3d 1214, at 1225-29 (10th Cir. 2014); *Mergler v. ABV Freight Sys.*, 2016 U.S. Dist. LEXIS 145215 (M.D. Fla. Oct. 20, 2016); *Freeman v. Motorola Solutions*, 2020 U.S. Dist. LEXIS 256909, at *6-14 (M.D. Fla. Oct. 7, 2020); *EEOC v. Suntrust Bank*, 2013 U.S. Dist. LEXIS 199361 (M.D. Fla. Sep. 13, 2013).

Coral Gables, Florida │ Detroit, Michigan
FairLaw Firm

(C) **Personnel Files and Performance/Attendance Documents.** StratAir has failed to produce complete personnel files, evaluations, attendance records, and disciplinary records – despite StratAir's commitment to do so – affecting the requests identified in Proposed Order ¶ 1(c). These materials are central to evaluating StratAir's stated reasons for Plaintiffs' terminations and are routinely discoverable in employment litigation. Fed. R. Civ. P. 26(b)(1), 34(b)(2)(B)-(C).

(D) **Scope-Restricted Objections to Communications.** StratAir has unilaterally limited communications discovery to: (i) three custodians involved in Plaintiffs' termination, despite StratAir's concession that additional supervisory employees were involved in these termination decisions; and (ii) a restricted date range – affecting the requests identified in Proposed Order ¶ 1(d). A responding party may not substitute its own narrower search parameters without demonstrating irrelevance, undue burden, or disproportionality. Fed. R. Civ. P. 26(b)(1), 34(b)(2)(B)-(C); *see, e.g., Panola Land Buyers Assoc. v. Shuman*, 762 F.2d 1550, 1559-60 (11th Cir. 1985).

(E) **Training, Compliance, and RIF Procedure Materials.** StratAir refuses to produce training, compliance, and RIF-procedure materials identified in Proposed Order ¶¶ 1(e) and 2(e). Such materials are relevant to intent, willfulness, good-faith defenses, and punitive damages. *See Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 544-46 (1999).

(F) **Prior Charges and Complaints.** StratAir refuses to produce prior discrimination complaints and EEOC charges identified in Proposed Order ¶¶ 1(f) and 2(f). Such evidence is relevant to notice, intent, and punitive damages. *See Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1285-86 (11th Cir. 2008).

(G) **Investigative Materials.** StratAir refuses to produce documents relating to investigations of Plaintiffs' complaints and terminations, affecting Proposed Order ¶¶ 1(g) and 3(d). These materials are relevant to pretext, the adequacy of StratAir's decision-making process, and

Coral Gables, Florida ⎪ Detroit, Michigan
FairLaw Firm

awarding punitive damages. *See Splunge v. Shoney's, Inc.* 97 F.3d 488, 491 (11th Cir. 1996) (reversing award of punitive damages where employer had a policy against discrimination and investigated complaints under that policy); *see also Brown v. Chertoff*, 563 F. Supp. 2d 1372, 1378 (S.D. Ga. 2008).

**(H) FMLA and Medical Leave.** StratAir refuses to produce documents concerning FMLA leave, medical leave, and disability-accommodation practices identified in Proposed Order ¶¶ 1(h) and 2(d). Such information is relevant to Plaintiff Rodriguez Ceruto's claims, StratAir's established procedures, and to comparative treatment of similarly situated employees. *See Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1299 (11th Cir. 2006); *see also Brown*, 563 F. Supp. 2d at 1378 ("under employment discrimination law, an employer's failure to follow its own policies may be evidence of pretext.")

**(I) "Premature" Objections and Documents Relied on by Defendant.** StratAir asserts blanket "premature" objections to discovery identified in Proposed Order ¶¶ 1(i), 1(j), and 2(b). The Federal Rules do not recognize a generalized "premature" objection, and contention discovery is expressly permitted during fact discovery. Fed. R. Civ. P. 33(a)(2), 33(b)(4).

**(J) Incomplete Interrogatory Responses.** StratAir provided nonresponsive answers to interrogatories identified in Proposed Order ¶¶ 2(a) and 2(g), including interrogatories concerning reassignment of Plaintiffs' duties and the factual bases for StratAir's defenses. Evasive responses constitute a failure to answer. Rule 33(b)(3) requires each interrogatory be answered "fully"; an evasive answer is a failure to answer. Fed. R. Civ. P. 37(a)(4); *Cabrera v. Baycare Health Sys.*, 2010 U.S. Dist. LEXIS 149579, at *5 (M.D. Fla. Nov. 29, 2010).

**(K) Compound Objection.** StratAir refuses to answer RFAs identified in Proposed Order ¶ 3(c) based on compound, argumentative, and relevance objections. Rule 36 requires admissions or denials and does not authorize the objections asserted here. Fed. R. Civ. P. 36(a)(4).

**(L) Privilege Log.** Although StratAir has invoked privilege in multiple responses, it has not produced a privilege log despite agreeing to do so during conferral. Rule 26(b)(5)(A) requires a party withholding documents on privilege grounds to provide information sufficient to assess the claim of privilege.

**(M) Corporate Representative Deposition.** Plaintiffs served Rule 30(b)(6) topics (attached hereto as Exhibit "K") and repeatedly requested deposition dates. StratAir objected generally to "many" topics, failed to identify the specific objections it promised to provide, and has not supplied availability. The Court's Order Setting Discovery Procedures [ECF No. 5] provides that "[c]orporations are not entitled to review of anticipatory relevance objections prior to the taking of a corporate representative's deposition" and that scope objections must be "timely served (not filed) in advance." StratAir's conduct has prevented Plaintiffs from scheduling this deposition entirely.

### III. RELIEF REQUESTED

Plaintiffs respectfully request that the Court schedule a Discovery Hearing on July 1, 2026, to resolve: (1) StratAir's incomplete document production and failure to serve amended responses; (2) the disputed objections above; and (3) the corporate representative deposition. Plaintiffs further request sanctions pursuant to Fed. R. Civ. P. 37(a)(5), including reasonable attorneys' fees incurred in bringing this Motion. Plaintiffs' proposed order is attached as Exhibit "A"; source materials are attached as Exhibits "B" through "K." All counsel who will argue this motion are local (South Florida)

Respectfully submitted this 23rd day of June 2026,

<div style="margin-left:40%">

s/ Patrick Brooks LaRou
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiffs*

</div>