UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-24505-MOORE/ELFENBEIN

IVAN GRANT,
ALEX LAFFITA ORTIZ,
HENRY PINTO SUMOZA,
EYONNY PRADO DURAN,
LUIS RODRIGUEZ CERUTO,
AND LUIS SAME GONZALO,

     Plaintiffs,

vs.

STRATAIR AVIATION
SERVICES, LLC,

     Defendant.

_____/

**DEFENDANT'S REPONSE TO PLAINTIFF ALEX LAFFITA ORTIZ'S**
**FIRST SET OF INTERROGATORIES TO DEFENDANT**

Defendant, STRATAIR AVIATION SERVICES, LLC. ("StratAir"), by and through its undersigned counsel, hereby responds to Plaintiff ALEX LAFFITA ORTIZ's First Set of Interrogatories to Defendant under Certificate of Service dated March 18, 2026, by responding as follows:

ACTIVE:39672346.1

## INTERROGATORIES

1.      Please identify each person answering or assisting in answering these interrogatories, and his/her relationship to StratAir, as well as his/her full name, date of birth, social security number, current residential address, and all positions and job titles each such person has held with StratAir during the past five years.

**ANSWER:      Andres Gonzalez, Manager & Vice President of Cargo**
**c/o Roger W. Feicht, Esq.**
**Gunster, Yoakley & Stewart, P.A.**
**777 S. Flagler Drive, Suite 500 East**
**West Palm Beach, Florida 33401**
**561-655-1980**

**To the extent this request seeks additional information, StratAir objects to the request as seeking sensitive personal information (social security numbers, dates of birth, and home residential addresses) that is not relevant to any claim or defense in this action.**

2.      State the specific reason(s) why Plaintiff was selected for termination, state all facts supporting each reason, identify who identified or raised each reason, state whether performance or attendance issues were cited as reasons and if so identify all specific incidents with dates, and identify all documents evidencing each reason.

**ANSWER:      In January 2024, a major customer of StratAir informed StratAir that it had decided to reduce the number of future cargo delivery flights that it would hire StratAir to unload. This was a major blow to StratAir's work in the near future and resulted in an immediate and significant decline in anticipated revenue. As a direct result of its customer's decision, StratAir had too many employees for the projected demand for its services. Given the significant reduction in work to be performed and the associated drop in revenue, StratAir made the reasonable business decision to reduce its workforce in January 2024. StratAir ultimately laid off twenty-eight (28) employees, including Plaintiff. When management considered employees to be included in the necessary layoff, it evaluated the warehouse and cargo handling workforce based on multiple factors, including relative job performance, seniority, and the operational needs of the business. These factors were weighed holistically. As part of this process, Plaintiff was among those selected for inclusion in the reduction in force.**

2

3. Identify all persons who participated in the decision to terminate Plaintiff, state each person's specific role in the decision, state the date(s) they participated, describe what information they considered, and identify all documents they reviewed or created in connection with the decision.

**ANSWER:** **Gisela Barrera and Armando Portales Viera, in consultation with warehouse supervisors and their own observations, made the decision to recommend the termination of Plaintiff to Jorge Corral.**

4. State Plaintiff's official job title(s) and position classification(s) during his employment with Defendant, including: (a) each job title held; (b) the dates during which he held each title; (c) the department or division to which he was assigned; and (d) the shift(s) he regularly worked; and (e) identify all individuals who held a supervisory or managerial position over Plaintiff at any time during his employment, and for each such individual, state their full name, job title, and the dates during which they supervised Plaintiff.

**ANSWER:** **Plaintiff worked for StratAir as a Warehouse Handler from March 2023 until January 2024. Plaintiff's job duties involved unloading cargo containers from aircraft, unloading packages from cargo containers, sorting unloaded packages into gaylord boxes, loading gaylord boxes into trucks for subsequent delivery, along with the reverse process for unloading delivery trucks, sorting the cargo into containers for loading onto aircraft, and loading the cargo containers onto the aircraft. Plaintiff worked the night shift. Gisela Barrera was the operations manager for the night shift and supervised Plaintiff.**

5. State whether Defendant contends that Plaintiff's position was eliminated and not refilled, and if so, state whether the job duties and functions previously performed by Plaintiff were reassigned to other employees or independent contractors and to whom, state whether any employee or contractor was hired or engaged to perform the same or substantially similar work after January 2024 and if so identify each such person with their age and start date, and state whether the total headcount of persons (employees plus contractors) performing warehouse, cargo, or security work at the Miami location decreased, remained the same, or increased following the January 2024 layoff.

