Docusign Envelope ID: EFC6CC4F-4EDC-89C2-8114-2D67202AD626

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-24505-MOORE/ELFENBEIN
(Consolidated with Case No. 1:25-cv-24505-Williams/Lett)

IVAN GRANT,
ALEX LAFFITA ORTIZ,
HENRY PINTO SUMOZA,
EYONNY PRADO DURAN,
LUIS RODRIGUEZ CERUTO, and
LUIS SAME GONZALO,

     Plaintiffs,

vs.

STRATAIR AVIATION
SERVICES, LLC,

     Defendants.

_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF HENRY PINTO SUMOZA'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Defendant, STRATAIR AVIATION SERVICES, LLC. ("StratAir"), by and through its undersigned counsel, hereby responds to Plaintiff HENRY PINTO SUMOZA's First Set of Interrogatories to Defendant under Certificate of Service dated March 18, 2026, by responding as follows:

ACTIVE:39462597.1

## INTERROGATORIES

1)   Please identify each person answering or assisting in answering these interrogatories, and his/her relationship to StratAir, as well as his/her full name, date of birth, social security number, current residential address, and all positions and job titles each such person has held with StratAir during the past five years.

**ANSWER:   Andres Gonzalez, Manager & Vice President of Cargo**

**c/o Roger W. Feicht, Esq.**
**Gunster, Yoakley & Stewart, P.A.**
**777 S. Flagler Drive, Suite 500 East**
**West Palm Beach, Florida 33401**
**561-655-1980**

**To the extent this request seeks additional information, StratAir objects to the request as seeking sensitive personal information (social security numbers, dates of birth, and home residential addresses) that is not relevant to any claim or defense in this action.**

2)   State the specific reason(s) why Plaintiff was selected for termination, state all facts supporting each reason, identify who identified or raised each reason, state whether performance or attendance issues were cited as reasons and if so identify all specific incidents with dates, and identify all documents evidencing each reason.

**ANSWER:   In January 2024, a major customer of StratAir informed StratAir that it had decided to reduce the number of future cargo delivery flights that it would hire StratAir to unload. This was a major blow to StratAir's work in the near future and resulted in an immediate and significant decline in anticipated revenue. As a direct result of its customer's decision, StratAir had too many employees for the projected demand for its services. Given the significant reduction in work to be performed and the associated drop in revenue, StratAir made the reasonable business decision to reduce its workforce in January 2024. StratAir ultimately laid off twenty-eight (28) employees, including Plaintiff. When management considered employees to be included in the necessary layoff, it evaluated the warehouse and cargo handling workforce based on multiple factors, including relative job performance, seniority, and the operational needs of the business. These factors were weighed holistically. As part of this process, Plaintiff was among those selected for inclusion in the reduction in force.**

2

3)   Identify all persons who participated in the decision to terminate Plaintiff, state each person's specific role in the decision, state the date(s) they participated, describe what information they considered, and identify all documents they reviewed or created in connection with the decision.

> **ANSWER:   Gisela Barrera and Armando Portales Viera, in consultation with warehouse supervisors and their own observations, made the decision to recommend the termination of Plaintiff to Jorge Corral.**

4)   State Plaintiff's official job title(s) and position classification(s) during his employment with Defendant, including: (a) each job title held; (b) the dates during which he held each title; (c) the department or division to which he was assigned; and (d) the shift(s) he regularly worked; and (e) identify all individuals who held a supervisory or managerial position over Plaintiff at any time during his employment, and for each such individual, state their full name, job title, and the dates during which they supervised Plaintiff.

