UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-24505-MOORE/ELFENBEIN
(Consolidated with Case No. 1:25-cv-24505-Williams/Lett)

IVAN GRANT,
ALEX LAFFITA ORTIZ,
HENRY PINTO SUMOZA,
EYONNY PRADO DURAN,
LUIS RODRIGUEZ CERUTO,
and LUIS SAME GONZALO,

     Plaintiffs,

vs.

STRATAIR AVIATION
SERVICES, LLC,

     Defendants.

_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF EYONNY PRADO DURAN'S
FIRST SET OF INTERROGATORIES TO DEFENDANT**

Defendant, STRATAIR AVIATION SERVICES, LLC. ("StratAir"), by and through its undersigned counsel, hereby responds to Plaintiff EYONNY PRADA DURAN's First Set of Interrogatories to Defendant under Certificate of Service dated March 18, 2026, by responding as follows:

**INTERROGATORIES**

1)     Please identify each person answering or assisting in answering these interrogatories, and his/her relationship to StratAir, as well as his/her full name, date of birth, social security number, current residential address, and all positions and job titles each such person has held with StratAir during the past five years.

**ANSWER:**   **Andres Gonzalez, Manager & Vice President of Cargo**

**c/o Roger W. Feicht, Esq.**
**Gunster, Yoakley & Stewart, P.A.**
**777 S. Flagler Drive, Suite 500 East**
**West Palm Beach, Florida 33401**
**561-655-1980**

**To the extent this request seeks additional information, StratAir objects to the request as seeking sensitive personal information (social security numbers, dates of birth, and home residential addresses) that is not relevant to any claim or defense in this action.**

2)   State the specific reason(s) why Plaintiff was selected for termination, state all facts supporting each reason, identify who identified or raised each reason, state whether performance or attendance issues were cited as reasons and if so identify all specific incidents with dates, and identify all documents evidencing each reason.

   **ANSWER:    In January 2024, a major customer of StratAir informed StratAir that it had decided to reduce the number of future cargo delivery flights that it would hire StratAir to unload. This was a major blow to StratAir's work in the near future and resulted in an immediate and significant decline in anticipated revenue. As a direct result of its customer's decision, StratAir had too many employees for the projected demand for its services. Given the significant reduction in work to be performed and the associated drop in revenue, StratAir made the reasonable business decision to reduce its workforce in January 2024. StratAir ultimately laid off twenty-eight (28) employees, including Plaintiff. When management considered employees to be included in the necessary layoff, it evaluated the warehouse and cargo handling workforce based on multiple factors, including relative job performance, seniority, and the operational needs of the business. These factors were weighed holistically. As part of this process, Plaintiff was among those selected for inclusion in the reduction in force.**

3)   Identify all persons who participated in the decision to terminate Plaintiff, state each person's specific role in the decision, state the date(s) they participated, describe what information they considered, and identify all documents they reviewed or created in connection with the decision.

   **ANSWER:    Gisela Barrera and Armando Portales Viera, in consultation with warehouse supervisors and their own observations, made the decision to recommend the termination of Plaintiff to Jorge Corral.**

4)   State Plaintiff's official job title(s) and position classification(s) during his employment with Defendant, including: (a) each job title held; (b) the dates during which he held each title; (c) the department or division to which he was assigned; and (d) the shift(s) he regularly worked; and (e) identify all individuals who held a supervisory or managerial position over Plaintiff at any time during his employment, and for each such individual, state their full name, job title, and the dates during which they supervised Plaintiff.

   **ANSWER:    Plaintiff was hired by StratAir in late June 2023 as a Warehouse Handler. Plaintiff's job duties involved unloading cargo containers from aircraft, unloading packages from cargo containers, sorting unloaded packages into gaylord boxes, loading**

2

**gaylord boxes into trucks for subsequent delivery, along with the reverse process for unloading delivery trucks, sorting the cargo into containers for loading onto aircraft, and loading the cargo containers onto the aircraft. Plaintiff worked the day shift, and his supervisor was Jose Alverio.**

5) State whether Defendant contends that Plaintiff's position was eliminated and not refilled, and if so, state whether the job duties and functions previously performed by Plaintiff were reassigned to other employees or independent contractors and to whom, state whether any employee or contractor was hired or engaged to perform the same or substantially similar work after January 2024 and if so identify each such person with their age and start date, and state whether the total headcount of persons (employees plus contractors) performing warehouse, cargo, or security work at the Miami location decreased, remained the same, or increased following the January 2024 layoff.

