UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-24505-MOORE/ELFENBEIN
(Consolidated with Case No. 1:25-cv-24505-Williams/Lett)

IVAN GRANT,
ALEX LAFFITA ORTIZ,
HENRY PINTO SUMOZA,
EYONNY PRADO DURAN,
LUIS RODRIGUEZ CERUTO,
and LUIS SAME GONZALO,

     Plaintiffs,

vs.

STRATAIR AVIATION
SERVICES, LLC,

     Defendants.

_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF EYONNY PRADO DURAN'S SECOND SET OF INTERROGATORIES TO DEFENDANT

Defendant, STRATAIR AVIATION SERVICES, LLC. ("StratAir"), by and through its undersigned counsel, hereby responds to Plaintiff EYONNY PRADO DURAN's Second Set of Interrogatories to Defendant under Certificate of Service dated March 18, 2026, by responding as follows:

ACTIVE:39672703.1

## INTERROGATORIES

1) Identify all persons, other than Plaintiffs' attorneys and Defendant's attorneys, who have knowledge of facts relevant to any claim or defense in this litigation, including but not limited to the January 2024 layoff, the decision to terminate any plaintiff in this action, statements by supervisors regarding age, the hiring of contractors or temporary workers, complaints about discrimination, or any of the Plaintiffs' work performance. For each person state: (a) their full name, current employer, job title, and contact information; (b) a summary of the facts about which they have knowledge; (c) whether Defendant has interviewed them or obtained a statement from them, and if so the date and who conducted the interview; (d) whether Defendant expects to call them as a trial witness; and (e) all documents in their possession, custody, or control that are relevant to this litigation.

**ANSWER:   Objection. This Interrogatory is objectionable as overly broad and unduly burdensome. The request that StratAir identify "all persons" who "have knowledge of facts relevant to any claim or defense in this litigation" is virtually unlimited in scope. Taken at face value, this request encompasses any individual within or outside of StratAir's organization who may possess even tangential knowledge of any fact that could conceivably bear on any claim or defense in this multi-plaintiff action. The burden of canvassing the entirety of StratAir's workforce and beyond to identify every such individual, ascertain the scope of their knowledge, compile their contact information, summarize the facts known to each, and catalogue all relevant documents in their possession is grossly disproportionate to the needs of this case. This is particularly true given that the Interrogatory spans at least six broad subject-matter categories — the January 2024 layoff, the decision to terminate any plaintiff, statements by supervisors regarding age, the hiring of contractors or temporary workers, complaints about discrimination, and any plaintiff's work performance — each of which could implicate dozens or even hundreds of individuals across the organization. StratAir further objects on the ground that this Interrogatory is impermissibly vague and ambiguous. The phrase "knowledge of facts relevant to any claim or defense" is not meaningfully bounded because relevance in this context is a legal determination that depends on the claims and defenses as they develop through the course of litigation. Moreover, the phrase "including but not limited to" renders the six enumerated subject-matter categories merely illustrative rather than exhaustive, leaving StratAir to speculate as to the full scope of responsive information sought. The term "statements by supervisors regarding age" is similarly vague insofar as it does not specify a time frame, a context, or whether it encompasses only statements alleged to be discriminatory or any reference to age whatsoever. StratAir objects on the ground that this Interrogatory is improperly compound. For each person identified, it seeks five discrete categories of information: (a) biographical and contact information, (b) a summary of the facts within their knowledge, (c) whether and when Defendant interviewed them**

