Docusign Envelope ID: E43E5436-BA1D-8287-8221-7A7E156C3001

UNITED STATES DISTRICT COURT SOUTHERN
DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-24505-MOORE/ELFENBEIN
(Consolidated with Case No. 1:25-cv-24505-Williams/Lett)

IVAN GRANT,
ALEX LAFFITA ORTIZ,
HENRY PINTO SUMOZA,
EYONNY PRADO DURAN,
LUIS RODRIGUEZ CERUTO,
and LUIS SAME GONZALO,

      Plaintiffs,

vs.

STRATAIR AVIATION
SERVICES, LLC,

      Defendants.

_____/

### DEFENDANT'S RESPONSE TO PLAINTIFF LUIS RODRIGUEZ CERUTO'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Defendant, STRATAIR AVIATION SERVICES, LLC. ("StratAir"), by and through its undersigned counsel, hereby responds to Plaintiff LUIS RODRIGUEZ CERUTO's First Set of Interrogatories to Defendant under Certificate of Service dated March 18, 2026, by responding as follows:

ACTIVE:39462846.1

## INTERROGATORIES

1)   Please identify each person answering or assisting in answering these interrogatories, and his/her relationship to StratAir, as well as his/her full name, date of birth, social security number, current residential address, and all positions and job titles each such person has held with StratAir during the past five years.

**ANSWER:   Andres Gonzalez, Manager & Vice President of Cargo**

**c/o Roger W. Feicht, Esq.**
**Gunster, Yoakley & Stewart, P.A.**
**777 S. Flagler Drive, Suite 500 East**
**West Palm Beach, Florida 33401**
**561-655-1980**

**To the extent this request seeks additional information, StratAir objects to the request as seeking sensitive personal information (social security numbers, dates of birth, and home residential addresses) that is not relevant to any claim or defense in this action.**

2)   State the specific reason(s) why Plaintiff was selected for termination, state all facts supporting each reason, identify who identified or raised each reason, state whether performance or attendance issues were cited as reasons and if so identify all specific incidents with dates, and identify all documents evidencing each reason.

**ANSWER:    In January 2024, a major customer of StratAir informed StratAir that it had decided to reduce the number of future cargo delivery flights that it would hire StratAir to unload. This was a major blow to StratAir's work in the near future and resulted in an immediate and significant decline in anticipated revenue. As a direct result of its customer's decision, StratAir had too many employees for the projected demand for its services. Given the significant reduction in work to be performed and the associated drop in revenue, StratAir made the reasonable business decision to reduce its workforce in January 2024. StratAir ultimately laid off twenty-eight (28) employees, including Plaintiff. When management considered employees to be included in the necessary layoff, it evaluated the warehouse and cargo handling workforce based on multiple factors, including relative job performance, seniority, and the operational needs of the business. These factors were weighed holistically. As part of this process, Plaintiff was among those selected for inclusion in the reduction in force.**

ACTIVE:39462846.1

3)      Identify all persons who participated in the decision to terminate Plaintiff, state each person's specific role in the decision, state the date(s) they participated, describe what information they considered, and identify all documents they reviewed or created in connection with the decision.

**ANSWER:   Gisela Barrera and Armando Portales Viera, in consultation with warehouse supervisors and their own observations, made the decision to recommend the termination of Plaintiff to Jorge Corral.**

4)      State Plaintiff's official job title(s) and position classification(s) during his employment with Defendant, including: (a) each job title held; (b) the dates during which he held each title; (c) the department or division to which he was assigned; and (d) the shift(s) he regularly worked; and (e) identify all individuals who held a supervisory or managerial position over Plaintiff at any time during his employment, and for each such individual, state their full name, job title, and the dates during which they supervised Plaintiff.

**ANSWER:    Plaintiff was hired by StratAir in June 2022 as a Warehouse Handler. Plaintiff's job duties involved unloading cargo containers from aircraft, unloading packages from cargo containers, sorting unloaded packages into gaylord boxes, loading gaylord boxes into trucks for subsequent delivery, along with the reverse process for unloading delivery trucks, sorting the cargo into containers for loading onto aircraft, and loading the cargo containers onto the aircraft. Plaintiff worked the day shift, and his supervisor was Jose Alverio.**

5)      State whether Defendant contends that Plaintiff's position was eliminated and not refilled, and if so, state whether the job duties and functions previously performed by Plaintiff were reassigned to other employees or independent contractors and to whom, state whether any employee or contractor was hired or engaged to perform the same or substantially similar work after January 2024 and if so identify each such person with their age and start date, and state whether the total headcount of persons (employees plus contractors) performing warehouse, cargo, or security work at the Miami location decreased, remained the same, or increased following the January 2024 layoff.

