UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-24505-MOORE/ELFENBEIN
(Consolidated with Case No. 1:25-cv-24505-Williams/Lett)

IVAN GRANT,
ALEX LAFFITA ORTIZ,
HENRY PINTO SUMOZA,
EYONNY PRADO DURAN,
LUIS RODRIGUEZ CERUTO,
and LUIS SAME GONZALO,

     Plaintiffs,

vs.

STRATAIR AVIATION
SERVICES, LLC,

     Defendants.

_____/

### DEFENDANT'S RESPONSE TO PLAINTIFF LUIS SAME GONZALO'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Defendant, STRATAIR AVIATION SERVICES, LLC. ("StratAir"), by and through its undersigned counsel, hereby responds to Plaintiff LUIS SAME GONZALO's First Set of Interrogatories to Defendant under Certificate of Service dated March 18, 2026, by responding as follows:

ACTIVE:39462998.1

Docusign Envelope ID: 29F86916-4BDD-8C24-822C-397D9144AE2E

## INTERROGATORIES

1) Please identify each person answering or assisting in answering these interrogatories, and his/her relationship to StratAir, as well as his/her full name, date of birth, social security number, current residential address, and all positions and job titles each such person has held with StratAir during the past five years.

**ANSWER:    Andres Gonzalez, Manager & Vice President of Cargo**

**c/o Roger W. Feicht, Esq.**
**Gunster, Yoakley & Stewart, P.A.**
**777 S. Flagler Drive, Suite 500 East**
**West Palm Beach, Florida 33401**
**561-655-1980**

**To the extent this request seeks additional information, StratAir objects to the request as seeking sensitive personal information (social security numbers, dates of birth, and home residential addresses) that is not relevant to any claim or defense in this action.**

2) State the specific reason(s) why Plaintiff was selected for termination, state all facts supporting each reason, identify who identified or raised each reason, state whether performance or attendance issues were cited as reasons and if so identify all specific incidents with dates, and identify all documents evidencing each reason.

**ANSWER:    In January 2024, a major customer of StratAir informed StratAir that it had decided to reduce the number of future cargo delivery flights that it would hire StratAir to unload. This was a major blow to StratAir's work in the near future and resulted in an immediate and significant decline in anticipated revenue. As a direct result of its customer's decision, StratAir had too many employees for the projected demand for its services. Given the significant reduction in work to be performed and the associated drop in revenue, StratAir made the reasonable business decision to reduce its workforce in January 2024. StratAir ultimately laid off twenty-eight (28) employees, including Plaintiff. When management considered employees to be included in the necessary layoff, it evaluated the warehouse and cargo handling workforce based on multiple factors, including relative job performance, seniority, and the operational needs of the business. These factors were weighed holistically. As part of this process, Plaintiff was among those selected for inclusion in the reduction in force.**

2

3)   State Plaintiff's official job title(s) and position classification(s) during his employment with Defendant, including: (a) each job title held; (b) the dates during which he held each title; (c) the department or division to which he was assigned; and (d) the shift(s) he regularly worked; and (e) identify all individuals who held a supervisory or managerial position over Plaintiff at any time during his employment, and for each such individual, state their full name, job title, and the dates during which they supervised Plaintiff.

**ANSWER:   Plaintiff was hired by StratAir in September 2022 initially as a security guard. However, Plaintiff was quickly transitioned to work as a Warehouse Handler. Plaintiff's job duties involved unloading cargo containers from aircraft, unloading packages from cargo containers, sorting unloaded packages into gaylord boxes, loading gaylord boxes into trucks for subsequent delivery, along with the reverse process for unloading delivery trucks, sorting the cargo into containers for loading onto aircraft, and loading the cargo containers onto the aircraft.**

4)   Identify all persons who participated in the decision to terminate Plaintiff, state each person's specific role in the decision, state the date(s) they participated, describe what information they considered, and identify all documents they reviewed or created in connection with the decision.