**ANSWER:** **As a result of the significant reduction in anticipated cargo volume and associated revenue, StratAir reduced the number of employees assigned to warehouse and cargo handling functions. The reduction was a headcount reduction driven by decreased workload and revenue, not an elimination of job classifications. The reduced volume of work no longer required the same staffing levels that had previously been necessary.**

ACTIVE:39672346.1

6.   For each employee or independent contractor who was retained and held the same or similar position as Plaintiff, state their name, age, position, employment status (employee or contractor), supervisor(s), and the reason they were retained instead of terminated.

**ANSWER:   Aggregate data regarding the age, position, and tenure of employees from prior to the RIF in January 2024 will be produced. As it relates to employees, the request seeks detailed personal information of non-party employees who are not involved in this litigation. The names of employees at StratAir are not relevant to any claim or defense in this action. As it relates to independent contractors, StratAir did not engage any independent contractors. To the extent this request seeks further information, StratAir objects.**

7.   State whether any supervisor, manager, or other person employed by or acting on behalf of StratAir made any statement(s) regarding employees' ages, older employees, replacing older employees with younger employees, needing "new blood," bringing in younger workers from agencies, or similar age-related statements from January 2023 through February 2024, and if so, for each statement identify the person who made it, state the exact words used, state the date and location, identify all witnesses, and state Defendant's position regarding whether each statement was made.

**ANSWER:   StratAir denies that any supervisor, manager, or other person employed by or acting on behalf of StratAir made any age-related statement(s) of the kind described in this interrogatory during the time period of January 2023 through February 2024. Because no such statements were made, the remaining subparts of this Interrogatory are inapplicable.**

8.   Identify all complaints, charges, or allegations of age discrimination made by any employee or former employee against StratAir or any of its supervisors or managers from January 2022 through the present, and for each state the complainant's name, the date, the accused individual(s), the allegations, the outcome or resolution, and what corrective action (if any) was taken.

**ANSWER:   Objection. This Interrogatory is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. Plaintiff's claims arise from his inclusion in the January 2024 reduction in force, and the relevant inquiry is whether StratAir's decision with respect to Plaintiff was motivated by discriminatory animus based on his age. The existence or nonexistence of unrelated discrimination complaints by other employees in different departments, holding different positions, under different supervisors, and involving wholly distinct factual circumstances has little, if any, bearing on whether StratAir discriminated against Plaintiff in connection with the reduction in force. The Interrogatory appears designed to conduct a fishing expedition into StratAir's broader employment practices rather than to develop evidence directly relevant to the claims and defenses at issue. The marginal relevance of complaints involving different employees, different decision-makers, and different circumstances is substantially outweighed by the burden of compiling such information and the intrusion upon the privacy interests**

ACTIVE:39672346.1

**of the individuals involved. StratAir further objects on the ground that the Interrogatory is impermissibly vague and ambiguous. The terms "complaints," "charges," and "allegations" are not defined and could encompass a virtually unlimited range of communications, from formal EEOC charges to informal verbal statements made in the course of routine workplace interactions. Similarly, the term "corrective action" is undefined and ambiguous as to whether it refers to formal disciplinary measures, policy changes, remedial training, or other responsive steps. Without clear definitions, StratAir cannot reasonably determine the scope of the information sought, and any response would necessarily reflect StratAir's subjective interpretation of these undefined terms.**

9.      Identify all complaints, charges, or allegations of age discrimination made by any employee or former employee against StratAir or any of its supervisors or managers from January 2022 through the present, and for each state the complainant's name, the date, the accused individual(s), the allegations, the outcome or resolution, and what corrective action (if any) was taken.