> **ANSWER:   Plaintiff Pinto was hired by StratAir in July 2019 as a Warehouse Handler. Plaintiff's job duties involved unloading cargo containers from aircraft, unloading packages from cargo containers, sorting unloaded packages into gaylord boxes, loading gaylord boxes into trucks for subsequent delivery, along with the reverse process for unloading delivery trucks, sorting the cargo into containers for loading onto aircraft, and loading the cargo containers onto the aircraft. When StratAir's security guard was absent from work, Plaintiff would also fill in and work as a security guard watching a particular entrance. Plaintiff worked the day shift. Jose Alverio supervised Plaintiff.**

5)   State whether Defendant contends that Plaintiff's position was eliminated and not refilled, and if so, state whether the job duties and functions previously performed by Plaintiff were reassigned to other employees or independent contractors and to whom, state whether any employee or contractor was hired or engaged to perform the same or substantially similar work after January 2024 and if so identify each such person with their age and start date, and state whether the total headcount of persons (employees plus contractors) performing warehouse, cargo, or security work at the Miami location decreased, remained the same, or increased following the January 2024 layoff.

> **ANSWER:   As a result of the significant reduction in anticipated cargo volume and associated revenue, StratAir reduced the number of employees assigned to warehouse and cargo handling functions. The reduction was a headcount reduction driven by decreased workload and revenue, not an elimination of job classifications. The reduced volume of work no longer required the same staffing levels that had previously been necessary.**

3

6) For each employee or independent contractor who was retained and held the same or similar position as Plaintiff, state their name, age, position, employment status (employee or contractor), supervisor(s), and the reason they were retained instead of terminated.

**ANSWER:   Aggregate data regarding the age and tenure of employees from prior to the RIF in January 2024 will be produced. As it relates to employees, the request seeks detailed personal information of non-party employees who are not involved in this litigation. The names of employees at StratAir are not relevant to any claim or defense in this action. As it relates to independent contractors, StratAir did not engage any independent contractors. To the extent this request seeks further information, StratAir objects.**

7) Identify all independent contractors, temporary workers, or staffing agency workers who performed warehouse work, cargo handling work, or security work at the Miami warehouse location from October 1, 2023 through March 31, 2024, state for each person their age (if known), start date, whether they were working as of January 13, 2024, whether they continued working after January 2024, and whether they were considered for termination as part of the January 2024 reduction in force.

**ANSWER:   Objection. The Interrogatory seeks information that is not relevant to any claim or defense in this action. Plaintiffs' Amended Complaint does not mention independent contractors, temporary workers, or staffing agency workers. In addition, Plaintiffs' claims are not based on StratAir allegedly engaging non-employees after January 2024. Plaintiffs allege that "Defendant fired Plaintiffs and other older employees with more seniority, and retained younger employees with less seniority, to perform the same or similar jobs." *See* Amended Complaint, Paragraphs 51, 86. Therefore, whether contractors, temporary workers, or staffing agency workers were engaged either before or after the Plaintiffs were terminated have no bearing on Plaintiff's claims or any related defenses. Notwithstanding the foregoing objection, StratAir did not engage independent contractors. StratAir does not have records related to any temporary workers or staffing agency workers in its possession, custody, or control.**

4

ACTIVE:39462597.1

8)   State the specific reasons why Defendant contends Mr. Pinto Sumoza "worked unapproved" or was unable to perform cargo unloading work, state all facts supporting this contention, identify all specific incidents with dates and witnesses, state whether these alleged performance issues were documented in Mr. Pinto's personnel file before the January 2024 layoff decision, state who observed or reported these alleged issues, state whether Mr. Pinto was ever counseled or warned about these alleged issues before his termination, and identify all documents supporting this contention.

   **ANSWER:   Objection. This Interrogatory is overly broad and premature in that it effectively asks StratAir to marshal and present the entirety of its factual case in chief in response to a single discovery request. Notwithstanding the foregoing objection, Plaintiff received negative feedback on his work performance. Specifically, Plaintiff received a verbal warning for working overtime shifts without approval, which was a major violation of StratAir's policies. Additionally, Plaintiff was considered by management to be a lower performing Warehouse Handler because of his poor performance and inefficiency with respect to unloading cargo in the time frames expected by management.**

9)   State the specific reasons why Defendant contends Mr. Pinto Sumoza "left his post while covering for security," state all facts supporting this contention, identify all specific incidents with dates and witnesses, state whether these alleged performance issues were documented in Mr. Pinto's personnel file before the January 2024 layoff decision, state who observed or reported these alleged issues, state whether Mr. Pinto was ever counseled or warned about these alleged issues before his termination, and identify all documents supporting this contention.