**ANSWER:    As a result of the significant reduction in anticipated cargo volume and associated revenue, StratAir reduced the number of employees assigned to warehouse and cargo handling functions. The reduction was a headcount reduction driven by decreased workload and revenue, not an elimination of job classifications. The reduced volume of work no longer required the same staffing levels that had previously been necessary.**

6) For each employee or independent contractor who was retained and held the same or similar position as Plaintiff, state their name, age, position, employment status (employee or contractor), supervisor(s), and the reason they were retained instead of terminated.

**ANSWER:    Aggregate data regarding the age, position, and tenure of employees from prior to the RIF in January 2024 will be produced. As it relates to employees, the request seeks detailed personal information of non-party employees who are not involved in this litigation. The names of employees at StratAir are not relevant to any claim or defense in this action. As it relates to independent contractors, StratAir did not engage any independent contractors. To the extent this request seeks further information, StratAir objects.**

7) State the specific reasons why Defendant contends Mr. Prado Duran was a "problematic employee with poor performance," state all facts supporting this contention, identify all specific incidents with dates and witnesses, state whether these alleged issues were documented in Mr. Prado's personnel file before the January 2024 layoff decision, state whether Mr. Prado was ever counseled, warned, or disciplined about these alleged issues before his termination, and identify all documents supporting this contention.

**ANSWER:    Objection. This Interrogatory is overly broad and premature in that it effectively asks StratAir to marshal and present the entirety of its factual case in chief in response to a single discovery request. The Interrogatory calls upon Defendant to identify "all facts" supporting its position that Plaintiff was a "problematic employee with poor performance," which is tantamount to requiring StratAir to prepare and disclose a comprehensive trial brief at this stage of the litigation. Courts have routinely recognized that contention interrogatories of this nature are more appropriately deferred until the close of fact discovery, after the parties have had a full and fair opportunity to conduct depositions,**

obtain and review documents, and develop the factual record. Requiring a premature response at this juncture risks incomplete or misleading disclosures, may prejudice StratAir's ability to develop its defense as discovery unfolds, and would impose a burden disproportionate to the needs of the case at this stage. The phrase "all facts" is inherently boundless and provides no meaningful limitation, making it impossible for StratAir to determine with reasonable certainty when a complete response has been provided. Moreover, the Interrogatory conflates Defendant's factual contentions with its legal positions and theories, rendering the request ambiguous as to whether it seeks purely factual information, legal conclusions, or both.

8)      State the specific reasons why Defendant contends Mr. Prado Duran "commonly had an excuse not to" perform work as instructed, state all facts supporting this contention, identify all specific incidents with dates, describe what "excuses" Mr. Prado allegedly made when instructed to perform tasks at work, state whether Defendant contends the explanations were false or unacceptable, state whether these alleged incidents were documented before the January 2024 layoff decision, and identify all documents supporting this contention.

**ANSWER:   Objection. This Interrogatory is overly broad and premature in that it effectively asks StratAir to marshal and present the entirety of its factual case in chief in response to a single discovery request. The Interrogatory calls upon Defendant to identify "all facts" supporting its position that Plaintiff " 'commonly had an excuse not to' perform work as instructed," which is tantamount to requiring StratAir to prepare and disclose a comprehensive trial brief at this stage of the litigation. Courts have routinely recognized that contention interrogatories of this nature are more appropriately deferred until the close of fact discovery, after the parties have had a full and fair opportunity to conduct depositions, obtain and review documents, and develop the factual record. Requiring a premature response at this juncture risks incomplete or misleading disclosures, may prejudice StratAir's ability to develop its defense as discovery unfolds, and would impose a burden disproportionate to the needs of the case at this stage. The phrase "all facts" is inherently boundless and provides no meaningful limitation, making it impossible for StratAir to determine with reasonable certainty when a complete response has been provided. Moreover, the Interrogatory conflates Defendant's factual contentions with its legal positions and theories, rendering the request ambiguous as to whether it seeks purely factual information, legal conclusions, or both.**