ACTIVE:39672703.1

or obtained a statement, (d) whether StratAir expects to call them as a trial witness, and (e) all relevant documents in their possession, custody, or control. Each of these subparts constitutes a separate interrogatory. When multiplied across the potentially large number of individuals implicated by the request, the true interrogatory burden far exceeds what is reflected by a single numbered interrogatory. To the extent applicable rules limit the number of interrogatories a party may serve, this request should be counted as multiple interrogatories. StratAir objects to the extent this Interrogatory seeks information protected by the attorney-client privilege and the work product doctrine. Subpart (b), which demands a "summary of the facts about which they have knowledge," necessarily calls upon counsel to disclose the substance of witness interviews, investigative findings, and counsel's assessment of the relevance and significance of particular individuals' knowledge — all of which reflect attorney mental impressions, conclusions, and litigation strategy. Subpart (c), which asks whether StratAir has "interviewed" identified persons or "obtained a statement from them," directly targets the fruits of counsel's litigation preparation and investigation. Subpart (d), which asks whether Defendant "expects to call them as a trial witness," seeks disclosure of StratAir's trial strategy and counsel's evaluation of which witnesses to present at trial. StratAir will not disclose information protected by these privileges. StratAir specifically objects to subpart (d) as premature. The identification of trial witnesses is governed by the Court's Scheduling Order and the applicable rules regarding pretrial disclosures. Requiring StratAir to identify expected trial witnesses at this stage of litigation, before the completion of discovery and dispositive motion practice, is premature and seeks information that is not yet ripe for disclosure. This Interrogatory fails to satisfy the proportionality requirements of Federal Rule of Civil Procedure 26(b)(1). The request effectively asks StratAir to prepare a comprehensive witness directory — complete with contact information, fact summaries, interview histories, trial designations, and document inventories — for every person with any knowledge relevant to any aspect of this litigation. The extraordinary burden and expense of compiling such a directory vastly outweighs the likely benefit of such information, particularly where the Federal Rules already provide mechanisms for the orderly exchange of witness information through initial disclosures under Rule 26(a)(1) and pretrial disclosures under Rule 26(a)(3). StratAir objects to the extent this Interrogatory is duplicative of the parties' initial disclosure obligations under Rule 26(a)(1)(A), which already require disclosure of the name and, if known, the address and telephone number of each individual likely to have discoverable information, along with the subjects of that information, that the disclosing party may use to support its claims or defenses. To the extent this Interrogatory seeks information beyond what is required by Rule 26(a)(1), the incremental burden of providing such information is not justified by any corresponding incremental benefit. StratAir objects to the extent this Interrogatory seeks disclosure of personal contact information and

3

**employment details of non-party individuals, the disclosure of which implicates their privacy interests. Such information should not be compelled absent an appropriate protective order and a showing that the information is directly relevant and not obtainable through less intrusive means.**

2)  Identify all expert witnesses Defendant has retained, consulted, or expects to call at trial in connection with this litigation. For each expert state: (a) their full name, business address, telephone number, and email address; (b) their area of expertise; (c) the subject matter on which they have been retained to provide opinions; (d) whether Defendant expects to call them as a witness at trial; (e) a summary of the opinions they are expected to provide and the factual basis for each opinion; (f) their hourly rate and total compensation for work on this case; (g) all documents, data, and information they have reviewed or relied upon in forming their opinions; and (h) all cases in which they have testified as an expert witness within the past four years, including case name, case number, and court.

**ANSWER:  Objection. StratAir objects to this Interrogatory in its entirety as premature and duplicative of the expert disclosure requirements set forth in Federal Rule of Civil Procedure 26(a)(2). Rule 26(a)(2) establishes a comprehensive framework for the disclosure of expert witness information, including the identity of expert witnesses, written reports containing a complete statement of all opinions and the basis and reasons for them, the facts and data considered, exhibits to be used, the witness's qualifications, a list of all cases in which the witness has testified in the preceding four years, and a statement of the compensation to be paid for the study and testimony. The timing and scope of these disclosures are governed by the Court's scheduling order. This Interrogatory improperly seeks to circumvent that framework by demanding expert-related information outside the schedule established by the Court for expert disclosures. StratAir will provide expert disclosures in accordance with Rule 26(a)(2) and the Court's scheduling order at the appropriate time. StratAir objects to the extent this Interrogatory seeks information protected by the attorney-client privilege and the work product doctrine. The request that StratAir identify all experts it has "retained" or "consulted" — as distinguished from those it "expects to call at trial" — improperly seeks disclosure of consulting experts whose opinions and work product are protected from discovery under Rule 26(b)(4)(D). The identity, opinions, and work of non-testifying consulting experts are shielded from discovery absent exceptional circumstances, and this Interrogatory makes no showing of such circumstances. Furthermore, subpart (c), which asks StratAir to identify "the subject matter on which they have been retained to provide opinions," and subpart (e), which demands "a summary of the opinions they are expected to provide and the factual basis for each opinion," call upon StratAir to disclose attorney mental impressions, litigation strategy, and the substance of communications between counsel and retained experts in advance of the deadlines established for such disclosures. Subpart (g), which seeks**