**ANSWER:    As a result of the significant reduction in anticipated cargo volume and associated revenue, StratAir reduced the number of employees assigned to warehouse and cargo handling functions. The reduction was a headcount reduction driven by decreased workload and revenue, not an elimination of job classifications. The reduced volume of work no longer required the same staffing levels that had previously been necessary.**

3

6)    For each employee or independent contractor who was retained and held the same or similar position as Plaintiff, state their name, age, position, employment status (employee or contractor), supervisor(s), and the reason they were retained instead of terminated.

**ANSWER:    Aggregate data regarding the age, position, and tenure of employees from prior to the RIF in January 2024 will be produced. As it relates to employees, the request seeks detailed personal information of non-party employees who are not involved in this litigation. The names of employees at StratAir are not relevant to any claim or defense in this action. As it relates to independent contractors, StratAir did not engage any independent contractors. To the extent this request seeks further information, StratAir objects.**

7)    State when Defendant first became aware that Mr. Rodriguez Ceruto's wife had been diagnosed with cancer or a serious health condition requiring medical treatment, state the specific date Defendant learned of the diagnosis, identify who at StratAir first learned of it, describe how Defendant became aware, identify who else at StratAir was informed and when each person was informed, and identify all documents reflecting Defendant's knowledge of his wife's condition.

**ANSWER:    StratAir was not aware that Plaintiff Rodriguez Ceruto's wife had been diagnosed with cancer or a serious health condition requiring medical treatment. Plaintiff did disclose that his wife was sick, but StratAir was not aware of any details or seriousness of her condition. StratAir did not become aware of Plaintiff's wife's cancer diagnosis until after Plaintiff's termination. Because StratAir was not aware of the diagnosis, the remaining subparts of this Interrogatory do not require a response.**

8)    Identify all requests for time off, schedule changes, or flexibility that Mr. Rodriguez Ceruto made from January 2023 through January 2024 to assist his wife with medical appointments or treatment, and for each request state the date of the request, to whom the request was made, the reason given for the request, whether the request was granted or denied, if denied the reason for denial, who made the decision to grant or deny the request, and identify all documents relating to each request.

**ANSWER:    StratAir does not have records of Plaintiff requesting time off for his wife's medical condition. However, Plaintiff's PTO requests were granted. Pursuant to Federal Rule of Civil Procedure 33(d), StratAir will produce Plaintiff's relevant time records.**

4

9) State whether Defendant required Mr. Rodriguez Ceruto to provide a doctor's note or medical documentation for his time-off requests related to his wife's medical condition, and if so, state when this requirement was imposed, identify who imposed the requirement, state the reason for imposing this requirement, state whether Mr. Ceruto complied with the requirement, state Defendant's policy regarding when doctor's notes are required for time-off requests, and identify all documents reflecting this requirement.

**ANSWER:** **Plaintiff did not notify StratAir of any serious health condition of his wife. Therefore, the remaining subparts of this Interrogatory do not require a response. StratAir does not have records of Plaintiff requesting time off for his wife's medical condition. As it relates to medical documentation, StratAir's Leaves of Absence policies, including Personal Leave and Family and Medical Leave policies require employees to submit medical certifications. StratAir objects to the extent this Interrogatory assumes that StratAir maintained a practice of selectively requiring or waiving medical documentation for employee time-off requests, or that any such practice was applied in a manner related to age, disability, or the exercise of FMLA rights. StratAir does not, by responding or objecting to this Interrogatory, concede any such facts.**

10) Identify all employees at the Miami warehouse location from January 2023 through January 2024 who requested time off for personal or family medical reasons and were NOT required to provide a doctor's note or medical documentation, and for each state their name, age, position, the reason for their time-off request (if known), whether they were under age 40, whether they were selected for termination in the January 2024 layoff, and the reason they were not required to provide medical documentation.

**ANSWER:** **Objection. This Interrogatory is objectionable as overly broad and unduly burdensome in that it seeks the identification of all employees at the Miami warehouse location who requested time off for personal or family medical reasons over a twelve-month period, without any limitation as to department, job title, reporting structure, or relationship to Plaintiff or the claims and defenses at issue in this action. The Interrogatory effectively demands that StratAir conduct a comprehensive, employee-by-employee audit of its entire Miami warehouse workforce over a full calendar year, cross-referencing time-off requests, documentation requirements, age data, layoff selections, and the individualized reasons underlying each documentation decision. The burden and expense of assembling this information substantially outweighs any likely benefit to the resolution of this matter, particularly given the availability of less burdensome means of obtaining relevant information. Fed. R. Civ. P. 26(b)(1), 26(b)(2)(C). StratAir further objects on the ground that this Interrogatory seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. To the extent Plaintiff seeks to identify comparators for purposes of his**