**ANSWER:   Gisela Barrera and Armando Portales Viera, in consultation with warehouse supervisors and their own observations, made the decision to recommend the termination of Plaintiff to Jorge Corral.**

5)   State whether Defendant contends that Plaintiff's position was eliminated and not refilled, and if so, state whether the job duties and functions previously performed by Plaintiff were reassigned to other employees or independent contractors and to whom, state whether any employee or contractor was hired or engaged to perform the same or substantially similar work after January 2024 and if so identify each such person with their age and start date, and state whether the total headcount of persons (employees plus contractors) performing warehouse, cargo, or security work at the Miami location decreased, remained the same, or increased following the January 2024 layoff.

**ANSWER:   As a result of the significant reduction in anticipated cargo volume and associated revenue, StratAir reduced the number of employees assigned to warehouse and cargo handling functions. The reduction was a headcount reduction driven by decreased workload and revenue, not an elimination of job classifications. The reduced volume of work no longer required the same staffing levels that had previously been necessary.**

ACTIVE:39462998.1

6) For each employee or independent contractor who was retained and held the same or similar position as Plaintiff, state their name, age, position, employment status (employee or contractor), supervisor(s), and the reason they were retained instead of terminated.

      **ANSWER: Aggregate data regarding the age, position, and tenure of employees from prior to the RIF in January 2024 will be produced. As it relates to employees, the request seeks detailed personal information of non-party employees who are not involved in this litigation. The names of employees at StratAir are not relevant to any claim or defense in this action. As it relates to independent contractors, StratAir did not engage any independent contractors. To the extent this request seeks further information, StratAir objects.**

7) State the specific reasons why Mr. Same Gonzalo was transferred from a Security Guard position to a Warehouse Handler position, identify who made the decision, state when the decision was made, state all facts supporting the decision, state whether the transfer was at Mr. Same's request, state whether the transfer resulted in any change in pay, benefits, or working conditions, and identify all documents relating to this transfer.

      **ANSWER: Plaintiff Same testified at his deposition as follows: "Well, I was there for about five months, approximately, and then an employee, a female employee from Miami-Dade County told me in Spanish to be careful because people were stealing things, they were stealing packages and other things. So I got scared and I spoke with the supervisor to see if he can move me to a regular working in [sic] -- as production worker, not security." To the extent the Interrogatory incorrectly assumes that Plaintiff was involuntarily transferred from a Security Guard position to a Warehouse Handler position, StratAir objects. Because Plaintiff was not transferred, no response is possible or required for the remaining subparts of this Interrogatory.**

8) State the specific reasons why Defendant contends Mr. Same Gonzalo had "unsatisfactory job performance," state all facts supporting this contention, identify all specific incidents with dates and witnesses, state whether these alleged performance issues were documented in Mr. Same Gonzalo's personnel file before the January 2024 layoff decision, state who observed or reported these alleged issues, state whether Mr. Pinto was ever counseled or warned about these alleged issues before his termination, and identify all documents supporting this contention.

      **ANSWER: Objection. This Interrogatory is overly broad and premature in that it effectively asks StratAir to marshal and present the entirety of its factual case in chief in response to a single discovery request. The Interrogatory calls upon Defendant to identify "all facts" supporting its position that Plaintiff's performance was unsatisfactory, which is tantamount to requiring StratAir to prepare and disclose a comprehensive trial brief at this stage of the litigation. Courts have routinely recognized that contention interrogatories of this nature**

Docusign Envelope ID: 29F86916-4BDD-8C24-822C-397D9144AF2E

**are more appropriately deferred until the close of fact discovery, after the parties have had a full and fair opportunity to conduct depositions, obtain and review documents, and develop the factual record. Requiring a premature response at this juncture risks incomplete or misleading disclosures, may prejudice StratAir's ability to develop its defense as discovery unfolds, and would impose a burden disproportionate to the needs of the case at this stage. The phrase "all facts" is inherently boundless and provides no meaningful limitation, making it impossible for StratAir to determine with reasonable certainty when a complete response has been provided. Moreover, the Interrogatory conflates Defendant's factual contentions with its legal positions and theories, rendering the request ambiguous as to whether it seeks purely factual information, legal conclusions, or both.**

9)  State whether Defendant conducted any "investigation" into Mr. Same Gonzalo's work performance, conduct, or suitability for continued employment, and if so, state when the investigation occurred, describe the scope and nature of the investigation, state what prompted the investigation, state the findings of the investigation, state what action was taken based on the findings, state whether the investigation results were considered in the January 2024 termination decision, and identify all documents relating to the investigation.