      **ANSWER:** **StratAir objects to this interrogatory as duplicative of Request No. 8 above.**

10.     State the specific reasons why Mr. Laffita Ortiz was transferred from inside warehouse work to outside cargo work in or around 2023, identify who made the decision, state when the decision was made, state all facts supporting the decision, state whether the transfer resulted in any change in pay, benefits, or working conditions, and identify all documents relating to this transfer.

      **ANSWER:** **Objection. The Interrogatory assumes facts. Plaintiff Laffita requested to work on the cargo ramp. Plaintiff was not "transferred," as the Interrogatory assumes. StratAir also objects to the characterization of "inside warehouse" and "outside cargo work" as vague and ambiguous.**

11.     State the specific reasons why Mr. Laffita Ortiz was later transferred back to inside warehouse work from outside cargo work, identify who made the decision, state when the decision was made, state whether this transfer was at Mr. Laffita's request, state whether the transfer resulted in any change in pay, benefits, or working conditions, and identify all documents relating to this transfer.

      **ANSWER:** **Objection. The Interrogatory assumes facts. Plaintiff Laffita requested to work on the cargo ramp. Plaintiff was not "transferred," as the Interrogatory assumes. StratAir also objects to the characterization of "inside warehouse" and "outside cargo work" as vague and ambiguous.**

ACTIVE:39672346.1

12. State whether Mr. Laffita Ortiz's hourly wage or pay rate changed at any time between his hire date and his termination in January 2024, and if so, state each change in pay rate with the date of each change, the reason for each change, whether each change was an increase or decrease, who authorized each change, and identify all documents reflecting each pay change.

**ANSWER: Plaintiff received one additional dollar per hour for the brief period of weeks that he worked on the cargo ramp. Plaintiff's pay rate did not change any other time during his employment.**

13. State the date Mr. Laffita Ortiz sent an email to StratAir's President following his termination, identify the President to whom the email was sent, state whether the President or anyone else at StratAir responded, state the date and substance of any response, state whether any investigation was conducted as a result of Mr. Laffita's email, state whether any action was taken in response to the email, and identify all documents relating to Mr. Laffita's email and any response.

**ANSWER: Plaintiff Laffita Ortiz sent an email to me on January 23, 2024. StratAir did not respond to Plaintiff's email. StratAir objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine.**

14. State whether Mr. Laffita Ortiz was subjected to increased scrutiny, micromanagement, or closer supervision following the hiring or engagement of younger employees or independent contractors in late 2023, and if so, describe the increased scrutiny or micromanagement, identify who subjected him to such treatment, state when it began, state the reason for the increased scrutiny, identify all employees who were subjected to similar treatment, and identify all documents evidencing such treatment.

**ANSWER: StratAir denies that Plaintiff Laffita Ortiz was subjected to increased scrutiny, micromanagement or closer supervision following the hiring or engagement of younger employees or independent contractors in late 2023. Because no such "increased scrutiny, micromanagement, or closer supervision" occurred, the remaining subparts of this interrogatory are inapplicable. StratAir objects to the characterization of "hiring or engagement of younger employees" as argumentative and vague. In addition, StratAir did not engage independent contractors.**

15. Identify all employees or independent contractors who performed warehouse work at the Miami location and were under age 40 as of January 2024, and for each state their name, age, position, hire or engagement date, employment status (employee or contractor), whether they were retained following the January 2024 layoff, and if retained the stated reason for retention.

**ANSWER: StratAir did not engage independent contractors during or after Plaintiff's employment. To the extent the Interrogatory seeks information regarding**

6

independent contractors, it calls for the identification of a category of individuals that does not exist, and no response is possible or required. StratAir objects to the extent this Interrogatory seeks personally identifiable information, including names of nonparty employees who are not parties to this litigation and who have a reasonable expectation of privacy in their personal and employment information. Disclosure of such information for potentially dozens of individuals implicates significant privacy concerns and should not be compelled absent a particularized showing of direct relevance to Plaintiff's claims and an appropriate protective order governing the use and dissemination of confidential employee information. Aggregate data regarding the age, position, and tenure of employees from prior to the RIF in January 2024 will be produced.