   **ANSWER:   Objection. This Interrogatory is overly broad and premature in its requests for "all facts" given that discovery is ongoing. Notwithstanding the foregoing objection, Plaintiff received a verbal warning for leaving his post to chat with his coworkers during a shift that he filled in for the security guard.**

10)   State the specific reasons why Defendant contends Mr. Pinto Sumoza "was not considered to be a strong performer," state all facts supporting this contention, identify all specific incidents with dates and witnesses, state whether these alleged performance issues were documented in Mr. Pinto's personnel file before the January 2024 layoff decision, state who observed or reported these alleged issues, state whether Mr. Pinto was ever counseled or warned about these alleged issues before his termination, and identify all documents supporting this contention.

   **ANSWER:   See response to Interrogatory 8 above.**

ACTIVE:39462597.1

11) State whether Mr. Pinto Sumoza complained to StratAir's human resources department, his supervisors Mike, Jose (also known as "Bori"), or any other supervisor or manager on or about January 16, 2024 (after learning of his termination) that he believed he was being terminated because of his age, and if so, identify to whom he complained, state the date and time of each complaint, describe what Mr. Pinto said, identify all witnesses, state who responded to the complaint and what was said, state whether any investigation was conducted, state what action (if any) was taken in response, and identify all documents relating to such complaints.

ANSWER:   Plaintiff did not complain to StratAir's human resources department, his supervisors, or any other manager that he believed he was being terminated because of his age. Because no such complaints were made, the remaining subparts of this Interrogatory are inapplicable.

12) Identify all security guards, warehouse workers, or cargo handlers at the Miami location who had documented performance issues similar to those alleged regarding Mr. Pinto but were NOT selected for termination in the January 2024 layoff, and for each state their name, age, the nature of their performance issues, whether the issues were documented, and why they were retained despite documented issues.

ANSWER:   Objection. This Interrogatory is overly broad and unduly burdensome in that it seeks detailed personal and employment information for all security guards, warehouse workers, and cargo handlers at the Miami location who may have had any form of "documented performance issues similar to those alleged regarding Mr. Pinto" at any point during their employment. StratAir employed a significant number of individuals in these positions at its Miami location at the time of the January 2024 layoff, and the Interrogatory imposes no reasonable limitations on the time frame of the performance history sought or the types of "similar" performance issues at issue. Compiling the requested information would require StratAir to undertake an exhaustive, manual review of personnel files for all security guards, warehouse workers, and cargo handlers at the Miami location, impose significant burden on StratAir's human resources department, and generate a response disproportionate to any legitimate discovery need in this matter. StratAir further objects on the ground that the Interrogatory is impermissibly vague and ambiguous. The phrase "documented performance issues" is vague, and StratAir has no way to meaningfully search for this information or ensure that all responsive categories of information are produced. The phrase "similar to those alleged regarding Mr. Pinto" lacks sufficient specificity to enable StratAir to identify the universe of employees whose records must be searched. Without a clear and agreed-upon definition of what constitutes "similar" performance issues, the Interrogatory calls for StratAir to exercise subjective judgment and speculation. The retention of employees during a reduction in force involves a multifactor analysis implicating business strategy, operational needs, and legal considerations, and compelling StratAir to articulate individualized justifications for each

6

**retention decision is unduly burdensome and invades privileged deliberative processes. StratAir objects on the ground that this Interrogatory is not proportional to the needs of the case, as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. The January 2024 layoff was driven by legitimate business considerations, including operational restructuring, cost reduction, and strategic realignment, and the selection of employees for separation was based on a multifactor analysis that extended well beyond any single performance issue. StratAir objects to the extent this Interrogatory seeks personally identifiable information, including names of nonparty employees who are not parties to this litigation and who have a reasonable expectation of privacy in their personnel records. Disclosure of such information implicates significant privacy concerns and should not be compelled absent a showing of direct relevance and a suitable protective order.**

13) State whether Armando Portales Viera participated in both the decision to hire Mr. Pinto in 2022 and the decision to terminate Mr. Pinto in January 2024, and if so, describe his role in each decision, state what changed between 2022 (when he hired Mr. Pinto) and January 2024 (when he participated in terminating Mr. Pinto), state whether Armando raised any concerns about Mr. Pinto's age (75 years old) in connection with either decision, and identify all documents reflecting Armando's participation in both decisions.