4

9)      State whether Mr. Prado Duran trained, mentored, or assisted in training any younger or newly hired employees or independent contractors of Defendant during 2023, and if so, identify each individual he trained or assisted, state their age, state the dates of training or assistance, describe what training or assistance he provided, state whether this was at the direction of supervisors or management, state whether any of the individuals he trained were retained following the January 2024 layoff while Mr. Prado was terminated, and identify all documents relating to Mr. Prado's training activities.

**ANSWER:    Plaintiff did not train, mentor, or assist in training any "younger or newly hired employees." StratAir did not engage independent contractors. Because Plaintiff did not provide any such training, mentoring, or assistance, no response to the remaining subparts of the interrogatory is possible or required.**

10)     State whether Mr. Prado Duran complained to his supervisor Lidier or any other supervisor or manager on or about January 14, 2024 (after learning of his termination) that StratAir appeared to be targeting older employees for termination, and if so, identify to whom he complained, state the date and time, describe what Mr. Prado said, identify all witnesses, state who responded and what was said, state whether any investigation was conducted in response, state what corrective action (if any) was taken, and identify all documents relating to this complaint.

**ANSWER:    Plaintiff Prado Duran did not complain to StratAir's management after learning of his termination. Because StratAir did not receive any such complaint, no response is possible or required for the remaining subparts of this Interrogatory.**

11)     State whether any investigation, review, or corrective action was taken in response to Mr. Prado Duran's complaint to his supervisor Lidier regarding older workers being targeted during the January 2024 layoff (if you contend that such a complaint was made), and if so, describe the investigation or review, identify who conducted it, state the findings, state what action was taken, and identify all documents relating to such investigation, review, or action.

**ANSWER:    Plaintiff Prado Duran did not complain to StratAir's management during or after the January 2024 layoff. StratAir objects to this request because it falsely assumes that Plaintiff made a complaint to his supervisor regarding alleged discrimination.**

12)     Identify all employees who performed the same or similar work as Mr. Prado Duran and had documented attendance or performance issues but were NOT selected for termination in the January 2024 layoff, and for each state their name, age, the nature of their issues, whether the issues were documented, and why they were retained despite documented issues.

**ANSWER:    Objection. This Interrogatory is objectionable as overly broad and unduly burdensome. The request that StratAir identify "all employees who performed the same or similar work as Mr. Prado Duran" is vague and overbroad because it fails to define what constitutes "the same or similar work," potentially sweeping in employees**