4

identification of "all documents, data, and information they have reviewed or relied upon in forming their opinions," similarly implicates work product protections to the extent it encompasses materials selected and provided to experts by counsel, reflecting counsel's legal theories and case strategy. This Interrogatory is objectionable as overly broad and unduly burdensome. The request that StratAir identify not only experts it "expects to call at trial" but also all experts it has merely "retained" or "consulted" sweeps far beyond the scope of permissible discovery into expert witnesses. The inclusion of consulting experts — who may have been engaged for preliminary evaluations, background research, or strategic guidance — imposes a burden that is wholly disproportionate to the needs of the case. Moreover, the demand that StratAir compile and produce "all documents, data, and information" reviewed by each expert, together with a comprehensive litigation history spanning four years, constitutes an extraordinary undertaking that is more appropriately addressed through the structured expert disclosure process contemplated by Rule 26(a)(2). StratAir objects on the ground that this Interrogatory is improperly compound. It seeks eight discrete categories of information for each expert identified: (a) contact and identifying information, (b) area of expertise, (c) subject matter of retention, (d) trial witness designation, (e) a summary of opinions and their factual bases, (f) compensation information, (g) all documents, data, and information reviewed, and (h) a four-year testimonial history with case names, numbers, and courts. Each of these subparts constitutes a separate interrogatory. To the extent applicable rules limit the number of interrogatories a party may serve, this request should be counted as multiple interrogatories. This Interrogatory fails to satisfy the proportionality requirements of Rule 26(b)(1). The Federal Rules already mandate comprehensive expert disclosures through Rule 26(a)(2), which are specifically designed to provide the opposing party with the information it needs to prepare for depositions and trial. Requiring StratAir to respond to this Interrogatory in addition to its Rule 26(a)(2) obligations would result in duplicative and wasteful discovery that serves no incremental purpose. The burden and expense of compiling the requested information at this stage — particularly the comprehensive summaries of opinions, catalogues of reviewed materials, and multi-year testimonial histories — vastly outweighs any marginal benefit, given that the same or substantially similar information will be provided through the expert disclosure process at the time designated by the Court. StratAir objects to the extent this Interrogatory seeks disclosure of personal contact information, including email addresses and telephone numbers, of non-party expert witnesses, as well as their compensation arrangements. Disclosure of such information outside the framework established by Rule 26(a)(2) implicates the privacy interests of these individuals and the confidentiality of their business arrangements. Such information should not be compelled absent a showing that it is not obtainable through the ordinary expert disclosure process.

ACTIVE:39672703.1

Dated: May 1, 2026

**Nalani Alesia Gordon**
Roger W. Feicht (Florida Bar No. 84982)
rfeicht@gunster.com
lhagan@gunster.com
Nalani Alesia Gordon (Florida Bar No. 1010976)
ngordon@gunster.com
lmusco@gunster.com
GUNSTER YOAKLEY & STEWART, P.A.
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone:  561-655-1980
Counsel for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 1, 2026, a true and correct copy of the foregoing

has been furnished by electronic mail to all parties on the Service List below.


**BRIAN H. POLLOCK, ESQ.**
brian@fairlawattorney.com
**P. BROOKS LAROU, ESQ.**
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, Florida 33146
Counsel for Plaintiffs

/s/ Nalani Alesia Gordon
Nalani Alesia Gordon

6

ACTIVE:39672703.1