ACTIVE:39462846.1

Docusign Envelope ID: E43E5436-BA1D-8287-8221-7A7E156C3001

**ADA association, accommodation, or retaliation claims, or his FMLA interference and retaliation claims, the request is not reasonably tailored to elicit information about similarly situated employees. The Interrogatory sweeps in all employees who requested medical-related time off regardless of whether those employees shared Plaintiff's job duties, supervisory chain, or circumstances, and regardless of whether the time-off requests at issue implicated the FMLA or the ADA at all. Casual or short-duration absences for personal illness, for example, are not meaningfully comparable to Plaintiff's claimed need for FMLA-qualifying leave or ADA-related accommodation. Fed. R. Civ. P. 26(b)(1). StratAir objects to the extent this Interrogatory calls for the disclosure of confidential medical information and reasons for time-off requests of non-party employees. StratAir objects to the extent the Interrogatory is vague and ambiguous. The phrase "personal or family medical reasons" is undefined and susceptible to multiple interpretations, as it could encompass FMLA-qualifying serious health conditions, short-term illness, routine medical appointments, or any number of other categories of absence. Similarly, the phrase "required to provide a doctor's note or medical documentation" is ambiguous as to whether it refers to a formal company policy requirement, an informal supervisory request, or the absence of any request whatsoever. This ambiguity renders the Interrogatory incapable of a reasonably certain response. StratAir objects to the extent this Interrogatory assumes that StratAir maintained a practice of selectively requiring or waiving medical documentation for employee time-off requests, or that any such practice was applied in a manner related to age, disability, or the exercise of FMLA rights. StratAir does not, by responding or objecting to this Interrogatory, concede any such facts.**

11)  State whether any supervisor or manager employed by StratAir told Mr. Rodriguez Ceruto that his requests for time off or his absences created "too much work" for others or imposed a burden on operations, and if so, identify who made each statement, state when each statement was made, state the exact words used, identify all witnesses, state Defendant's position regarding whether such statements were made, and identify all documents relating to such statements.

**ANSWER:  No supervisor or manager employed by StratAir told Plaintiff that "his requests for time off or his absences created 'too much work' for others or imposed a burden on operations." Because no such statements were made, no response is required or possible for the remaining subparts of this Interrogatory.**

6

Docusign Envelope ID: E43E5436-BA1D-8287-8221-7A7E156C3001

12) State whether Defendant determined that Mr. Rodriguez Ceruto was eligible for leave under the Family and Medical Leave Act (FMLA) based on his wife's serious health condition, and if so, state when this determination was made, identify who made the determination, state whether Mr. Ceruto was notified of his FMLA eligibility, state when and how he was notified if he was notified or explain why not if he was not notified, state whether any of his absences were designated as FMLA leave, and identify all documents relating to FMLA eligibility determinations for Mr. Ceruto.

**ANSWER: Plaintiff did not disclose any cancer diagnosis or serious health condition of his wife to StratAir. Because no such disclosure was made, no response is possible or required for the remaining subparts of this Interrogatory.**

13) State whether Defendant provided Mr. Rodriguez Ceruto with written notice of his rights under the FMLA, and if so, state when the notice was provided, describe the form of notice, identify who provided the notice, and identify all documents constituting or reflecting the notice provided, or if no notice was provided explain why not and state Defendant's policy regarding when and how FMLA notices must be provided.

**ANSWER: See response to Interrogatory 12 above.**

14) State whether Mr. Rodriguez Ceruto's requests for time off, his absences, or his wife's medical condition were considered, discussed, or mentioned in connection with the decision to terminate him in January 2024, and if so, identify who considered, discussed, or mentioned it, state when it was considered, discussed, or mentioned, describe what was said, state how it affected the termination decision, and identify all documents reflecting such consideration, discussion, or mention.

**ANSWER: StratAir was not aware of his wife's medical condition prior to Plaintiff's termination. To the extent that Plaintiff's absences, which were not for his wife's medical condition according to Plaintiff's own text messages to his supervisor, resulted in Plaintiff receiving a written warning for excessive absenteeism, this documented attendance deficiency was considered in StratAir's evaluation of Plaintiff's overall performance.**

ACTIVE:39462846.1

Docusign Envelope ID: E43E5436-BA1D-8287-8221-7A7E156C3001

15) State whether Defendant considered designating any of Mr. Rodriguez Ceruto's absences in 2023 or 2024 as FMLA-qualifying leave, and if so, state when this was considered, identify who considered it, state what decision was made, state the reasons for the decision, state whether Mr. Ceruto was notified of the decision, and identify all documents relating to this consideration.