   **ANSWER: StratAir's supervisors continuously monitored all employees' performance on a daily basis, including Plaintiff's, to ensure efficiency of operations. Plaintiff had only been employed with StratAir for about fourteen months when the January 2024 layoff occurred. During his short employment, Plaintiff's performance in consistently and efficiently unloading cargo was unsatisfactory. Because Plaintiff was not considered a strong performer, he was selected by StratAir's management as one of the employees subject to the layoff.**

ACTIVE:39462998.1

Docusign Envelope ID: 29F86916-4BDD-8C24-822C-397D9144AF2E

10) Describe in detail all interactions between Mr. Same Gonzalo and Defendant's human resources personnel following his termination notification, state the date(s) of the interaction, identify who from HR spoke with Mr. Same, describe what was discussed, state whether Mr. Same raised any concerns about age discrimination, state what response was provided if concerns were raised, state whether any investigation was conducted as a result, and identify all documents relating to this interaction.

**ANSWER:** **Plaintiff did not speak with human resources personnel following his termination. Because no such "interactions" occurred, no response is possible or required for the remaining subparts of this Interrogatory.**

11) State the specific role Gisela Barrera played (if any) in the decision to terminate Mr. Same Gonzalo, state whether she recommended his termination, state whether she participated in evaluating him for the layoff, state whether she was consulted about the decision, describe what information she provided about Mr. Same to decision-makers, state whether she raised any concerns about his age, and identify all documents reflecting her role.

**ANSWER:** **Gisela Barrera and Armando Portales Viera, in consultation with warehouse supervisors and their own observations, made the decision to recommend the termination of Plaintiff to Jorge Corral.**

12) Identify all warehouse handlers or security guards who had performance or conduct issues similar to or more serious than any alleged issues regarding Mr. Same but were NOT selected for termination in the January 2024 layoff, and for each state their name, age, the nature of their issues, whether the issues were documented, and why they were retained despite documented issues.

**ANSWER:** **Objection. This Interrogatory is overly broad and unduly burdensome in that it seeks detailed personal and employment information for potentially hundreds of employees across the entire company who may have any form of "performance or conduct issues similar to or more serious than any alleged issues regarding Mr. Same" at any point during their employment. StratAir employed hundreds of individuals at the time of the January 2024 reduction in force, and the Interrogatory imposes no reasonable limitations on the time frame of the disciplinary or performance history sought, the departments or business units to which it applies, or the types of "similar" conduct or performance issues at issue. Compiling the requested information would require StratAir to undertake an exhaustive, manual review of personnel files for the entire workforce, impose significant burden on StratAir's human resources department, and generate a response disproportionate to any legitimate discovery need in this matter. StratAir further objects on the ground that the Interrogatory is impermissibly vague and ambiguous. The phrase "performance or conduct issues" is vague, and StratAir has no way to meaningfully search for this information or ensure that all responsive categories of information are produced. The phrase "similar to or more serious than any alleged issues regarding Mr. Same" lacks sufficient specificity to enable StratAir to identify the universe of employees whose records must be**

6

ACTIVE:39462998.1

Docusign Envelope ID: 29F86916-4BDD-8C24-822C-397D9144AF2E

searched. Without a clear and agreed-upon definition of what constitutes "similar" conduct or performance issues, the Interrogatory calls for StratAir to exercise subjective judgment and speculation. StratAir objects on the ground that this Interrogatory is not proportional to the needs of the case, as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. The January 2024 reduction in force was driven by legitimate business considerations, including operational restructuring, cost reduction, and strategic realignment, and the selection of employees for separation was based on a multifactor analysis that extended well beyond any single disciplinary event. StratAir objects to the extent this Interrogatory seeks personally identifiable information, including names of nonparty employees who are not parties to this litigation and who have a reasonable expectation of privacy in their personnel records. Disclosure of such information implicates significant privacy concerns and should not be compelled absent a showing of direct relevance and a suitable protective order.