16.     State whether Mr. Laffita Ortiz provided training, mentoring, or assistance to any younger or newly hired employees or contractors during 2023, and if so, identify each person he trained or assisted, state their age, state the dates of training, describe what training or assistance he provided, state whether this was at the direction of supervisors or management, state whether any of the persons he trained were retained following the January 2024 layoff while Mr. Laffita was terminated, and identify all documents relating to Mr. Laffita's training activities.

        **ANSWER:     Plaintiff was not assigned to provide training, mentoring, or assistance to any employees at StratAir at any time during his employment.**

17.     Identify all employees at the Miami location who had documented performance problems, attendance issues, or disciplinary issues similar to or more serious than any alleged issues regarding Mr. Laffita but were NOT selected for termination in the January 2024 layoff, and for each state their name, age, the nature of their issues, the date(s) of the issues, whether the issues were documented, and the reason they were not selected for termination.

**ANSWER:     Objection. This Interrogatory is overly broad and unduly burdensome in that it seeks detailed personal and employment information for potentially hundreds of employees across the entire company who may have any form of "documented performance problems, attendance issues, or disciplinary issues similar to or more serious than any alleged issues regarding Mr. Laffita" at any point during their employment. StratAir employed hundreds of individuals at the time of the January 2024 reduction in force, and the Interrogatory imposes no reasonable limitations on the time frame of the disciplinary history sought, the departments or business units to which it applies, or the types of "similar" conduct or performance issues at issue. Compiling the requested information would require StratAir to undertake an exhaustive, manual review of personnel files for the entire workforce, impose significant burden on StratAir's human resources department, and generate a response disproportionate to any legitimate discovery need in this matter. StratAir further objects on the ground that the Interrogatory is impermissibly vague and ambiguous. The phrases "performance problems," "attendance issues," and "disciplinary issues" are vague and StratAir has no way to meaningfully search for**

ACTIVE:39672346.1

**this information or ensure that all responsive categories of information are produced. The phrase "similar to or more serious than any alleged issues regarding Mr. Laffita" lacks sufficient specificity to enable StratAir to identify the universe of employees whose records must be searched. Without a clear and agreed-upon definition of what constitutes "similar" attendance, disciplinary or performance issues, the Interrogatory calls for StratAir to exercise subjective judgment and speculation. StratAir objects on the ground that this Interrogatory is not proportional to the needs of the case, as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. The January 2024 reduction in force was driven by legitimate business considerations, including operational restructuring, cost reduction, and strategic realignment, and the selection of employees for separation was based on a multifactor analysis that extended well beyond any single disciplinary event. StratAir objects to the extent this Interrogatory seeks personally identifiable information, including names of nonparty employees who are not parties to this litigation and who have a reasonable expectation of privacy in their personnel records. Disclosure of such information implicates significant privacy concerns and should not be compelled absent a showing of direct relevance and a suitable protective order.**

18.    State all facts supporting Defendant's denial that Mr. Laffita Ortiz was discriminated against based on his age, including all evidence Defendant contends demonstrates non-discriminatory reasons for his termination.

**ANSWER:    Objection. This Interrogatory is overly broad and premature in that it effectively asks StratAir to marshal and present the entirety of its factual case in chief in response to a single discovery request. The Interrogatory calls upon Defendant to identify "all facts" supporting its position that Plaintiff's termination was not motivated by age, which is tantamount to requiring StratAir to prepare and disclose a comprehensive trial brief at this stage of the litigation. Courts have routinely recognized that contention interrogatories of this nature are more appropriately deferred until the close of fact discovery, after the parties have had a full and fair opportunity to conduct depositions, obtain and review documents, and develop the factual record. Requiring a premature response at this juncture risks incomplete or misleading disclosures, may prejudice StratAir's ability to develop its defense as discovery unfolds, and would impose a burden disproportionate to the needs of the case at this stage. The phrase "all facts" is inherently boundless and provides no meaningful limitation, making it impossible for StratAir to determine with reasonable certainty when a complete response has been provided. Moreover, the Interrogatory conflates Defendant's factual contentions with its legal positions and theories, rendering the request ambiguous as to whether it seeks purely factual information, legal conclusions, or both.**

ACTIVE:39672346.1

19.   State whether any independent contractors, temporary workers, or staffing agency workers were assigned to perform warehouse or cargo handling work at the Miami warehouse location after his termination in January 2024, and if so, identify each such person, state their age, state their start date, and describe the work they performed.