> **ANSWER: Armando Portales Viera may have participated in the decision to hire Plaintiff. Armando Portales participated in the selection of employees for the January 2024 layoff, which included Plaintiff. Neither Plaintiff's age nor the ages of any other employees were raised or considered in connection with either decision.**

14) State whether Mr. Pinto's supervisor Jose (also known as "Bori") participated in both the decision to hire Mr. Pinto in 2022 and the decision to terminate Mr. Pinto in January 2024, and if so, describe his role in each decision, state what changed between 2022 (when he hired Mr. Pinto) and January 2024 (when he participated in terminating Mr. Pinto), state whether Armando raised any concerns about Mr. Pinto's age (75 years old) in connection with either decision, and identify all documents reflecting Armando's participation in both decisions.

> **ANSWER: StratAir supervisors, including Jose Alverio, provided feedback regarding employees' job performance in the selection process for the January 2024 layoff. However, Mr. Alverio was not a decision-maker. StratAir notes that the latter portion of the Interrogatory references "Armando" and not Jose Alverio. However, StratAir states that concerns regarding Plaintiff Pinto's age were not raised in connection with either his hiring or inclusion in the layoff. Because Jose Alverio was not involved in the**

ACTIVE:39462597.1

Docusign Envelope ID: EFC6GC4F-4EDC-89C2-8114-2D67202AD626

decision for the January 2024 layoff, the remaining subparts of this Interrogatory do not require a response.

15) State all facts supporting Defendant's denial that Mr. Pinto was discriminated against based on his age (75 years old at termination), including all evidence Defendant contends demonstrates non-discriminatory reasons for his termination.

ANSWER: **Objection. This Interrogatory is overly broad and premature in that it effectively asks StratAir to marshal and present the entirety of its factual case in chief in response to a single discovery request. The Interrogatory calls upon StratAir to identify "all facts" supporting its position that Plaintiff's termination was not motivated by age, which is tantamount to requiring StratAir to prepare and disclose a comprehensive trial brief at this stage of the litigation. Courts have routinely recognized that contention interrogatories of this nature are more appropriately deferred until the close of fact discovery, after the parties have had a full and fair opportunity to conduct depositions, obtain and review documents, and develop the factual record. Requiring a premature response at this juncture risks incomplete or misleading disclosures, may prejudice StratAir's ability to develop its defense as discovery unfolds, and would impose a burden disproportionate to the needs of the case at this stage. The phrase "all facts" is inherently boundless and provide no meaningful limitation, making it impossible for StratAir to determine with reasonable certainty when a complete response has been provided. Moreover, the Interrogatory conflates StratAir's factual contentions with its legal positions and theories, rendering the request ambiguous as to whether it seeks purely factual information, legal conclusions, or both.**

16) State whether Mr. Pinto's age (75 years old) was considered, discussed, or mentioned by any decision-maker in connection with his January 2024 termination, and if so, identify who considered, discussed, or mentioned it, state when and in what context, describe what was said, and identify all documents reflecting such consideration, discussion, or mention.

ANSWER: **Plaintiff's age was not considered, discussed, or mentioned by any decision-maker in connection with his January 2024 termination. Because no such statements were made, the remaining subparts of this Interrogatory do not require a response.**

8

ACTIVE:39462597.1

17) Identify all security guards, warehouse workers, and cargo handlers employed or engaged at the Miami location from October 2023 through February 2024, and for each state their name, age, employment status (employee or contractor), whether they were selected for termination in the January 2024 layoff, and if terminated the stated reason for selection or if retained the stated reason for retention.