5

ACTIVE:39465768.1

across multiple departments, job classifications, and geographic locations whose roles may share only superficial similarities with that of Plaintiff. Compiling information responsive to a request of this scope would impose a significant and disproportionate burden on StratAir relative to any probative value the information might have in this litigation. StratAir further objects on the ground that this Interrogatory is impermissibly vague and ambiguous. The terms "same or similar work," "documented attendance or performance issues," and "documented issues" are undefined and susceptible to multiple reasonable interpretations. Without clear parameters, StratAir cannot reasonably determine the scope of employees, conduct, or records implicated by the request. Similarly, the phrase "selected for termination" is ambiguous insofar as it conflates the business decision to eliminate positions in a reduction in force with an individualized termination decision, thereby assuming facts not in evidence regarding the nature and process of the January 2024 layoff. StratAir objects to the extent this Interrogatory seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case pursuant to Federal Rule of Civil Procedure 26(b)(1). The Interrogatory presupposes that the retention of employees with attendance or performance issues is probative of discriminatory or retaliatory motive in connection with Plaintiff's separation. However, comparator evidence is only relevant where the individuals identified are similarly situated in all material respects, and this request makes no effort to limit its scope to such individuals. This Interrogatory fails to satisfy the proportionality requirements of Rule 26(b)(1). The burden and expense of identifying every employee who performed arguably similar work across the organization, reviewing their personnel files for any documented attendance or performance issues, and then explaining the individualized business reasons for their retention vastly outweighs the likely benefit of such information to the resolution of any claim or defense in this matter. The request effectively asks StratAir to audit the personnel records of a potentially large and undefined class of employees and to provide a narrative justification for each retention decision, which is neither a proportional nor an appropriate use of the discovery process. StratAir objects on the ground that this Interrogatory is improperly compound. It seeks multiple discrete categories of information — the identity of employees, their ages, the nature of their attendance or performance issues, whether those issues were documented, and the business rationale for their retention — each of which constitutes a separate interrogatory. To the extent applicable rules limit the number of interrogatories a party may serve, this request should be counted as multiple interrogatories. StratAir objects to the extent this Interrogatory seeks disclosure of confidential personnel information, including but not limited to the names, ages, and disciplinary or performance records of non-party employees. Disclosure of such information implicates the privacy rights of individuals who are not parties to this litigation and should not be compelled absent an appropriate protective order and a demonstration that the information is directly relevant and not obtainable from less intrusive sources. To the extent this Interrogatory calls upon Defendant to state "why" certain employees "were retained

6

ACTIVE:39465768.1

Docusign Envelope ID: 15478290-6B4B-8170-824F-5836A132EA9B

despite documented issues," it improperly seeks contention information and mental impressions regarding Defendant's decision-making processes.

13) State whether Plaintiff's supervisors Jose (also known as "Bori") and/or Wilson participated in the decision to terminate Mr. Prado, and if so, describe each person's specific role in the decision, state when each person participated, describe what each person said or recommended regarding Mr. Prado, state what information each person considered, and identify all documents reflecting their participation.

**ANSWER:    Jose Alverio provided feedback regarding employees' performance to Armando Portales Viera and Gisela Barrera prior to the January 2024 layoff. Wilson Dorada was not involved in the selection process for the January 2024 layoff decision.**

14) State all facts supporting Defendant's denial that Mr. Prado was discriminated against based on his age, including all evidence Defendant contends demonstrates non-discriminatory reasons for his termination.

**ANSWER:    Objection. This Interrogatory is overly broad and premature in that it effectively asks StratAir to marshal and present the entirety of its factual case in chief in response to a single discovery request. The Interrogatory calls upon Defendant to identify "all facts" supporting its position that Plaintiff was discriminated against based on his age, which is tantamount to requiring StratAir to prepare and disclose a comprehensive trial brief at this stage of the litigation. Courts have routinely recognized that contention interrogatories of this nature are more appropriately deferred until the close of fact discovery, after the parties have had a full and fair opportunity to conduct depositions, obtain and review documents, and develop the factual record. Requiring a premature response at this juncture risks incomplete or misleading disclosures, may prejudice StratAir's ability to develop its defense as discovery unfolds, and would impose a burden disproportionate to the needs of the case at this stage. The phrase "all facts" is inherently boundless and provides no meaningful limitation, making it impossible for StratAir to determine with reasonable certainty when a complete response has been provided. Moreover, the Interrogatory conflates Defendant's factual contentions with its legal positions and theories, rendering the request ambiguous as to whether it seeks purely factual information, legal conclusions, or both.**

15) State whether the fact that Mr. Prado trained younger or newly hired employees was considered a positive or negative factor in the decision to terminate him, and if so, identify who considered this, state when it was considered, describe how it was characterized (positive or negative), explain why it was considered positive or negative, and identify all documents reflecting such consideration.

**ANSWER:    Objection. This Interrogatory falsely assumes that Plaintiff trained "younger or newly hired employees." He did not. Because no such training occurred, no response is possible or required.**

ACTIVE:39465768.1

16) Identify all employees and independent contractors of StratAir who performed warehouse or cargo handling work at the Miami location from October 2023 through January 2024, and for each state their name, age, whether they were selected for termination in the January 2024 layoff, and if terminated the stated reason for selection or if retained the stated reason for retention.