**ANSWER:    See response to Interrogatory No. 12 above.**

16) Identify all employees at the Miami warehouse location who were granted FMLA leave, had leave designated as FMLA leave, or requested time off for family medical reasons from January 2023 through January 2024, and for each state their name, age, position, the nature of the medical situation (if known), whether FMLA leave was granted, whether they were selected for termination in the January 2024 layoff, and if terminated the stated reason for selection.

**ANSWER:   Objection. This Interrogatory is objectionable as overly broad and unduly burdensome in that it seeks the identification of all employees at the Miami warehouse location who were granted FMLA leave, had leave designated as FMLA leave, or requested time off for family medical reasons over a twelve-month period, without any limitation as to department, job title, reporting structure, or relationship to Plaintiff or the claims and defenses at issue in this action. The Interrogatory effectively demands that Defendant conduct a comprehensive, facility-wide audit of its entire Miami warehouse workforce over a full calendar year, cross-referencing FMLA leave designations, time-off requests for family medical reasons, medical details, layoff selections, and the individualized reasons underlying each termination decision. The burden and expense of compiling, reviewing, and verifying this information across potentially hundreds of employees substantially outweighs any likely benefit to the resolution of this matter, particularly given the availability of less burdensome means of obtaining relevant information. Fed. R. Civ. P. 26(b)(1), 26(b)(2)(C). Defendant further objects on the ground that this Interrogatory seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. To the extent Plaintiff seeks to identify comparators for purposes of his FMLA interference, failure-to-notify, and retaliation claims, or his ADA association, accommodation, or retaliation claims, the request is not reasonably tailored to elicit information about similarly situated employees. The Interrogatory sweeps in all employees who were granted FMLA leave, had leave designated as FMLA leave, or requested time off for family medical reasons, regardless of whether those employees shared Plaintiff's job duties, supervisory chain, employment circumstances, or the particular basis for Plaintiff's claims. An employee who took FMLA leave for the birth of a child, for example, is not meaningfully comparable to Plaintiff for purposes of evaluating whether Defendant interfered with Plaintiff's FMLA rights, failed to notify Plaintiff of his FMLA rights, or retaliated against Plaintiff for exercising or attempting to exercise those rights. Fed. R. Civ. P. 26(b)(1). Defendant objects to the extent this Interrogatory calls for the disclosure of confidential medical information of non-party employees, including the "nature of the medical situation" underlying each employee's**

ACTIVE:39462846.1

Docusign Envelope ID: E43E5436-BA1D-8287-8221-7AZE156C3001

**FMLA leave or time-off request. The FMLA and its regulations impose specific obligations on employers to maintain the confidentiality of medical information obtained in connection with FMLA leave requests, and compelled disclosure of such information in discovery—without the consent of the affected employees and absent a properly tailored protective order and a showing of substantial need—raises significant privacy concerns that weigh against production. Defendant objects to the extent the Interrogatory is vague and ambiguous. The phrase "requested time off for family medical reasons" is undefined and susceptible to multiple interpretations, as it could encompass FMLA-qualifying serious health conditions, short-term family illness, routine medical appointments for family members, or any number of other categories of absence that may or may not implicate the FMLA. Similarly, the distinction between employees who "were granted FMLA leave" and those who "had leave designated as FMLA leave" is unclear, as FMLA leave designation and the granting of FMLA leave are overlapping and often concurrent employer actions. The phrase "nature of the medical situation" is also ambiguous as to the level of specificity required, ranging from a general category of condition to a detailed medical diagnosis. This ambiguity renders the Interrogatory incapable of a reasonably certain response. Defendant objects to the extent this Interrogatory assumes that Defendant's FMLA leave practices, leave designation decisions, or January 2024 layoff selections were related to employees' exercise or attempted exercise of FMLA rights, or were otherwise motivated by considerations related to Plaintiff's claims under the ADA or the FMLA. Defendant does not, by responding or objecting to this Interrogatory, concede any such facts or any connection between FMLA leave activity and the January 2024 reduction in force.**

17)     State all facts supporting Defendant's denial that Mr. Rodriguez Ceruto was discriminated against based on his association with a person with a disability (his wife's cancer), including all evidence Defendant contends demonstrates non-discriminatory reasons for his termination.