13)   State all facts supporting Defendant's denial that Mr. Same was discriminated against based on his age, including all evidence Defendant contends demonstrates non-discriminatory reasons for his termination.

ANSWER:   Objection. This Interrogatory is overly broad and premature in that it effectively asks StratAir to marshal and present the entirety of its factual case in chief in response to a single discovery request. The Interrogatory calls upon Defendant to identify "all facts" supporting its position that Plaintiff's termination was not motivated by age, which is tantamount to requiring StratAir to prepare and disclose a comprehensive trial brief at this stage of the litigation. Courts have routinely recognized that contention interrogatories of this nature are more appropriately deferred until the close of fact discovery, after the parties have had a full and fair opportunity to conduct depositions, obtain and review documents, and develop the factual record. Requiring a premature response at this juncture risks incomplete or misleading disclosures, may prejudice StratAir's ability to develop its defense as discovery unfolds, and would impose a burden disproportionate to the needs of the case at this stage. The phrase "all facts" is inherently boundless and provides no meaningful limitation, making it impossible for StratAir to determine with reasonable certainty when a complete response has been provided. Moreover, the Interrogatory conflates Defendant's factual contentions with its legal

7

**positions and theories, rendering the request ambiguous as to whether it seeks purely factual information, legal conclusions, or both.**

14) State whether Mr. Same's transfer from Security Guard to Warehouse Handler in 2023 was considered or discussed in connection with the decision to terminate him in January 2024, and if so, identify who considered or discussed this, state when it was considered or discussed, describe what was said, explain how the prior transfer affected the termination decision, and identify all documents reflecting such consideration or discussion.

    **ANSWER:   StratAir objects to this request because it assumes facts; specifically, that Plaintiff was transferred from Security Guard to Warehouse Handler in 2023. Plaintiff testified that he requested to change positions from Security Guard to Warehouse Handler. To the extent that the Interrogatory is based on this incorrect premise, no response is possible or required for the remaining subparts of this Interrogatory.**

15) State whether Mr. Same Gonzalo's transfer from Security Guard to Warehouse Handler was undertaken as preparation for or in anticipation of Mr. Same's eventual termination, and if so, state all facts supporting this, identify who made the decision to transfer him and whether termination was discussed at that time, and identify all documents reflecting the purpose or rationale for the transfer.

    **ANSWER:   See response to Interrogatory 7 above.**

16) Identify all security guards employed or engaged at the Miami location from November 2023 through January 2024, and for each state their name, age, employment status (employee or contractor), whether they were selected for termination in the January 2024 layoff, and if terminated the stated reason for selection or if retained the stated reason for retention.

    **ANSWER:   Aggregate data regarding the age, position, and tenure of employees from prior to the RIF in January 2024 will be produced. As it relates to employees, the request seeks detailed personal information of non-party employees who are not involved in this litigation. The names of employees at StratAir are not relevant to any claim or defense in this action. As it relates to independent contractors, StratAir did not engage any independent contractors. Therefore, to the extent this Interrogatory seeks further information, StratAir objects.**

ACTIVE:39462998.1

17)   State whether any independent contractors, temporary workers, or staffing agency workers were assigned to perform warehouse, cargo handling, or security work after his termination in January 2024, and if so, identify each such person, state their age, state their start date, state which type of work they performed (warehouse or security), and describe their job duties.