**ANSWER:   StratAir did not engage independent contractors. To the extent the Interrogatory seeks information regarding independent contractors, it calls for the identification of a category of individuals that does not exist, and no response is possible or required. To the extent the Interrogatory seeks information regarding temporary and/or staffing agency workers, StratAir objects. Plaintiffs' Amended Complaint does not mention independent contractors, temporary workers, or staffing agency workers. Plaintiffs' claims are not based on StratAir allegedly engaging non-employees after January 2024. Plaintiffs allege that "Defendant fired Plaintiffs and other older employees with more seniority, and retained younger employees with less seniority, to perform the same or similar jobs." *See* Amended   Complaint, Paragraphs   51,   86. Therefore, whether contractors, temporary   workers,   or staffing agency   workers were engaged   after   the   Plaintiffs were terminated have   no   bearing   on Plaintiff's   claims   or   any   related   defenses. Notwithstanding the foregoing objection, StratAir does not have records related to any temporary workers or staffing agency workers in its possession, custody, or control.**

20.   State whether the transfers Mr. Laffita experienced between inside and outside work in 2023 were considered or discussed in connection with the decision to terminate him in January 2024, and if so, identify who considered or discussed this, state when it was considered or discussed, describe what was said, and identify all documents reflecting such consideration or discussion.

**ANSWER:   Objection. The Interrogatory assumes facts. Plaintiff Laffita requested to work on the cargo ramp. Plaintiff was not "transferred," as the Interrogatory assumes. StratAir also objects to the characterization of "inside warehouse" and "outside cargo work" as vague and ambiguous.**

21.   State the specific reasons why Defendant contends that Mr. Laffita Ortiz's "performance was unsatisfactory," that Mr. Laffita "showed a negative attitude," was "unwilling to listen to feedback and exhibited careless behavior"; state all facts supporting this contention, identify all specific incidents with dates and witnesses, state whether these alleged performance issues were documented in Mr. Pinto's personnel file before the January 2024 layoff decision, state who observed or reported these alleged issues, state whether Mr. Pinto was ever counseled or warned about these alleged issues before his termination, and identify all documents supporting this contention.

**ANSWER:   Objection. This Interrogatory is overly broad and premature in that it effectively asks StratAir to marshal and present the entirety of its factual case in chief in response to a single discovery request.  StratAir also notes that the latter portion of the**

9

**Interrogatory references "Mr. Pinto," but StratAir's answer refers to Plaintiff Laffita Ortiz only.**

<table>
<tr><td>Dated: May 1, 2026</td><td><strong>Nalani Alesia Gordon</strong><br>Roger W. Feicht (Florida Bar No. 84982)<br>rfeicht@gunster.com<br>lhagan@gunster.com<br>Nalani Alesia Gordon (Florida Bar No. 1010976)<br>ngordon@gunster.com<br>lmusco@gunster.com<br>GUNSTER YOAKLEY & STEWART, P.A.<br>777 S. Flagler Drive, Suite 500 East<br>West Palm Beach, FL 33401<br>Telephone:  561-655-1980<br>Counsel for Defendant</td></tr>
</table>

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on May 1, 2026, a true and correct copy of the foregoing has been furnished by electronic mail to all parties on the Service List below.

**BRIAN H. POLLOCK, ESQ.**
brian@fairlawattorney.com
**P. BROOKS LAROU, ESQ.**
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, Florida 33146
Counsel for Plaintiffs

/s/ Nalani Alesia Gordon
Nalani Alesia Gordon

ACTIVE:39672346.1

## **VERIFICATION**

**I declare under penalty of perjury that the foregoing is true and correct. Executed on** 4/30/2026 **, 2026.**

STRATAIR AVIATION SERVICES LLC

*Andres Gonzalez*

(Signature)

By: Andres Gonzalez

As Its:  Manager & Vice President of Cargo

ACTIVE:39010938.2