**ANSWER: Objection. This Interrogatory is overbroad and disproportionate to the needs of the case. The layoff at issue occurred in January 2024, yet the Interrogatory demands identification of every security guard, warehouse worker, and cargo handler at the Miami location over a five-month window extending three months before and one month after that event. This sweeps in individuals with no connection to the claims or defenses in this litigation. The Interrogatory demands multi-part responses—name, age, employment status, termination selection, and stated reasons—for every worker in three job categories over five months. The burden of compiling this granular detail substantially outweighs any likely benefit to the resolution of the claims at issue.** *See* **Fed. R. Civ. P. 26(b)(1), (b)(2)(C). StratAir objects to the extent this Interrogatory seeks the names of non-party employees. Disclosure of such personally identifiable information implicates significant privacy interests, and any marginal relevance is outweighed by the privacy concerns of the affected individuals. StratAir objects to the extent this Interrogatory presupposes that StratAir "engaged" independent contractors at its Miami location. StratAir did not engage independent contractors at this location, and the Interrogatory's references to individuals' "employment status (employee or contractor)" therefore does not require a response. This Interrogatory is impermissibly compound. Although styled as a single interrogatory, it contains multiple discrete subparts—identification across three job categories, name, age, employment status, termination selection, and reasons for selection or retention—each calling for a separate investigation. StratAir reserves the right to treat each discrete subpart as a separate interrogatory under the presumptive limit of Federal Rule of Civil Procedure 33(a)(1). Notwithstanding the foregoing objection, aggregate data regarding the age, position, and tenure of employees from prior to the RIF in January 2024 will be produced.**

18) State whether any independent contractors, temporary workers, or staffing agency workers were assigned to perform security, warehouse, or cargo handling work at the Miami location after Mr. Pinto's termination in January 2024, and if so, identify each such person, state their age, state their start date, and describe the work they performed.

**ANSWER: StratAir did not engage independent contractors. To the extent the Interrogatory seeks information regarding independent contractors, it calls for the identification of a category of individuals that does not exist, and no response is possible or required. To the extent the Interrogatory seeks information regarding temporary and/or staffing agency workers, StratAir**

ACTIVE:39462597.1

Docusign Envelope ID: EFC6CC4F-4EDC-89C2-8114-2D67202AD626

**objects. Plaintiffs' Amended Complaint does not mention independent contractors, temporary workers, or staffing agency workers. Plaintiffs' claims are not based on StratAir allegedly engaging non-employees after January 2024. Plaintiffs allege that "Defendant fired Plaintiffs and other older employees with more seniority, and retained younger employees with less seniority, to perform the same or similar jobs." *See* Amended Complaint, Paragraphs 51, 86. Therefore, whether contractors, temporary workers, or staffing agency workers were engaged after the Plaintiffs were terminated have no bearing on Plaintiff's claims or any related defenses. Notwithstanding the foregoing objection, StratAir does not have records related to any temporary workers or staffing agency workers in its possession, custody, or control.**

19) State whether the physical demands of Mr. Pinto's position(s) or his ability to meet those demands were considered or discussed in connection with the decision to terminate him in January 2024, and if so, identify who considered or discussed this, state when it was considered or discussed, describe what was said, state whether Mr. Pinto's age was mentioned in connection with physical demands, and identify all documents reflecting such consideration or discussion.

ANSWER:   **Neither the "physical demands of Mr. Pinto's position(s)" nor "his ability to meet those demands were considered or discussed in connection with the decision to terminate Plaintiff. Plaintiff's job performance was discussed. When management considered employees to be included in the necessary layoff, it evaluated the warehouse and cargo handling workforce based on multiple factors, including relative job performance, seniority, and the operational needs of the business. These factors were weighed holistically.**

20) Identify all training provided to supervisors or managers at the Miami location from January 2022 through January 2024 regarding age discrimination, the Age Discrimination in Employment Act (ADEA), how to conduct a reduction in force in compliance with employment laws, or documentation requirements for employment decisions, and for each training state the date, trainer, attendees, and identify all training materials.