**ANSWER:  StratAir did not engage independent contractors during or after Plaintiff's employment. To the extent the Interrogatory seeks information regarding independent contractors, it calls for the identification of a category of individuals that does not exist, and no response is possible or required. StratAir objects to the extent this Interrogatory seeks personally identifiable information, including names of nonparty employees who are not parties to this litigation and who have a reasonable expectation of privacy in their personal and employment information. Disclosure of such information for potentially dozens of individuals implicates significant privacy concerns and should not be compelled absent a particularized showing of direct relevance to Plaintiff's claims and an appropriate protective order governing the use and dissemination of confidential employee information. Aggregate data regarding the age, position, and tenure of employees from prior to the RIF in January 2024 will be produced.**

17) State whether any independent contractors, temporary workers, or staffing agency workers were assigned to perform warehouse or cargo handling work on the same shift Mr. Prado worked after his termination in January 2024, and if so, identify each such person, state their age, state their start date, and describe the work they performed.

**ANSWER:  StratAir did not engage independent contractors. To the extent the Interrogatory seeks information regarding independent contractors, it calls for the identification of a category of individuals that does not exist, and no response is possible or required. To the extent the Interrogatory seeks information regarding temporary and/or staffing agency workers, StratAir objects. Plaintiffs' Amended Complaint does not mention independent contractors, temporary workers, or staffing agency workers. Plaintiffs' claims are not based on StratAir allegedly engaging non-employees after January 2024. Plaintiffs allege that "Defendant fired Plaintiffs and other older employees with more seniority, and retained younger employees with less seniority, to perform the same or similar jobs." *See* Amended Complaint, Paragraphs 51, 86. Therefore, whether contractors, temporary workers, or staffing agency workers were engaged after the Plaintiffs were terminated have no bearing on Plaintiff's claims or any related defenses. Notwithstanding the foregoing objection, StratAir does not have records related to any temporary workers or staffing agency workers in its possession, custody, or control.**

8

ACTIVE:39465768.1

Docusign Envelope ID: 15478290-6B4B-8170-824F-5836A132EA9B

18) State whether StratAir's supervisor Lidier participated in the decision to terminate Mr. Prado or was consulted about the decision, and if so, describe Lidier's role, state when Lidier participated or was consulted, describe what Lidier said or recommended, state what action (if any) Lidier took in response to Mr. Prado's complaint, and identify all documents reflecting Lidier's role or participation.

**ANSWER:** **StratAir's supervisors, including Lidier Leon, provided feedback to Armando Portales Viera and Gisela Barrera to assist with Viera and Barrera's selection for the January 2024 layoff.**

Dated: May 1, 2026

**Nalani Alesia Gordon**
Roger W. Feicht (Florida Bar No. 84982)
rfeicht@gunster.com
lhagan@gunster.com
Nalani Alesia Gordon (Florida Bar No. 1010976)
ngordon@gunster.com
lmusco@gunster.com
GUNSTER YOAKLEY & STEWART, P.A.
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone: 561-655-1980
Counsel for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 1, 2026, a true and correct copy of the foregoing has been furnished by electronic mail to all parties on the Service List below.

**BRIAN H. POLLOCK, ESQ.**
brian@fairlawattorney.com
**P. BROOKS LAROU, ESQ.**
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, Florida 33146
Counsel for Plaintiffs

/s/ Nalani Alesia Gordon
Nalani Alesia Gordon

9

ACTIVE:39465768.1

Docusign Envelope ID: 15478290-6B4B-8170-824F-5836A132EA9B

## <u>VERIFICATION</u>

**I declare under penalty of perjury that the foregoing is true and correct. Executed on** 4/30/2026 .

STRATAIR AVIATION SERVICES LLC

Signed by:

*Andres Gonzalez*

(Signature)

By: Andres Gonzalez

As Its: Manager & Vice President of Cargo

ACTIVE:39010938.2