**ANSWER:   Objection. This Interrogatory is overly broad and premature in that it effectively asks StratAir to marshal and present the entirety of its factual case in chief in response to a single discovery request. The Interrogatory calls upon Defendant to identify "all facts" supporting its position that Plaintiff's termination was not motivated by Plaintiff's "association with a person with a disability (his wife's cancer)," which is tantamount to requiring StratAir to prepare and disclose a comprehensive trial brief at this stage of the litigation. Courts have routinely recognized that contention interrogatories of this nature are more appropriately deferred until the close of fact discovery, after the parties have had a full and fair opportunity to conduct depositions, obtain and review documents, and develop the factual record. Requiring a premature response at this juncture risks incomplete or misleading disclosures, may prejudice StratAir's ability to develop its defense as discovery unfolds, and would impose a burden disproportionate to the needs of the case at this stage. The phrases "all facts" and "all evidence" are inherently boundless and provide no meaningful limitation, making it impossible for StratAir**

ACTIVE:39462846.1

Docusign Envelope ID: E43E5436-BA1D-8287-8221-7A7E156C3001

**to determine with reasonable certainty when a complete response has been provided. Moreover, the Interrogatory conflates Defendant's factual contentions with its legal positions and theories, rendering the request ambiguous as to whether it seeks purely factual information, legal conclusions, or both.**

18) State all facts supporting Defendant's denial that Mr. Rodriguez Ceruto's termination violated the Family and Medical Leave Act, including all facts supporting any contention that Mr. Ceruto was not FMLA-eligible, all facts supporting any contention that his wife's condition did not qualify as a serious health condition, all facts supporting any contention that his termination was unrelated to his FMLA requests or his wife's condition, and all evidence Defendant contends demonstrates the termination would have occurred regardless of his FMLA activity.

**ANSWER:   Objection. This Interrogatory is overly broad and premature in that it effectively asks StratAir to marshal and present the entirety of its factual case in chief in response to a single discovery request. The Interrogatory calls upon Defendant to identify "all facts" supporting its position that Plaintiff's termination did not violate the Family and Medical Leave Act, which is tantamount to requiring StratAir to prepare and disclose a comprehensive trial brief at this stage of the litigation. Courts have routinely recognized that contention interrogatories of this nature are more appropriately deferred until the close of fact discovery, after the parties have had a full and fair opportunity to conduct depositions, obtain and review documents, and develop the factual record. Requiring a premature response at this juncture risks incomplete or misleading disclosures, may prejudice StratAir's ability to develop its defense as discovery unfolds, and would impose a burden disproportionate to the needs of the case at this stage. The phrase "all facts" is inherently boundless and provides no meaningful limitation, making it impossible for StratAir to determine with reasonable certainty when a complete response has been provided. Moreover, the Interrogatory conflates Defendant's factual**

ACTIVE:39462846.1

Docusign Envelope ID: E43E5436-BA1D-8287-8221-7A7E156C3001

**contentions with its legal positions and theories, rendering the request ambiguous as to whether it seeks purely factual information, legal conclusions, or both.**

19)     State whether Mr. Rodriguez Ceruto requested any accommodation or assistance from StratAir related to his wife's serious health condition, and if so, describe each request, state when each request was made and to whom, state whether each request was granted or denied, if denied state the reason for denial, identify who made each decision, and identify all documents relating to such requests.

        **ANSWER:     See response to Interrogatory No. 12 above.**

Dated: May 1, 2026

**Nalani Alesia Gordon**
Roger W. Feicht (Florida Bar No. 84982)
rfeicht@gunster.com
lhagan@gunster.com
Nalani Alesia Gordon (Florida Bar No. 1010976)
ngordon@gunster.com
lmusco@gunster.com
GUNSTER YOAKLEY & STEWART, P.A.
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone:  561-655-1980
Counsel for Defendant

## CERTIFICATE OF SERVICE

        I HEREBY CERTIFY that on May 1, 2026, a true and correct copy of the foregoing has been furnished by electronic mail to all parties on the Service List below.

**BRIAN H. POLLOCK, ESQ.**
brian@fairlawattorney.com
**P. BROOKS LAROU, ESQ.**
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, Florida 33146
Counsel for Plaintiffs

                                        /s/ Nalani Alesia Gordon

11

ACTIVE:39462846.1

Docusign Envelope ID: E43E5436-BA1D-8287-8221-7A7E156C3001

Nalani Alesia Gordon

12

ACTIVE:39462846.1

## <u>VERIFICATION</u>

**I declare under penalty of perjury that the foregoing is true and correct. Executed on**
4/30/2026
**.**

STRATAIR AVIATION SERVICES LLC

Signed by:

*Andres Gonzalez*

318FAD89932445B...

(Signature)

By: Andres Gonzalez

As Its: Manager & Vice President of Cargo

ACTIVE:39010938.2