**ANSWER:   StratAir did not engage independent contractors. To the extent the Interrogatory seeks information regarding independent contractors, it calls for the identification of a category of individuals that does not exist, and no response is possible or required. To the extent the Interrogatory seeks information regarding temporary and/or staffing agency workers, StratAir objects. Plaintiffs' Amended Complaint does not mention independent contractors, temporary workers, or staffing agency workers. Plaintiffs' claims are not based on StratAir allegedly engaging non-employees after January 2024. Plaintiffs allege that "Defendant fired Plaintiffs and other older employees with more seniority, and retained younger employees with less seniority, to perform the same or similar jobs." *See* Amended Complaint, Paragraphs 51, 86. Therefore, whether contractors, temporary workers, or staffing agency workers were engaged after the Plaintiffs were terminated have no bearing on Plaintiff's claims or any related defenses. Notwithstanding the foregoing objection, StratAir does not have records related to any temporary workers or staffing agency workers in its possession, custody, or control.**

18)   State whether Mr. Same Gonzalo's supervisor Javier reported to Gisela Barrera about Mr. Same Gonzalo, and if so, describe what Javier reported, state when such reports were made, state whether Javier's reports influenced the decision to terminate Mr. Same, and identify all documents reflecting Javier's reports or communications about Mr. Same.

**ANSWER:   Supervisor Javier, as with the other StratAir supervisors, provided input regarding employees' performance prior to the January 2024 layoff decision. Supervisors observed the daily performance (i.e., consistency and efficiency in unloading cargo) daily to ensure efficient operations.**

19)   Identify all employees who were transferred from one position to another (such as from Security Guard to Warehouse Handler or vice versa) in 2023 at the Miami location, and for each state their name, age, the positions they transferred from and to, the date of transfer, the reason for the transfer, whether they were selected for termination in the January 2024 layoff, and if terminated the stated reason for selection or if retained the stated reason for retention.

**ANSWER:   Objection. Given Plaintiff's testimony (see response to Interrogatory No. 7 above) information regarding employees "who were transferred from one position to another" has no bearing on any claim or defense in this action. Plaintiff requested to be moved from Security Guard to Warehouse Handler. In addition, the request is overbroad and unduly burdensome in that it seeks detailed personal and employment information for potentially hundreds of**

9

Docusign Envelope ID: 29F86016-4BDD-8C24-822C-397D9144AE2E

**employees across the entire company. StratAir would be required to do a manual check of all records, which would impose a significant burden on StratAir's human resources department and would yield irrelevant information. To the extent the request seeks personal and confidential information regarding non-party employees, including names, StratAir objects. Also, the phrase "from one position to another" is so broad that it potentially covers positions that have nothing to do with the positions held (voluntarily) by Plaintiff.**

Dated: May 1, 2026

**Nalani Alesia Gordon**
Roger W. Feicht (Florida Bar No. 84982)
rfeicht@gunster.com and lhagan@gunster.com
Nalani Alesia Gordon (Florida Bar No. 1010976)
ngordon@gunster.com and lmusco@gunster.com
GUNSTER YOAKLEY & STEWART, P.A.
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone:  561-655-1980
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 1, 2026, a true and correct copy of the foregoing has been furnished by electronic mail to all parties on the Service List below.

**BRIAN H. POLLOCK, ESQ.**
brian@fairlawattorney.com
**P. BROOKS LAROU, ESQ.**
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, Florida 33146
*Counsel for Plaintiffs*

*/s/ Nalani Alesia Gordon*
Nalani Alesia Gordon

ACTIVE:39462998.1

Docusign Envelope ID: 29F86016-4BDD-8C24-822C-397D9144AE2E

## <u>VERIFICATION</u>

**I declare under penalty of perjury that the foregoing is true and correct. Executed on** 4/30/26 **.**

STRATAIR AVIATION SERVICES LLC

Signed by:

*Andres Gonzalez*

318FAD89932445B...

(Signature)

By: Andres Gonzalez

As Its: Manager & Vice President of Cargo

ACTIVE:39010938.2