ANSWER:   **Objection. This Interrogatory is overly broad and unduly burdensome in that it seeks identification of "all training" across multiple distinct subject matters over a two-year period, without any limitation as to the relevance of such training to the claims or defenses at issue in this litigation. The Interrogatory effectively encompasses any training that touched upon age discrimination, the Age Discrimination in Employment Act, reductions in force, or documentation requirements for employment decisions, regardless of whether such training bears any reasonable connection to the specific employment actions or decisions at issue in this case. Responding to this request as drafted would require StratAir to**

10

ACTIVE:39462597.1

Docusign Envelope ID: EFC6CC4F-4EDC-89C2-8114-2D67202AD626

undertake an exhaustive review of all training records, schedules, sign-in sheets, and related materials across multiple departments and functional areas at the Miami location, imposing a burden disproportionate to the needs of this case. To the extent the Interrogatory seeks information regarding training provided to supervisors or managers who were not involved in the employment decisions at issue, it is not reasonably calculated to lead to the discovery of admissible evidence and seeks information that is neither relevant nor proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). StratAir further objects to this Interrogatory as improperly compound. The Interrogatory purports to be a single question but in fact contains multiple discrete subparts, each of which constitutes a separate interrogatory. Specifically, the Interrogatory asks StratAir to identify (1) all training regarding age discrimination; (2) all training regarding the ADEA; (3) all training regarding how to conduct a reduction in force in compliance with employment laws; and (4) all training regarding documentation requirements for employment decisions. Each of these categories represents a distinct subject matter requiring independent investigation and response. Moreover, for each such training, the Interrogatory further demands identification of the date, trainer, attendees, and all training materials, compounding the burden. StratAir objects that this Interrogatory should be counted as multiple interrogatories for purposes of the applicable interrogatory limits. Defendant objects that the Interrogatory is vague and ambiguous in several respects. The phrase "training provided to supervisors or managers" is undefined and fails to specify whether it encompasses only formal, structured training sessions or also includes informal guidance, coaching, one-on-one discussions, email communications, distribution of written policies, or other forms of instruction or communication. The phrase "documentation requirements for employment decisions" is similarly vague, as it could encompass virtually any internal guidance regarding record-keeping, performance management, or human resources processes, subjects that extend well beyond the scope of the claims in this action. Additionally, the phrase "all training materials" is overbroad and undefined, as it could be construed to include not only formal presentation materials but also handouts, notes, outlines, drafts, emails, and any other documents tangentially associated with a training session.

11

ACTIVE:39462597.1

Docusign Envelope ID: EFC6CC4F-4EDC-89C2-8114-2D67202AD626

Dated: May 1, 2026

**Nalani Alesia Gordon**
Roger W. Feicht (Florida Bar No. 84982)
rfeicht@gunster.com
lhagan@gunster.com
Nalani Alesia Gordon (Florida Bar No. 1010976)
ngordon@gunster.com
lmusco@gunster.com
GUNSTER YOAKLEY & STEWART, P.A.
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone: 561-655-1980
Counsel for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 1, 2026, a true and correct copy of the foregoing has been furnished by electronic mail to all parties on the Service List below.

**BRIAN H. POLLOCK, ESQ.**
brian@fairlawattorney.com
**P. BROOKS LAROU, ESQ.**
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, Florida 33146
Counsel for Plaintiffs

/s/ Nalani Alesia Gordon
Nalani Alesia Gordon

ACTIVE:39462597.1

## VERIFICATION

**I declare under penalty of perjury that the foregoing is true and correct. Executed on**

4/30/2026
_____**.**

STRATAIR AVIATION SERVICES LLC

Signed by:

*Andres Gonzalez*
_____
C18FAD89032445B...
(Signature)

By: Andres Gonzalez

As Its:  Manager & Vice President of Cargo
